MICHAEL FEUER, City Attorney (SBN: 111529)
THOMAS H. PETERS, Chief Assistant City Attorney (SBN: 163388)
GABRIEL S. DERMER, Assistant City Attorney (SBN: 229424)
DORA A. GONZALEZ, Deputy City Attorney (SBN: 210947)
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7564
Facsimile (213) 978-7011
dora.gonzalez@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SPINDLER,<br><br>Plaintiff,<br>In Propria Persona<br><br>vs.<br><br><br>CITY OF LOS ANGELES, MATTHEW M. JOHNSON; MITCHELL ENGLANDER; MARQUEECE HARRIS-DAWSON; CHARLIE BECK, STEVE SOBOROFF and Does 1-10,<br><br><br><br>Defendants. | Case No.: 2:16-cv-05655-JLS-E<br><br>Complaint Filed: July 29, 2016<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Honorable Josephine L. Staton]<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (f)**<br><br>Date: May 19, 2017<br>Time: 9:30 a.m.<br>Ctrm: 20, 312 N. Spring St.<br>Hon. Charles F. Eick<br><br>[Filed concurrently with Notice of Motion and Motion, Request for Judicial Notice; and [Proposed] Order] |

# TABLE OF CONTENTS

**Pages[s]**

I.   INTRODUCTION AND ALLEGED FACTS ........................................ 1

II.  LEGAL STANDARDS ........................................................2

III. ARGUMENT IN SUPPORT OF MOTION TO DISMISS ...................4

  A. Plaintiff Fails to Allege a *First Amendment* Claim in
     Either the First or Second Claim for Relief ....................................4

  1. There is No *First Amendment* Claim Arising from Plaintiff's
     Arrest for Failing to Clear at an Unlawful Assembly ...................4

  2. There is No *First Amendment* Claim Arising from the Rules of
     Decorum ...................................................................................7

  B. Plaintiff Fails to Allege A *Fourth Amendment* Claim for False
     Arrest or Excessive Force ........................................................9

  C. Plaintiff Fails to Allege Any *Fifth* or *Eighth Amendment* Claims
     For Lack of Due Process or Cruel and Unusual Punishment ..........10

  1. The *Fifth* and *Eighth Amendment* Claims Arising from Plaintiff's
     Arrest for Failing to Clear at an Unlawful Assembly Fail...........10

  2. There is no *Fifth Amendment* Claim Arising from the Rules of
     Decorum ...................................................................................11

  D. Plaintiff Fails to Allege Any *Fourteenth Amendment* Claims.........12

  E. Plaintiff Fails to Allege a Claim for Violation of *Article I,
     Section 2 of the California Constitution* and No Money Damages
     are Available...................................................................................12

  1. There is No Free Speech Clause Violation when there is no
     *First Amendment* Violation ........................................................12

i

2. No Money Damages for Violation of the Free Speech Clause.....13

F. Plaintiff Fails to Allege a *42 U.S.C. Section 1983* or *Monell*
   Claim ................................................................................14

   1. A *42 U.S.C. Section 1983* Claim Against Individual Defendants
      Fails Without Constitutional Violation or Deprivation of Rights..14

   2. No *Monell* Claim Exists Against Defendant City of Los Angeles
      Without a Policy of Discrimination .............................................14

G. All Defendants are Entitled to Qualified Immunity .......................15

H. Plaintiff is Not Entitled to Punitive Damages From Any
   Defendant ...........................................................................17

IV.   ARGUMENT IN SUPPORT OF MOTION TO STRIKE.....................18

V.   CONCLUSION ..................................................................21

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO
STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)

1
2

# TABLE OF AUTHORITIES

**Page(s)**

3

**Cases**

4
5

*Acosta v. City of Costa Mesa,*
    718 F.3d 800 (9th Cir. 2013) ...................................................................... 9, 15

6
7

*Albright v. Oliver,*
    510 U.S. 266 (1994)........................................................................................ 14

8
9

*Arpin v. Santa Clara Valley Transp. Agency,*
    261 F.3d 912 (9th Cir. 2001) ........................................................................... 9

10
11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).............................................................................. 3, 4, 12

12
13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).............................................................................. 3, 4, 12

14
15

*Bell v. Wolfish,*
    441 U.S. 520 (1979)........................................................................................ 10

16
17

*Branch v. Tunnell,*
    14 F.3d 449 (9th Cir. 1994)............................................................................. 3

18
19

*Burchett v. City of Newport Beach,*
    33 Cal.App.4th 1472 (1995) ........................................................................... 18

20
21

*Cabrera v. City of Huntington Park,*
    159 F.3d 374 (9th Cir. 1998) ......................................................................... 10

22
23

*Carey v. Piphus,*
    435 U.S. 247 (1978)........................................................................................ 14

24

*City of Los Angeles v. Heller,*
    475 U.S. 796 (1986)........................................................................................ 14

25
26

*Colony Cove Properties, LLC v. City of Carson,*
    640 F.3d 948 (9th Cir. 2011) ........................................................................... 3

27
28

*Degrassi v. Cook*
    (2002) 29 Cal.4th 333 ..................................................................................... 13

iii

*Erickson v. Pardus*,
  551 U.S. 89 (2007)..................................................................... 2

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) (overruled on other grounds in
  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994))................................. 18

*Gibson v. United States*,
  781 F.2d 1334 (9th Cir. 1986) ..................................................... 6

*Gooden v. Howard County*,
  954 F.2d 960 (4th Cir. 1992) ...................................................... 16

*Jackson v. City of Bremerton*,
  268 F.3d 646 (9th Cir. 2001) ....................................................... 9

*Johnson v. County of Los Angeles*,
  340 F.3d 787,791 (9th Cir. 2003) ................................................. 15

*Kay v. Ehrler*,
  *499 U.S. 432 (1991)*................................................................ 20

*Kindt v. Santa Monica Rent Control Bd.*,
  67 F.3d 266 (9th Cir. 1995) ..................................................... 7, 8

*Los Angeles Alliance for Survival v. City of Los Angeles*,
  22 Cal.4th 352 (2000) .............................................................. 13

*Michael Hunt v. City of Los Angeles*,
  2012 U.S. Dist. LEXIS 191441 (December 6, 2012) ........................ 7, 8, 20

*Monell v. Dep't of Social Servs. of City of N.Y.*
  436 U.S. 658 (1978)............................................................ 14, 15

*Newport v. Fact Concerts*,
  453 U.S. 247 (1981)................................................................ 18

*Newsome v. EEOC*,
  301 F.3d 227 (5th Cir. 2002) ....................................................... 3

*Nunez v. City of Los Angeles*,
  147 F.3d 867 (9th Cir. 1998) ...................................................... 12

iv

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO
STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

*Pearson v. Callahan*,
   555 U.S. 223 (2009)............................................................. 16

*Sidney-Vinstein v.A.H. Robins Co.*,
   697 F.2d 880 (9th Cir. 1983) ............................................... 4

*Sloman v. Tadlock*,
   21 F.3d 1462 (9th Cir. 1994) ............................................... 6

*Smith v. Wade*,
   461 U.S. 30 (1983)............................................................... 17

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ............................................... 3

*Terry v. Ohio*,
   392 U.S. 1 (1968)................................................................. 9

*United States v. Lopez*,
   482 F.3d 1067 (9th Cir. 2007) ............................................. 10

*Vinatieri v. Mosley*,
   787 F. Supp.2d 1022 (N.D. Cal. 2011) ............................... 6

*White v. City of Norwalk*
   900 F.2d 1421, 1424-26 (9th Cir. 1990)...................... 5, 8,14

**Statutes**

42 U.S.C. Section 1983 ............................................................ *passim*

California Civil Code § 3294 .................................................. 17

California Penal Code Section 409 ................................... 1, 5, 6

California's Brown Act.......................................................... 1, 4

Penal Code section 403 ...................................................... 5, 20

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO
STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

## Other Authorities

First Amendment.................................................................................... passim

Fourth Amendment ........................................................................... 9, 10

Fifth Amendment ............................................................................. 11, 12

Eighth Amendment ..................................................................... 10, 11, 12

Fourteenth Amendment ........................................................................ 12

California Constitution, Article I, Section 2 ...................................... 1,13

Federal Rule of Civil Procedure 12(b)(6) ............................................ 2, 3

Federal Rules of Civil Procedure 12(f) ..................................... 1, 3, 7, 18

https://www.lacity.org/your-government/government-
    information/council-rules.................................................................. 12

Moore's Federal Practice § 12.37 [3] .................................................... 19

5 Charles A. Wright & Arthur R. Miller, *Federal Practice and
    Procedure* § 1382, at 706-07, 711 (1990)) ...................................... 18

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND ALLEGED FACTS

Though not easy to discern from Plaintiff's prolix Complaint, on November 10, 2015, Plaintiff was arrested and charged with violating California Penal Code Section 409 when he failed to disperse after an unlawful assembly was declared by the Los Angeles Police Department ("LAPD") inside the lobby of LAPD headquarters in downtown Los Angeles. (Complaint, p.9, ll.14; Exhibit J, p. 56).[1] The lobby was flooded with persons previously attending a Police Commission Meeting in the same building that was recessed and the meeting room cleared for the disorderly conduct of speakers and audience. (*Id.* p. 8, ll. 22-28.) Plaintiff was not in attendance at the recessed meeting. (*Id*. p. 9, ll.2-4.) Yet, in an effort to dispute the validity of his arrest, Plaintiff distorts the facts and conflates his arrest at the unlawful assembly with the City's use of "Rules of Decorum" ("Rules") at other City Council, Committee and Board Meetings that he repeatedly attends, alleging use and enforcement of the Rules violate California's Brown Act. (See *fn*. 4.) Plaintiff tortures these disparate issues into alleged claims of federal and state constitutional violations of the *First, Fourth, Fifth, Eighth and Fourteenth Amendments* pursuant to *42 U.S.C. Section 1983* and *Article I, Section 2 of the California Constitution*: claims that patently do not exist.

Assuming Plaintiff's "facts" as alleged are true, Plaintiff fails to allege a nexus between his arrest for not leaving an unlawful assembly when so ordered and any constitutional violation prohibiting his speech or any other constitutionally protected right, stemming from a public meeting he did not even attend.  And since there was probable cause for his arrest – to restore order in the LAPD lobby – the subjective motivations of the officers are of no moment. Instead of recognizing that

---

[1] All citations to the Complaint are by page and line number as Plaintiff stopped numbering paragraphs after paragraph 9 on page 6 of the Complaint (60 pages including exhibits.)

1

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

he was in violation of the law, Plaintiff speculates that the arrest was made to silence him. In sum, Plaintiff makes no factual allegations to state a claim upon which relief can be granted.  No Defendant violated any of his constitutional rights.

Plaintiff misuses his Complaint as a vehicle to harass Defendants with scandalous name calling and racial epithets, which Defendants herein also move to strike. The City's Rules are not an impermissible restraint on free speech as Plaintiff alleges (*Id.* at p. 14, ll. 1-2); they are constitutionally proper content-neutral, time, place and manner restrictions for the orderly conduct of business at the City's public meetings. Plaintiff's overbroad and largely incomprehensible Complaint is a threadbare recitation of the elements of frivolously brought claims. The Complaint is repetitive, conclusory, and largely cut-and-pasted from another lawsuit filed years earlier by the other individual, Michael Hunt, arrested alongside Plaintiff at the unlawful assembly. (Complaint, p. 9, l.15.)

Furthermore, the Complaint fails to adequately allege a single fact to support how the individual or official actions of Police Commissioners Johnson and Soboroff, Chief Beck, Council members Englander and Harris-Dawson violated any of Plaintiff's rights or constitute a proper basis for tort liability.[2]

Accordingly, Plaintiff's claims are implausible shams that fail to state a claim upon which relief can be granted and should be dismissed with prejudice.

## II.   LEGAL STANDARDS

*Federal Rule of Civil Procedure 12(b)(6)* allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94,

---

[2] Police Commissioners Matthew M. Johnson and Steve Soboroff, Police Chief Charlie Beck, Council Members Mitchell Englander and Marqueece Harris-Dawson along with the City of Los Angeles ("City") are collectively "Defendants."  Plaintiff brings all claims as to all Defendants.

(2007). However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). The Court also need not "accord an assumption of truthfulness to legal conclusions that are not supported by factual allegations in the Complaint or that are contradicted by documents referred to in the Complaint." *Colony Cove Properties, LLC v. City of Carson,* 640 F.3d 948, 957 (9th Cir. 2011) (citing *Ashcroft v. Iqbal* ("*Iqbal*"), 556 U.S. 662, 678 (2009); *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003)). Also, on a motion to dismiss, a court may consider documents whose contents are alleged in a complaint and whose authenticity is not questioned, but which are not physically attached to the complaint. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994).

To provide adequate notice to a defendant, a complaint must be contain sufficient factual content to raise a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 555 (2007). Further, the plaintiff must plead more than bare unsupported conclusions, and state a plausible claim for relief to survive a motion to dismiss. *Iqbal*, *supra*, at p. 679.

Plaintiff's misunderstanding of the law if attributable to his *pro se* status, does not permit him to proceed with plainly invalid claims. *See*, *e.g*., *Newsome v. EEOC*, 301 F.3d 227, 229 (5th Cir. 2002) (affirming District Court's Rule 12(b)(6) dismissal of a *pro se* plaintiff's claims against the EEOC).[3]

*Federal Rule of Civil Procedure 12(f)* states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by

---

[3] This is even more applicable here, as Plaintiff is an attorney in good standing with the California Bar. (Spindler, Wayne: SBN 175982, admitted to the State Bar of California, March 20, 1995.)

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

dispensing with those issues prior to trial." *Sidney-Vinstein v.A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## III.   ARGUMENT IN SUPPORT OF MOTION TO DISMISS

**A. Plaintiff Fails to Allege a *First Amendment* Claim in Either the First or Second Claim for Relief.**

### 1.   There is No *First Amendment* Claim Arising from Plaintiff's Arrest for Failing to Clear at an Unlawful Assembly

Plaintiff alleges that all Defendants violated his *First Amendment* rights because he and another individual were arrested for failing to disperse after an unlawful assembly was declared and that said arrest prevented him from attending a, "PUBLIC MEETING UNDER THE BROWN ACT".[4] (Complaint, p.8, ll. 22-28; p.9, ll. 1-19.)  But Plaintiff does not allege he attended the meeting, as he "arrived late" and was "checking in the lobby" (Complaint, p. 9, ll.2-4) Plaintiff alleges "the illegal arrest and expulsion of Plaintiff from the Public Meetings, [sic] which thereby denied him the right to attend." (Complaint, p. 18, ll. 8-10.) And further alleges, "Plaintiff's right to freedom of speech and freedom of assembly will continue to be violated." (Complaint, p. 18, ll. 18-19.)  But the facts alleged show it was Plaintiff's refusal to leave the area when ordered to by LAPD that resulted in his arrest, nothing more.

Under *Twombly* and *Iqbal*, Plaintiff's *First Amendment* allegations are conclusory, factually unsupported and therefore do not need to be accepted as true. Yet if accepted as true, Plaintiff's allegations are not plausible as the LAPD was

---

[4] Plaintiff alleges in the Complaint, "The Ralph M. Brown Act. This law has been trampled on, not just violated, But TRAMPLED ON, by the Defendant …" (Complaint, p. 7, ll. 4-8) And in every Government Claims for Damages attached to the Complaint, Plaintiff claims only violations of California's Brown Act, (and not the First Amendment) which appear to be the focus of Plaintiff's gripe. (Complaint Exhibits, pp. 25, 30, 35-6, 38-9, 43, )  The *Ralph M. Brown Act, Cal. Gov't Code sections 54950-54961*, governs the conduct of public commission, board, and council meetings.

removing *all* persons, not just Plaintiff, from the LAPD lobby after declaring an unlawful assembly. Plaintiff was not targeted to suppress his speech and he was not the only person resisting the order to disperse. In fact, Plaintiff alleges that another individual, Mr. Michael Hunt ("Hunt"), was also arrested. And as to Mr. Hunt, Plaintiff proudly states, "This is the same Hunt as in Hunt v City of Los Angeles, 683 F.3d 703 (9th Cir. 2011)" [5] (Complaint p. 9, l. 14.)

Further, at no time does Plaintiff allege that Commissioner Johnson, Commissioner Soboroff, Councilmember Englander or Councilmember Harris-Dawson or Chief Beck took any action regarding declaring an unlawful assembly and arresting Plaintiff, suppressing any speech, or that they were even present

_____

[5] Hunt is an activist who has repeatedly sued the City for alleged free speech violations occurring at City Council and/or Committee Meetings or for the constitutionality of City ordinances. In Hunt's 2012 lawsuit (cv-12-07261-DSF-SH) ("Hunt Complaint") (Request for Judicial Notice ("RJN"), Exhibit A.) Hunt challenged his removal and citation – not arrest – for Penal Code section 403 (disturbing public meeting) under the Rules of Decorum of the City's Recreation and Parks Committee for wearing a t-shirt with the language, "Fuck White Niggar [sic] too." The factual similarities to the instant case could not be more different, yet comparison reveals that Plaintiff here, has cut-and-pasted the majority of the allegations from the Hunt Complaint, notwithstanding those stark factual differences. Specifically, Plaintiff's Second Claim for Relief (Complaint, pp.19-21) is verbatim from the Hunt Complaint (except for the removal of one word – Sanders) as is the majority of the First Claim for Relief (Complaint, pp. 18-19), and page upon page of allegations are conclusory recitations of constitutional law and facts drawn directly from the Hunt Complaint. Plaintiff's pleading defects are glaring, for example: 1) Plaintiff claims "Sanders" is liable three times in this Complaint, but Sanders was a Recreation and Parks Commissioner involved in the Hunt matter and is not named in the instant lawsuit. (Complaint, p. 12, 21.);  2) Plaintiff avers Defendants' improperly interpreted Penal Code Section 403, which was at issue in Hunt, but here Plaintiff was arrested for Penal Code 409 and was not cited for disturbing a meeting. (Complaint, p. 18, l. 12.); and 3) Plaintiff prays for injunctive relief based on language of Penal Code section 403, again not at issue here. (Complaint, p. 21, ll. 27-28) Plaintiff cannot recycle Hunt's complaint for different factual circumstances filed years ago, simply because Plaintiff was arrested alongside Hunt. This makes Plaintiff's Complaint a sham pleading.

1  during Plaintiff's arrest. The Complaint is devoid of any facts to suggest liability
2  on the part of these Defendants.

3  In order to demonstrate a *First Amendment* violation, a plaintiff must show
4  that "by his actions [the defendant] deterred or chilled [the plaintiff's] political
5  speech and such deterrence was a substantial or motivating factor in [the
6  defendant's] conduct." *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994).
7  "[A] plaintiff may not recover merely on the basis of a speculative 'chill' due to
8  generalized and legitimate law enforcement initiatives…" *Vinatieri v. Mosley*, 787
9  F. Supp.2d 1022, 1033 (N.D. Cal. 2011); see also, *Gibson v. United States,* 781
10  F.2d 1334, 1388 (9th Cir. 1986).

11  Plaintiff's *First Amendment* claims are not plausible given the allegation that
12  an unlawful assembly was declared.  Here, the LAPD officers had legitimate law
13  enforcement objectives to restore peace and clear the lobby. Officers had probable
14  cause to arrest Plaintiff and anyone else who, after warnings to disperse, refused to
15  leave the premises. Everyone did in fact disperse except for Plaintiff and Hunt who
16  were arrested and charged with violating California Penal Code Section 409.[6]
17  (Complaint p. 9, ll.8-10.)

18  It is not enough for Plaintiff to simply to aver that there was a "speculative
19  chill" to his rights to speak at public meetings. (Complaint, p. 13, ll.14.) *Id.*
20  Furthermore, Plaintiff's own Exhibits to the Complaint contradict this allegation.
21  Plaintiff regularly attends multiple City Council and Committee or Board Meetings
22  and attaches several Government Claims for Damages for alleged violations at
23  many meetings subsequent to his arrest. (Complaint, Exhibits generally; p. 25-26;
24  35-36; 38-39; 43-44.)

25
26
27  ───────────────────

28  [6] California Penal Code section 409 states: "Every person remaining present at the
place of any riot, rout, or unlawful assembly, after the same has been lawfully
warned to disperse, except public officers and persons assisting them in
attempting to disperse the same, is guilty of a misdemeanor."

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO
STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

### 2.   There is No *First Amendment* Claim Arising from the Rules of Decorum

Plaintiff alleges that the City's "Rules of Decorum and their enforcement violate the *First Amendment* because they contain provisions which constitute impermissible prior restraints on speech." (Complaint p. 19, ll. 24-28.) Plaintiff's factual allegations are conclusory, bereft of relevant facts and often unintelligible and largely cut and pasted from another lawsuit. (Complaint, generally, pp. 7-17; *fn*. 5; RJN, Exhibit A, *Hunt* Complaint.) The Second Claim for Relief is nearly verbatim, copied from the Hunt Complaint. (*Id*.) This calls into question the legitimacy of Plaintiff's Second Claim for Relief, casting doubt on the veracity of the entire Complaint. Plaintiff makes general allegations, without specific facts, that at "two L.A. City Committee meetings there has been more misdeeds in violation of Plaintiff's right to free speech and participation." (Complaint, p. 10 ll.24-25) Then Plaintiff goes on a tirade to scandalously disparage Councilmembers Englander and Harris-Dawson.[7] Plaintiff alleges that, "The Defendant [sic] hates the Plaintiff" (Complaint, p. 1. 11.), but this is not a claim, let alone one for a *First Amendment* violation. From the pleading it appears the reverse is true; Plaintiff bears an animus towards Defendants.

Citizens are not entitled to exercise their First Amendment rights whenever and wherever they wish. *See Kindt v. Santa Monica Rent Control Bd*., 67 F.3d 266, 269 (9th Cir. 1995), citing *Adderley v. Florida*, 385 U.S. 39, 47-48 (1966) (trespass statute that prohibits demonstrating on jailhouse grounds does not violate the First Amendment). In the context of the "highly structured nature of city council and city board meetings … limitations on speech at those meetings must be reasonable and viewpoint neutral, but that is all they need to be." *Kindt v. Santa*

---

[7] Below, Defendant moves to strike Plaintiff's redundant, immaterial, impertinent, or scandalous matter." *Federal Rule of Civil Procedure 12(f).*

1    *Monica Rent Control Bd*., *supra,* 67 F.3d 266, at p. 270-71; see also, *White v. City*
2    *of Norwalk* "*City of Norwalk*", 900 F.2d 1421, 1424-26 (9th Cir. 1990)
3    (upholding ejection of a disruptive citizen from a city council meeting under
4    nearly identical decorum regulations[as in *Kindt*] and pointing out that a great deal
5    of discretion must be left to the entity)).
6          It is well established that for government entities to carry out the public
7    business expeditiously and orderly, content-neutral Rules of Decorum are
8    reasonable time, place and manner restrictions of speech as long as narrowly
9    constructed to remove speakers only upon actual disruption. *City of Norwalk,*
10   *supra,* 900 F.2d 1421, at p. 1426. The Rules of Decorum of the Rules of the Los
11   Angeles City Council, are similarly narrowly constructed. No members of the
12   public addressing the Council or Committee "shall engage in any conduct which
13   disrupts the orderly conduct of any Council or Committee meeting." Also, no
14   person in the audience shall engage in "conduct that disrupts the orderly conduct
15   of any Council or Committee meeting" such as, "the utterance of loud, threatening
16   or abusive language, whistling, clapping, stamping of the feet, repeated waiving of
17   arms or other disruptive acts." (RJN, Exhibit B, City Council Rules, Rules of
18   Decorum, pp. 3-5 ¶12 (a)(b).) The City's narrow construction of its Rules of
19   Decorum requiring actual disruption, is facially constitutional. *Id.*; see also,
20   *Michael Hunt v. City of Los Angeles*, ("*Hunt*") 2012 U.S. Dist. LEXIS 191441
21   *15-16 (December 6, 2012) (The Court ruled that the City's Recreation and Park
22   Commission's Rules of Decorum (substantively the same as the Rules at issue
23   here) were facially constitutional and that the *City of Norwalk* was dispositive.
24   When disruption of the meeting is required before attendees can be removed from
25   a public meeting, this is a narrow construction that is plainly constitutional.)[8] [9]
26
27   _____
28   [8] On 12 (b)(6) motion, the Court in *Hunt* dismissed, the facial challenge to the
     Rules of Decorum in the "Second Claim for Relief" of the Hunt Complaint. The

Accordingly, Plaintiff's claim of a First Amendment Violation in either the First or Second Claim for Relief fails and the Defendants' Motion to Dismiss should be granted without leave to amend.

## B.  Plaintiff Fails to Allege A *Fourth Amendment* Claim for False Arrest or Excessive Force.

The *Fourth Amendment* protects against unreasonable searches and seizures. *U.S. Const., 4th Amendment*; *Terry v. Ohio*, 392 U.S. 1 (1968). When effecting an arrest, the *Fourth Amendment* requires that officers use only such force as is "objectively reasonable" under the circumstances. *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001); *Acosta v. City of Costa Mesa*, *supra*, 718 F.3d 800, at p. 826 (9th Cir. 2013).

The only allegation Plaintiff makes is the conclusory statement that "the detention for false arrest on Nov.10, 2015 was excessive force." (Complaint, p. 12, l. 26.)  Officers had a right to touch Plaintiff incident to his arrest yet glaringly absent from the Complaint are *any* allegations of physical injuries being sustained by Plaintiff.  A plaintiff with only allegations of de minimis injury cannot establish an excessive force claim, *see Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001), much less Plaintiff here who alleges no injury allegations whatsoever.

To the extent Plaintiff seeks to claim false arrest under *42. U.S.C. Section 1983*, Plaintiff must demonstrate that there was no probable cause to arrest him. See *Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 (9th Cir. 1998) ("To

---

very same "Second Claim for Relief" that Plaintiff here has cut-and-paste into this Complaint. (See *fn.* 5.)

[9] Plaintiff makes no proper allegations of an "as-applied" challenge to the Rules other than the bare conclusory and confusing statement, "The Defendant hates the Plaintiff and is using suppression tactics against his rights to public participation in a strategic litigatory and vindictive way." (Complaint, p. p.11, ll.11.) This unintelligible pleading is insufficient to support an as-applied challenge.

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

prevail on his § 1983 claim for false arrest ..., [plaintiff] would have to demonstrate that there was no probable cause to arrest him."). The allegations in the Complaint demonstrate probable cause, thus, no false arrest. "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (defining probable cause and explaining that it is an objective standard).

Plaintiff alleges that the police, "called an 'unlawful assembly' and demanded everyone leave within 2 minutes." But instead of leaving, he remained and "demanded that a ruling be made." (Complaint, p. 9, ll.8-11.) It is unclear what ruling Plaintiff demanded, nonetheless, by remaining in the lobby when ordered to leave, he was in violation of the law and objective probable cause existed to arrest him. See *fn*. 6.

Plaintiff cannot establish a false arrest claim, and his bare conclusory allegations of excessive force need not be accepted as true nor is it probable that the arrest itself is excessive force. Plaintiff fails to state any *Fourth Amendment* claim against any Defendant.

**C. Plaintiff Fails to Allege Any *Fifth* or *Eighth Amendment* Claims for Lack of Due Process or Cruel and Unusual Punishment.**

**1.    The *Fifth* and *Eighth Amendment* Claims Arising from Plaintiff's Arrest for Failing to Clear at an Unlawful Assembly Fail**

In *Bell v. Wolfish,* 441 U.S. 520, 536-538 (1979), the United States Supreme Court explained: In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee … Under such circumstances, the Government concededly may detain him to ensure his presence

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.

Plaintiff alleges a violation of due process and cruel and unusual punishment because after his arrest he was "Booked him [sic] into the Metropolitan Detention Center and … 13 ½ hours LATER –PLAINTIFF HAD TO POST BOND AND WAS FINALL [sic] RELEASED." (Complaint, p.9, ll. 24-25; p. 10, ll1-2.) This is inconsistent with Plaintiff's Exhibit J, p.56, which states Plaintiff was arrested at 11:00 a.m. and booked forthwith by 12:30 p.m., within one and a half hours, with bail set at $5,000.  Ultimately, Plaintiff was not charged and convicted thus, no punishment was imposed for purposes of an *Eighth Amendment* challenge. *Id.* at p. 536. (Complaint, Exhibit J, p. 55.) Nonetheless, assuming the allegations as true, Plaintiff's allegations do not rise to the level of a *Fifth* or *Eighth Amendment* Violation when he did not even spend one night in custody. Plaintiff fails to state any constitutional claim against any Defendant during his arrest and detainment as alleged.

## 2.   There is No *Fifth Amendment* Claim Arising from the Rules of Decorum

It is unclear to Defendants as to how the City's Rules of Decorum allegedly violate Plaintiff's right to due process of law.  The Complaint states only that, "The failure to enact laws and rules that give reasonable notice activities [sic] subject to criminal penalties … to guide City officials in applying such laws and rules violates Plaintiff's rights to Due Process under the First, Fourth and Fourteenth Amendments." (Complaint, p.23. ll.4-9) Defendants are left to speculate as to Plaintiff's meaning. Apparently, Plaintiff has not read the very Rules he finds objectionable, which state, "Any person failing to leave Council Chambers or a Committee meeting after being ordered to do so by the Presiding Officer and who willfully resists, delays or obstructs removal by the Sergeant-at-

Arms, may be subject to arrest for violation of the Penal Code or Los Angeles Municipal Code." (RJN, Exhibit B, City Council Rules, Rules of Decorum, ¶12, p.5.) The Rules are posted on the City Council website, available to all persons.[10]

In short, there is no clear statement of why Plaintiff is entitled to any relief. Under *Twombly* and *Iqbal*, Plaintiff's confusing and conclusory allegations need not be accepted as true. Plaintiff's claims against all Defendants for *Fifth* and *Eighth Amendment* violations should be dismissed.

**D.  Plaintiff Fails to Allege Any *Fourteenth Amendment* Claims.**

"The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) citing, *United States v. Salerno,* 481 U.S. 739, 746 (1987) (quoting, *Rochin v. California,* 342 U.S. 165, 172 (1952) (citations and internal quotation marks omitted.) Further, "There is no general liberty interest in being free from capricious government action." *Nunez, supra,* 147 F.3d 867, at 873.  Plaintiff does not allege any discrimination or deprivation of protected liberty interests other than his *Fourth* and *Fifth Amendment* claims, which are subject to dismissal as explained above, not under a separate *Fourteenth Amendment* analysis.

Accordingly, Plaintiff makes no claim for which relief can be given for any violation of his *Fourteenth Amendment* rights and these claims should be dismissed with prejudice.

**E.     Plaintiff Fails to Allege A Claim for Violation of the *Article I, Section 2 of the California Constitution* and No Money Damages are Available.**

    **1.     There is No Free Speech Clause Violation when there is No *First Amendment* Violation**

---

[10] https://www.lacity.org/your-government/government-information/council-rules.

The Rules of Decorum are facially valid under both the *First Amendment* to the *United States Constitution* and *Article I, Section 2 of the California Constitution* because they are content-neutral and reasonable time, place, manner restrictions. *Article I, Section 2 of the California Constitution* ("the Free Speech Clause") provides that, "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." As such, the Free Speech Clause is worded more expansively than the *First Amendment*, however that does not mean that "it is broader than the First Amendment in all its applications." *Los Angeles Alliance for Survival v. City of Los Angeles*, 22 Cal.4th 352, 367 (2000). Indeed, the facial validity analysis is coextensive under both the *First Amendment* and the Free Speech Clause. See *Id*. at pp. 364-369. Thus, the above analysis finding no *First Amendment* violation is fatal to Plaintiff's Claim under the Free Speech provision of the California Constitution.

## 2.  No Money Damages for Violation of the Free Speech Clause

Further, Plaintiff's claims under the Free Speech Clause should be dismissed to the extent he seeks money damages. The state Free Speech Clause does not give rise to claims for damages and therefore Plaintiff's state claims should be dismissed to the extent they seek damages of any kind.  In *Degrassi v. Cook* (2002) 29 Cal.4th 333, the Supreme Court of California ruled that there is no basis to recognize a constitutional tort action for damages for a violation of the state Free Speech Clause. "We conclude that there is no indication in the language of [the free speech clause] nor any evidence in the history of that provision, from which we may find, within that provision, an implied right to seek damages for a violation of the free speech right set out therein." *Id*. at 342. Therefore, Plaintiff's state claims under *Article I, Section 2, of the California Constitution* should be dismissed to the extent that he seeks any kind of monetary damages.

**F.      Plaintiff Fails to Allege a *42 U.S.C. Section 1983* or *Monell* Claim.**

**1.      A *42 U.S.C. Section 1983* Claim Against Individual Defendants Fails Without Constitutional Violation or Deprivation of Rights**

"*Section 1983* 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144, n. 3 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." *Carey v. Piphus,* 435 U.S. 247, 253 (1978) quoting *Imbler v. Pachtman,* 424 U.S. 409, 417 (1976)). As discussed above, Plaintiff has failed to properly allege constitutional violations for which relief can be granted. No *Section 1983* claim of any other discrimination is alleged in the Complaint except for Plaintiff's odd contention that he enjoys *Section 1983* protection because of  "oppression of Plaintiff as a White American by Afro-American and Jewish American City officials in particular." (Complaint, p. 11, ll. 20-21.)

Accordingly, Plaintiff's Complaint should be dismissed on this ground as well.

**2.      No *Monell* Claim Exists Against Defendant City of Los Angeles Without a Policy of Discrimination**

Should the Court determine no viable Constitutional violation is stated in the two claims of relief, then the Court must grant the motion to dismiss the *Monell* claim. A municipality may not be held liable under *Section 1983* where no injury or constitutional violation has occurred.  *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) (holding if a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.).

Here, Plaintiff alleges that the use of Rules of Decorum, are the "policies

1    and practices". (Complaint, p. 4, ll.8-19.) Plaintiff's bare allegation cannot sustain

2    a *Monell* claim. It is abundantly clear that Plaintiff does not want any Rules applied

3    at any City meeting to allow his unfettered speech, yet Plaintiff's dislike of the

4    Rules does not sustain a claim of discrimination from any protected class or any of

5    his claimed violations of his constitutional rights. As discussed above, the Rules

6    are in place for orderly municipal business at public meetings and are

7    constitutionally permitted restrictions. The Rules, therefore, cannot be the basis of

8    any unconstitutional policy or practice. *Monell v. Dep't of Social Servs. of City of*

9    *N.Y.* ("*Monell*") 436 U.S. 658, 691 (1978).)

10          Accordingly, without an official policy of discrimination, there can be no

11   municipal liability for the City in a *Monell* claim and the Complaint in its entirety

12   should be dismissed.

13   **G.      All Defendants are Entitled to Qualified Immunity.**

14          Individual Defendants are entitled to qualified immunity because the Rules

15   of Decorum allegedly being enforced were duly enacted by the City. Here,

16   Council Members and Commissioners are entitled to qualified immunity because

17   as alleged in the Complaint, the Rules of Decorum permit City business to take

18   place in an orderly, constitutionally proper manner. (RJN, Exhibit B) This would

19   be true even if the challenged Rules were not facially invalid, yet as discussed

20   above, they fit squarely as a facially constitutional restraint under *City of Norwalk,*

21   *supra,* 900 F.2d 1421, at p. 425 (see *First Amendment* Discussion above; *fn.* 8.)

22          In *Acosta v. City of Costa Mesa*, *supra*, 718 F.3d 800 at p. 823-24, when a

23   city council enacts an ordinance, officers are entitled to assume that the ordinance

24   is a valid and constitutional exercise of authority. *Id*, citing *Grossman v. City of*

25   *Portland,* 33 F.3d 1200, 1209 (9th Cir. 5 1994). If an officer reasonably relies on

26   the council's duly enacted ordinance, then that officer is entitled to qualified

27   immunity. *Id*. Qualified immunity is a question of law. *Johnson v. County of Los*

28   *Angeles*, 340 F.3d 787,791 (9th Cir. 2003). "[T]he basic purpose of qualified

15

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO
STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

immunity is ... to spare individual officials the burdens and uncertainties of standing trial in those instances where their conduct would strike an objective observer as falling within the range of reasonable judgment." *Gooden v. Howard County*, 954 F.2d 960, 965 (4th Cir. 1992) (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). It "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

In the present case, Individual Defendants Councilmembers Englander and Harris-Dawson are afforded the same protection because the Rules of Decorum are facially valid, and because the Rules were duly enacted under the City's Charter, making it reasonable for them to believe that they were also constitutional.  (RJN, Exhibit B, City Council Rules, Rules of Decorum, p. iii.) Any alleged enforcement of the Rules of Decorum was therefore objectively reasonable and both are entitled to qualified immunity.

With respect to Defendant Commissioners Johnson and Soboroff and Police Chief Beck, all were at the meeting recessed for disturbance on November 10, 2015, but this was before Plaintiff even arrived at police headquarters. Qualified immunity would be applicable to them as well given the enforcement of the Rules. However, as Plaintiff was not present at the meeting, no constitutional violation or any other tort liability can be attributed to these Defendants vis-á-vis Plaintiff. Thus, qualified immunity is available to all individual Defendants named in this lawsuit and all should be dismissed with prejudice.[11]

---

[11] Plaintiff alleges an encounter with Police Commissioner Soberoff at an unspecified date other than his arrest date, wherein Commissioner Soberoff allegedly called Plaintiff, "the worst piece of shit" in the lobby of the LAPD headquarters. (Complaint, p. 10, ll.17-18.) Plainly immaterial, it would be irony at

## H.  Plaintiff is Not Entitled to Punitive Damages From Any Defendant

Putting aside Plaintiff having no valid claims against any Defendant, arguendo, Plaintiff is not entitled to punitive damages. Peppered throughout the Complaint are Plaintiff's conclusory allegations that Defendants "are liable to Plaintiff for an award of punitive [sic] and exemplary damages" or that Defendants acted with "…with evil motive or intent…with malice and oppression." (Complaint, p. 16, ll. 18-19; p. 21, ll.8-10.) These naked claims cannot support an award for punitive damages under state or federal law. A plaintiff may recover punitive damages in an action under *Section 1983* where the defendant's conduct is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Under state law, to sustain a punitive damages claim against the Defendant Police Commissioners, Police Chief and City Councilmembers, Plaintiff must establish by clear and convincing evidence that each Defendant acted with oppression, fraud or malice. "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others. "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights. "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant to thereby deprive a person of property or legal rights or otherwise causing injury. *California Civil Code § 3294.* Plaintiff does not plead any facts to establish that any of the Defendants acted with malice, oppression or fraud to justify an award of punitive damages. Instead, Plaintiff concludes in boilerplate language that all Defendants acted "with malice and oppression."

---

its best if mere speech was somehow considered a *First Amendment* violation of Plaintiff's free speech rights.

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

(Complaint, p. 21, ll.8-10.)  It is well established that pleading "constitutional buzz words" is not sufficient to show entitlement to punitive damages. See *Burchett v. City of Newport Beach,* 33 Cal.App.4th 1472, 1481 (1995) (court found pleading little else than the constitutional "buzz words" insufficient to state due process, equal protection, and property rights claims under Federal Civil Rights Act (42 U.S.C. § 1983) claims).

With respect to the City Defendant, the United States Supreme Court has held that a "municipality is immune from punitive damages under *42 U.S.C. § 1983.*" *Newport v. Fact Concerts,* 453 U.S. 247, 271 (1981).

Plaintiff's conclusory pleading does not entitle him to recover punitive damages against any Defendant, and the City is immune as a matter of law; therefore, Plaintiff's improper prayer for punitive damages should be dismissed.

## IV.    ARGUMENT IN SUPPORT OF MOTION TO STRIKE

Pursuant to *Rule 12(f) of the Federal Rules of Civil Procedure*, a district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

Even assuming that the Complaint contained well-pleaded causes of action, there are several allegations that are redundant, immaterial and scandalous. An immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," while an "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07, 711 (1990))

"'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Moore's Federal Practice* § 12.37 [3] (footnote omitted)

Defendant asks the Court strike the following from the Complaint as either redundant, immaterial or impertinent or scandalous:

1.    Complaint, p. 8, ll. 5-17, including Exhibit C (p. 32-36) and Exhibit J (ll. 52-55) as immaterial.

Plaintiff's allegations of a fire set in 2012-2013 by the Los Angeles Department of Water and Power, a claim which is clearly not relevant to any of the causes of action. Exhibit C cited by plaintiff bears no relation to this allegation as it is a Homeless and Poverty Committee Meeting as well as Exhibit J that appears to be photos of the alleged fire damage are all immaterial to Plaintiff's claims and should be stricken.

2.    Complaint, p. 10, ll. 17-18, as immaterial and scandalous.

Plaintiff's allegation that Steve Soberoff, "threatened Plaintiff in the Lobby of the LAPD HQ after one meeting and called plaintiff a [sic] 'the worst piece of shit' in front of a dozen witnesses." is not relevant to any constitutional claim and made only to impugn the character of Commissioner Soperoff and should be stricken as scandalous and immaterial.

3.    Complaint, p. 10, ll. 26-28, as scandalous and immaterial.

Plaintiff makes a personal attack on Councilmember Englander, "The Councilman Mitchell Englander, who ran for County Board of Supervisors and Finished fifth, has been called a 'dwarf' by many in public comments." This mean-spirited pleading is irrelevant and offensive and should be stricken.

4.    Complaint, p. 11, ll. 8-9, as impertinent or scandalous.

The racially charged language "this conduct was so outrageous that it was compared to a modern day lynching" in relation to an African-American

Council Member is impertinent and scandalous and should be stricken.

5.     Complaint, p. 11, ll. 25-27; p.12, ll. 1-24, as immaterial, impertinent redundant and scandalous.

Staring with "Wearing a hood …" at p.11, ll. 25 and ending with "…to his disadvantage." On p. 12, l.24, this language should be stricken. Not only is it repetitive with immediately preceding language and racially charged; as discussed above, it us cut and pasted from the Hunt Complaint, referring to 'Sanders' not named here but in *Hunt* and should be stricken. (see *fn.* 5.)

6.     Complaint, p. 13, ll. 23-24; p. 14, ll.1-28; p. 15, ll.1-5, as redundant.

Starting with "Comment speakers …" at p.13, l.23 to "…from the Court." At p. 14, ll.27. This language is duplicative of the immediately preceding language and should be stricken.

7.     Complaint, p. 18, ll. 12, as immaterial.

Language from the *Hunt* Complaint, "As Defendants have improperly interpreted and applied Section 403 **in an** [sic]." (see *fn.* 5.)

8.     Complaint, p. 19, ll. 21-28, as impertinent and immaterial.

The entire Second Claim for Damages (with exception of the '$' sign in place of 'S' in the heading (Second Claim), is captured *directly* from the *Hunt* Complaint and should be stricken. Again, Plaintiff pleads for liability against 'Sanders' who is not named here. (see *fn.* 5.)

9.     Complaint, p. 22, ll. 26-28, as immaterial.

Plaintiff brings this action in propria persona and is not entitled to attorney's fees should he prevail. *Kay v. Ehrler, 499 U.S. 432, 437-38 (1991)* (refusing to award attorney's fees to a *pro se* litigant in a *§ 1983* case)

The inclusion of references to old time-barred claims against the DWP, redundant and copied language from another lawsuit along with offensive personal and racially charged attacks would only serve ignoble and prejudicial ends and should be stricken.

## V.    CONCLUSION

For all of the foregoing, Defendants respectfully request the Court grant its Motion to Dismiss this litigation with prejudice as Plaintiff cannot allege a claim upon which relief can be granted, and, additionally and/or alternatively, grant its Motion to Strike.

Dated:  March 9, 2017          Respectfully submitted,

MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Deputy City Attorney
GABRIEL S. DERMER, Assistant City Attorney


By:    _/s/ Dora A. Gonzalez_
          DORA A. GONZALEZ,
          Deputy City Attorney
          Attorneys for Defendants, City of Los Angeles,
          Matthew M. Johnson, Mitchell Englander,
          Marqueece Harris-Dawson, Charlie Beck, and
          Steve Soboroff

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**