MICHAEL FEUER, City Attorney (SBN: 111529)
THOMAS H. PETERS, Chief Assistant City Attorney (SBN: 163388)
GABRIEL S. DERMER, Assistant City Attorney (SBN: 229424)
DORA A. GONZALEZ, Deputy City Attorney (SBN: 210947)
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7564
Facsimile (213) 978-7011
dora.gonzalez@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SPINDLER,<br><br>Plaintiff,<br>In Propria Persona<br><br>vs.<br><br><br>CITY OF LOS ANGELES, MATTHEW M. JOHNSON; MITCHELL ENGLANDER; MARQUEECE HARRIS-DAWSON; CHARLIE BECK, STEVE SOBOROFF and Does 1-10,<br><br><br>Defendants. | Case No.: 2:16-cv-05655-JLS-E<br><br>Complaint Filed: July 29, 2016<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Honorable Josephine L. Staton]<br><br>**DEFENDANTS'REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (f)**<br><br>Date: May 19, 2017<br>Time: 9:30 a.m.<br>Ctrm: 20, 312 N. Spring, LA, CA<br>Hon. Charles F. Eick<br><br>[Filed concurrently with Notice of Motion and Motion; memorandum of Points and Authorities in Support and [Proposed] Order] |

1

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)

## I.   DOCUMENTS SUBJECT TO JUDICIAL NOTICE

Pursuant to *Rule 201 of the Federal Rules of Evidence*, Defendants request Judicial Notice of the following documents, attached hereto:

- **Exhibit A** is a Court record: The original Complaint filed on August 23, 2012, as Docket No. 1 in the case of *Michael Hunt v. City of Los Angeles, et al*., United States District Court for the Central District of California, Case No. 12-07261 DSF (SHx).
- **Exhibit B** is a Public record: The duly enacted and adopted *Rules of the Los Angeles City Council* (including the Rules of Decorum at public meetings) pursuant to the authority set forth in City Charter Section 242.

## II.   JUDICIAL NOTICE IS PROPER

*Rule 201 of the Federal Rules of Evidence* permits judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonable questioned."

Exhibits A and B are proper subjects of judicial notice because a court may properly take judicial notice of "court filings and other matters of public record." *Fed. R. Evid. 201(b)*; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

All records for which Defendants request judicial notice have a direct relation to matters at issue in this case, insofar as Plaintiff alleges a *First Amendment* violation stemming from the Defendants' use of Rules of Decorum ("Rules") at public meetings. Defendant does not attach the document to the Complaint but references and quotes the Rules throughout the Complaint such that Plaintiff cannot question its accuracy. (Complaint, p. 4, ll.15; p.7, ll. 15-23; p.12 (Second Claim for Relief); p.13, ll. 7-10.) *Branch v. Tunnell,* 14 F.3d 449, 453

(9th Cir. 1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned.")

Further, Exhibit A is a record of the Court that relates to allegations in the Complaint regarding Plaintiff's challenge to the Rules in the "Second Claim for Relief" (Complaint, p.19) which is drawn directly from the referenced complaint of Michael Hunt, who was arrested with Plaintiff as alleged in the Complaint. (Complaint, p. 9.)

## III.   CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court take judicial notice of each of the above-listed documents.


Dated:  March 9, 2017,      Respectfully submitted,


MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Deputy City Attorney
GABRIEL S. DERMER, Assistant City Attorney
THOMAS H. PETERS, Chief Deputy City Attorney

By:_____ */s/ Dora A. Gonzalez*
       DORA A. GONZALEZ,
       Deputy City Attorney
       Attorneys for Defendants, City of Los Angeles,
       Matthew M. Johnson, Mitchell Englander,
       Marqueece Harris-Dawson, Charlie Beck, and
       Steve Soboroff

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

# EXHIBIT A

1  ROHDE & VICTOROFF
   STEPHEN F. ROHDE (51446)
2  1880 Century Park East, Ste 411
   Los Angeles, CA  90067
3  Telephone:  (310) 277-1482
   Facsimile:   (310) 277-1485
4
   Attorneys for Plaintiffs MICHAEL HUNT
5

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10 MICHAEL HUNT, **an individual;**        )   CASE NO: **CV12 - 07261** DSF (SHx)
                                           )
11                      Plaintiff,         )
                                           )  **COMPLAINT FOR VIOLATIONS**
12             vs.                         )  **OF FIRST, FIFTH AND**
                                           )  **FOURTEENTH AMENDMENTS**
13 CITY OF LOS ANGELES, a                  )  **AND CALIFORNIA**
14 municipal corporation; LOS             )  **CONSTITUTION,  PURSUANT TO**
   ANGELES CITY  BOARD OF                  )  **42 U.S.C. §1983**
15 RECREATION AND PARKS                    )
16 COMMISSION; and BARRY                   )
17 SANDERS, in his individual and          )
   official capacity;                      )
18                  Defendants             )
                                           )
19                                         )
20 _____        )

21

22

23

24

25

26

27

28

_____1_____

COMPLAINT   42 U.S.C. §1983

**JURISDICTION AND VENUE**

1. As this case involves questions which arise under the U.S. Constitution and the laws of the United States, the jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331. The Court has jurisdiction to issue relief pursuant to the Declaratory Relief Act,  28 U.S.C. § 2201 and 2202. This court has jurisdiction to hear Plaintiffs' pendent state claim through the doctrine of supplemental jurisdiction set forth at  28 U.S.C. § 1367.

2. Venue is proper for the United States District Court for the Central District of California under 28 U.S.C. § 1391 (b).  Defendants reside in the Central District, and the acts and omissions complained of herein have occurred and will occur in the Central District.

**INTRODUCTION**

3. This is an action for damages and injunctive and declaratory relief against Defendant City of Los Angeles (hereinafter "City"), the Los Angeles City Board of Recreation and Parks Commissioners ("the Board") and Defendant Barry Sanders ("Sanders") , in his individual and in his official capacity as President of the Board, each of whom violated Plaintiffs' rights under the First, Fifth and Fourteenth Amendment and Article 1, Section 2 of the California Constitution. Plaintiff is a political activist. The City is a municipal corporation who enacts and enforces laws, including laws affecting the conduct of public meetings.

4. As alleged herein, the City has adopted and enforced a written policy and has actual and/or constructive knowledge that in the conduct of its public meetings, including meetings of the Board and the Los Angeles City Council, there is a policy and/or pervasive practice that is so permanent and well-settled as to constitute a custom and usage with the force of law, to selectively censor the speech of certain persons, including Plaintiff, who express views that are critical of the City and/or its

_____2_____

COMPLAINT   42 U.S.C. §1983

1  officials, through the unconstitutional use and enforcement of "Rules of Decorum"

2  and related policies and practices, as well as criminal prosecutions, including

3  removing such persons from public meetings and otherwise interfering with their

4  right to speak and/or their right to assemble at such public meetings, and by

5  tolerating and/or acquiescing in such policies and practices and in the suppression

6  of such constitutional rights and by failing, after being on notice thereof, to train,

7  supervise,  monitor and correct City officials who preside over such  public

8  meetings and members of General Services Police Officers, within the Office of

9  Public Safety, Department of General Services ("Police Officers").

10      5.   Plaintiff alleges that the wrongful acts and omissions alleged herein

11  violate his Right to Free Speech, his Right of Assembly and his Right to Due

12  Process of Law, contrary to the First, Fifth and Fourteenth Amendments to the U. S.

13  Constitution and Article 1, Section 2 of the California Constitution, as

14  impermissible prior restraints on protected expression in a public forum, under laws

15  and rules that, on their face and as applied, are impermissibly vague and lack

16  adequate guidelines, thereby allowing authorities unbridled discretion to abridge

17  constitutional rights, including Plaintiff's constitutional rights.  Prior to the filing of

18  this action, Plaintiff, through his legal counsel, attempted to resolve this matter,

19  thereby saving time, effort and expense, without burdening the court, but the City

20  has failed to respond.

21

22                                    **PARTIES**

23      6.    Plaintiff is an individual, residing in the County of Los Angeles, who

24  has been actively conducting constitutionally protected expressive activities in the

25  City for many years, including attending and speaking at public meetings convened

26  by the City and the Board.

27

28

──────────────────────────  3  ──────────────────────────

COMPLAINT   42 U.S.C. §1983

7.     Defendant City is a municipal entity, organized under the laws of the State of California with the capacity to sue and be sued. The City is the legal and political entity responsible for the actions of its officers and employees.  At all times herein the City was acting under color of law.

8.     Defendant Board is an agency of the City, which at all times material hereto was acting under color of law.

9.     Defendant Sanders, at all times material hereto, was acting as President of the Board.  Sanders is being sued as an individual and in his official capacity. At all times, Sanders was acting under color of law.  Plaintiff is informed and believes and upon such information and belief alleges that Sanders is a resident of the County of Los Angeles,

## FACTUAL ALLEGATIONS

10.     According to the Rules of the Board, a true and correct copy of which are attached hereto as Exhibit A and are made a part hereof by this reference ("the Rules"), all "meetings [of the Board] shall be in a municipal or other facility open to the public and with reasonable provision for attendance  by the public;" that at any public hearing, "members of the public are invited to express their views on a particular subject;" and that "members of the general public may address the Board orally at any meeting with regard to any matter on which the Board is deliberating at such meeting..."

11.   On September 21, 2011, Plaintiff was wrongfully arrested and expelled from a public meeting of the Board held in Harbor City, California,  for the purpose of receiving public comments on the proposed  re-enactment of Los Angeles Municipal Code Section 42.15, regarding vending and other activities at the Venice Beach Boardwalk ("the Public Meeting"). At that time, Plaintiff had a direct and vital interest in such ordinance having successfully challenged a previous version

_____4_____

COMPLAINT   42 U.S.C. §1983

1   of such ordinance in the case of *Hunt v City of Los Angeles,* 638 F. 3d 703 (9th Cir

2   2011).  Plaintiff peaceably and silently entered the hearing room wearing a T-shirt

3   bearing a political message and took an available seat.  He remained silent, made

4   no noise and did not actually disrupt, disturb or interfere with the Public Meeting in

5   any way.  However, without warning or legal justification, Defendant Sanders, as

6   Presiding Officer of the Public Meeting, immediately interrupted the proceedings,

7   falsely and wrongfully accused Plaintiff of disturbing the Public Meeting and,

8   without giving Plaintiff notice and/or an opportunity to be heard, and without

9   review by the entire Board, ordered Plaintiff to leave.  Two uniformed Police

10  Officers immediately confronted Plaintiff, took hold of him and expelled him from

11  the Public Meeting.  Plaintiff was prevented from returning to the Public Meeting

12  and was not allowed to speak and address the Board on a matter of public interest

13  which Plaintiff had intended to address in his public comments.

14

15      12.   Plaintiff was wrongfully cited for violating California Penal Code

16  Section 403.  The citation ("the Citation") read:

17          "403 PC   Disturb Lawful Public Assbly

18          Violation wore offensive  clothing

19          T-Shirt "Fuck White Niggar [sic] too" in

20          Violation of City of LA Public Commission

21          Hearing Decorum."

22      13.   As required by the Citation, Plaintiff appeared in court on November

23  14, 2011, but no charges were filed.

24      14.   Penal Code Section 403 provides that:

25          "Every person who, without authority of law, willfully disturbs or

26          breaks up any assembly or meeting that is not unlawful in its

27

28

_____5_____

COMPLAINT   42 U.S.C. §1983

character, other than an assembly or meeting referred to in Section 302 of the Penal Code or Section 18340 of the Elections Code, is guilty of a misdemeanor."

15.     To withstand a constitutional challenge, Section 403 must be construed to require actual disruption, which in fact did not occur here (as least not on Plaintiff's part).  The Public Meeting was disrupted by Defendant Sanders and the Police Officers; not by Plaintiff.  Plaintiff is informed and believes and upon such information and belief alleges that Defendant Sanders expelled Plaintiff from the Public Meeting because he targeted and selected Plaintiff as an outspoken critic of the City and the Board and he objected to, and disagreed with, the message he understood  to be communicated by Plaintiff's T-shirt and to suppress the views he anticipated Plaintiff would publicly express if allowed to speak at the Public Meeting.

16.     Plaintiff is informed and believes and upon such information and belief alleges that the "City of LA Public Commission Hearing Decorum" referred to in the Citation, which Plaintiff was accused of violating, referred to Rule VI of the Rules ( "Rules of Decorum").   Rule VI 1) states that during a meeting of the Board, "there is a need for civility and expedition in carrying out the public business in order to ensure that the public has a full opportunity to be heard and that the Board has an opportunity for its deliberative process;" that "[n]o person in the audience at a Board meeting shall engage in disorderly or boisterous conduct, including the utterance of loud, threatening or abusive language, whistling, stamping of feet or other acts which disturb, disrupt or otherwise impedes the orderly conduct of any Board meeting;" that "[s]igns, placards, banners, or similar items shall not be permitted at any time in the Board Hearing Room;" and that "all persons in the audience shall remain sitting in the seats provided or standing in the area provided."

6

COMPLAINT   42 U.S.C. §1983

17.   Whereas Rule VI 2) regarding "Enforcement of Decorum of Public Comment Speakers" requires a "warning" before a person who has violated the Rules can be ordered to leave, on the other hand, Rule VI 3) regarding "Enforcement of Decorum of Audience Members" provides that a "member of the audience who is violating the rules of decorum shall comply immediately when so ordered by either the Presiding Officer or sergeant-at-arms" and that if the "audience member does not comply immediately, the sergeant-at-arms has the authority to remove him or her, without the need for a warning or order from the Presiding Officer."

18.  The Rules of Decorum, as interpreted and as applied by Defendants, are impermissible prior restraints on free expression and the right of assembly; are content based restrictions on protected expression; are vague and ambiguous, and allow for unbridled, discretionary enforcement based on subjective analysis by Defendants. The Rules of Decorum have been and will continue to be used to chill, intimidate, and deny constitutionally protected political expression and freedom of assembly, in the absence of declaratory and injunctive relief from the Court. Since the Rules of Decorum implicate fundamental First Amendment rights, and alleged violations can result in criminal penalties, the Rules of Decorum are subject to strict scrutiny with regard to their constitutionality under both a First Amendment and Due Process analysis.

19.  The Rules of Decorum are being used to silence, interrupt, interject, distract, repress, chill, profile, and ultimately ban constitutionally protected speech and assembly of persons while attending and/or speaking to public officials and the general public about matters of concern to Plaintiff within the City and on the Board's agenda.

———————————————————7———————————————————

COMPLAINT   42 U.S.C. §1983

20. As interpreted and as applied by Defendants, the key terms in the Rules of Decorum, including "disorderly;" "boisterous;" "loud;" "threatening;" "abusive language;" "other acts;" "which disturb, disrupt or otherwise impedes the orderly conduct of any Board meeting;" are impermissibly vague and ambiguous and lack any guidelines to determine which specific acts, conduct or language fall into these undefined categories, thereby inviting subjective decision making and punishing unorthodox speech and inhibiting lawful public assembly. Furthermore, the Rules of Decorum are overbroad from a First Amendment standpoint in that on their face and as applied, the Rules of Decorum encompass constitutionally protected activities and are not limited to actual disruption.

21. The Rules of Decorum's absolute ban on "[s]igns, placards, banners, or similar items..." is an unwarranted prior restraint and an overbroad prohibition on peaceful and protected speech.

22. Rule VI 3), regarding "Enforcement of Decorum of Audience Members," which provides that a "member of the audience who is violating the rules of decorum shall comply immediately when so ordered by either the Presiding Officer or sergeant-at-arms" and that if the "audience member does not comply immediately, the sergeant-at-arms has the authority to remove him or her, without the need for a warning or order from the Presiding Officer," violates Plaintiff's Due Process rights and the Right of Assembly by failing to afford the audience member any notice and opportunity to be heard to challenge his or her removal and by failing to provide any process whatsoever to challenge the decision of the Presiding Officer or sergeant-at-arms, before precious constitutional rights are immediately and peremptorily violated.

_____8_____

COMPLAINT   42 U.S.C. §1983

12

23.   The Rules of Decorum provide that " [t]hese enforcement provisions are in addition to the authority held by the sergeant at-arms to maintain order pursuant to his or her lawful authority as a peace officer."  Consequently, the Rules of Decorum themselves clearly indicate other lawful authority already exists which the sergeant-at-arms may use  to take action against actual disruption that violates the peaceful and civil conduct of a public meeting.

24.   By reason of the foregoing,  Plaintiff suffered damages including violations of his constitutional rights; denial of the right to peaceably assemble; denial of the right to speak at a public meeting on a matter of public concern; the humiliation of being arrested and forced to leave a public meeting; the requirement to appear in court on criminal charges; emotional distress and the loss of enjoyment of life.

25.   Plaintiff is informed and believes and upon such information and belief alleges that by reason of the foregoing, including his willful and intentional misconduct,  Defendant Sanders acted with reckless or callous disregard, and with deliberate indifference,  for Plaintiff's constitutional rights, with an evil motive or intent to censor Plaintiff and prevent him from exercising his Right to Free Speech, Right of Assembly and Right to Due Process, with malice and oppression, and with the intention of thereby depriving Plaintiff of his legal and constitutional rights or otherwise causing injury, for which Sanders is liable to Plaintiff for an award of punitive and exemplary damages.

9

COMPLAINT   42 U.S.C. §1983

## FIRST CLAIM FOR RELIEF

### Violations of First, Fifth, and Fourteenth Amendments and Article 1, Section 2 of the California Constitution Regarding Unconstitutional Arrest and Expulsion from a Public Meeting

26.   The foregoing allegations in Paragraphs 1 through 25 are incorporated into the First Claim for Relief as though fully set forth herein.

27.   By reason of the forgoing, including the illegal arrest and expulsion of Plaintiff from the Public Meeting, which thereby denied him the right to attend and speak on a matter of public interest, Defendants violated Plaintiff's rights under the First, Fifth, and Fourteenth Amendments and Article 1, Section 2 of the California Constitution.  The acts complained of herein were intended to intimidate and prevent Plaintiff from the lawful exercise of his constitutional rights.  Penal Code Section 403 makes it a crime to "willfully disturb[] or break[] up any assembly or meeting."  Defendants have improperly interpreted and applied Section 403 in an unconstitutional manner by charging Plaintiff with a violation thereof when in fact Plaintiff did not actually disturb or break up the Public Meeting. On the contrary, Plaintiff was simply sitting in the audience, silently observing the  Public Meeting, awaiting his opportunity to address the Board.  The T-shirt Plaintiff was wearing contained a constitutionally protected message,  under well-established U.S. Supreme Court precedent, including  but not limited to *Cohen v California*, 403 U.S. 15 (1971), which Plaintiff had every right to wear at the Public Meeting in a peaceful manner, without fear that he would be punished by Defendants on the basis of the content of his message.  Defendants' failure to enact and enforce laws and rules that give reasonable notice of activities subject to criminal penalties and the failure to adopt precise standards and guidelines by which to guide City officials

_____10_____

COMPLAINT   42 U.S.C. §1983

1  in applying such laws and rules, violates Plaintiff's rights to Freedom of

2  Expression, Freedom of Assembly and Due Process under the First, Fifth and

3  Fourteenth Amendments and under Article 1, Section 2 of the California

4  Constitution.

5      28.  Consequently, Plaintiff has been impeded in his efforts to carry out

6  constitutionally protected activities as described above, and, accordingly, he has and

7  will suffer damages as a result of Defendants' actions.

8

9      29.  Absent relief from this Court, Plaintiff will suffer irreparable harm.

10  Plaintiff's right to freedom of speech and freedom of assembly will continue to be

11  violated.  There is a very real threat of imminent future violations of Plaintiff's

12  rights under the First, Fifth and Fourteenth Amendment and Article 1, Section 2 of

13  the California Constitution.

14      30.  An actual controversy now exists between Plaintiff and Defendant

15  concerning his right to express himself and to peaceably assemble at public

16  meetings of the Board, including whether Plaintiff will continue to be threatened

17  with criminal prosecution if his intended activities are deemed by Defendants not be

18  in compliance with their interpretation of applicable law.

19      31.  Plaintiff has suffered damages as a direct result of the actions of the

20  Defendants, including violations of his constitutional rights; denial of the right to

21  peaceably assemble; denial of his due process rights; denial of the right to speak at a

22  public meeting on a matter of public concern; the humiliation of being arrested and

23  forced to leave a public meeting; the requirement to appear in court on criminal

24  charges; emotional distress and the loss of enjoyment of life, for which Plaintiff is

25  entitled to compensatory damages as provided by law and subject to proof at trial.

26

27

28

_____11_____

COMPLAINT   42 U.S.C. §1983

1  32.  Plaintiff is informed and believes and upon such information and belief
2  alleges that by reason of the foregoing, including his willful and intentional
3  misconduct,  Defendant Sanders acted with reckless or callous disregard, and with
4  deliberate indifference,  for Plaintiff's constitutional rights, with an evil motive or
5  intent to censor Plaintiff and prevent him from exercising his Right to Free Speech,
6  Right of Assembly and Right to Due Process, with malice and oppression, and with
7  the intention of thereby depriving Plaintiff of his legal and constitutional rights or
8  otherwise causing injury, for which Sanders is liable to Plaintiff for an award of
9  punitive and exemplary damages.
10
11
12  **SECOND CLAIM FOR RELIEF**
13  **Violations of First, Fifth, and Fourteenth Amendments and Article Section**
14  **2 of the California Constitution, Regarding Enforcement of Unconstitutional**
    **"Rules of Decorum"**
15  33.  The foregoing allegations in Paragraphs 1 through 32 are incorporated into
16  the Second Claim for Relief as though fully set forth herein
17  34.  The Rules of Decorum and their enforcement violate the First Amendment
18  because they contain provisions which constitute impermissible prior restraints on
19  speech. The terms are vague and lack adequate standards or guidelines for
20  enforcement. City officials have unbridled discretion to enforce  these Rules.  The
21  acts complained of herein were directed towards intimidating Plaintiff from the
22  lawful exercise of his constitutional rights.
23
24  35. The failure to enact laws and rules that give reasonable notice activities
25  subject to criminal penalties and the failure to adopt precise standards and
26
27
28

_____12_____

COMPLAINT  42 U.S.C. §1983

1   guidelines by which to guide City officials in applying such laws and rules violates

2   Plaintiff's rights to Due Process under the First, Fifth and Fourteenth Amendments.

3   36.   Consequently, Plaintiff has been impeded in his efforts to carry out

4   constitutionally protected activities as described above, and, accordingly, have and

5   will suffer damages as a result of Defendant's actions.

6

7   37.   Absent relief from this Court, Plaintiff will suffer irreparable harm.

8   Plaintiff's right to freedom of speech will continue to be violated. There is a very

9   real threat of imminent future violations of Plaintiff's  First Amendment and Due

10   Process rights.

11   38.  An actual controversy now exist between Plaintiff and Defendants

12   concerning his right to express himself and to peaceably assemble at public

13   meetings of the Board, including whether Plaintiff will continue to be threatened

14   with criminal prosecution if his intended activities are deemed by Defendants not be

15   in compliance with their interpretation of applicable law.

16   39.  Plaintiff has suffered damages as a direct result of the actions of the

17   Defendants, including violations of his constitutional rights; denial of the right to

18   peaceably assemble; denial of the right to speak at a public meeting on a matter of

19   public concern; the humiliation of being arrested and forced to leave a public

20   meeting; the requirement to appear in court on criminal charges; emotional distress

21   and the loss of enjoyment of life, for which Plaintiff is entitled to compensatory

22   damages as provided by law and subject to proof at trial.

23

24   40.  Plaintiff is informed and believes and upon such information and belief

25   alleges that by reason of the foregoing, including his willful and intentional

26   misconduct,  Defendant Sanders acted with reckless or callous disregard, and with

27

28

_____13_____

COMPLAINT   42 U.S.C. §1983

deliberate indifference, for Plaintiff's constitutional rights, with an evil motive or intent to censor Plaintiff and prevent him from exercising his Right to Free Speech, Right of Assembly and Right to Due Process, with malice and oppression, and with the intention of thereby depriving Plaintiff of his legal and constitutional rights or otherwise causing injury, for which Sanders is liable to Plaintiff for an award of punitive and exemplary damages.

## PRAYER FOR RELIEF

Therefore, Plaintiff requests judgment against Defendants and each of them, as follows:

1.  For a preliminary and permanent injunction enjoining Defendants and their agents, servants, employees, and successors in office, and all persons acting in concert with them or at their direction or under their control, from enforcing Penal Code 403 solely on the basis of constitutionally protected speech, except where the suspect, without authority of law, willfully engages in actual disruption of an assembly or meeting that is not unlawful in its character other than an assembly or meeting referred to in Section 302 of the Penal Code or Section 18340 of the Elections Code.

2.  For a preliminary and permanent injunction enjoining Defendants and their agents, servants, employees, and successors in office, and all persons acting in concert with them or at their direction or under their control, from enforcing the Rules of Decorum of the Los Angeles City Board of Recreation and Parks Commissioners, solely on the basis of constitutionally protected speech, except where the suspect engages in actual disruption of a meeting of the Board.

_____14_____

COMPLAINT   42 U.S.C. §1983

1       3.   For a declaratory judgment that the Rules of Decorum, as interpreted and

2   applied in this case, violate the First, Fifth and Fourteenth Amendments to the U. S.

3   Constitution and Article 1, Section 2 of the California Constitution

4       4.   For an Order directing that the September 21, 2011 Citation to Plaintiff for

5   violation of Penal Code Section 403 be expunged in any and all files maintained by

6   Defendants.

7       5.   For compensatory damages against Defendants as permitted by law and

8   according to proof at trial, in favor of Plaintiff.

9       6.   For punitive damages against Defendant Barry  Sanders, as permitted by

10  law and according to proof at trial, in favor of Plaintiff.

11      7.   For attorneys fees and costs as provided by law.

12      8.   For any further relief as this Court deems just and proper.

13                    **DEMAND FOR JURY TRIAL**

14      Plaintiff hereby demands a jury trial on his claims for compensatory and

15  punitive damages.

16

17  Dated: August 23, 2012

18                                    Respectfully submitted

19                                    ROHDE & VICTOROFF

20                    by_____

21                                    Stephen F. Rohde, Esq

22                                    Attorneys for Plaintiff

23                                    Michael Hunt

24

25

26

27

28

                                    15

COMPLAINT   42 U.S.C. §1983

R U L E S

BOARD OF RECREATION AND PARK COMMISSIONERS
OF THE CITY OF LOS ANGELES

I.     MEETINGS

1)  Regular meetings of the Board of Recreation and Park Commissioners of the City of Los
Angeles (hereinafter referred to in these rules as the "Board") shall be held in the EXPO
Center Community Hall Room, 3980 S. Menlo Avenue, Los Angeles, CA 90037, on the
first Wednesday of each month at 9:30 a.m., or as soon thereafter as a quorum is present,
for the purpose of receiving information from the General Manager and to conduct such
other business as may properly come before the Board.

If a regular or special meeting of the Board falls on a holiday designated as such by or in
accordance with the provisions of the Government Code of the State of California, such
meeting shall be cancelled unless the Board shall determine, at least two weeks in
advance, to reschedule the meeting to another date.

Pursuant to Sec. 503 (b) of the City Charter, the Board shall hold a meeting at least twice
a month.  All meetings shall be in a municipal or other facility open to the public and
with reasonable provision for attendance by the public.

The Board may hold Closed Sessions during a regular or special meeting in accordance
with provisions of applicable laws and regulations.

The Board may adjourn any regular, adjourned regular, special or adjourned special
meeting to a time and place specified in the motion or order of adjournment.  Less than a
quorum may so adjourn from time to time.  If all the members are absent from any
regular or adjourned regular meeting, the Secretary or Acting Secretary shall cause a
written notice of adjournment to be given in the same manner as provided for special
meetings.  A copy of the motion, order or notice of adjournment shall be conspicuously
posted by the Secretary or Acting Secretary on or near the door of the place where the
regular, adjourned regular, special or adjourned special meeting was held within 24 hours
after the time of adjournment.  When a regular or adjourned regular meeting is adjourned
as provided herein, the resulting adjourned regular meeting is a regular meeting for all
purposes.  When an order of adjournment of any meeting fails to state the hour at which
the adjourned meeting is to be held, it shall be held at the hour specified for regular
meetings.

Any public hearing being held, or noticed or ordered to be held, at which members of the
public are invited to express their views on a particular subject, may be continued or
recontinued to any subsequent meeting in the same manner and to the same extent as set
forth in the preceding paragraph for the adjournment of meetings; provided, that if the
hearing is continued to a time less than 24 hours after the time specified in the order or
notice of hearing, a copy of the order or notice of continuance of hearing shall be posted

Exhibit A

20

16

Board of Recreation and Park Commissioners – Rules

by the Secretary or Acting Secretary immediately following the meeting at which the order or declaration of continuance was adopted or made, and shall remain posted until the next regular meeting date of the Board.

2) A special meeting may be called at any time by the President, or, if the President is absent from the City or is otherwise unable or unwilling to act, by the Vice-President, or by a majority of the members of the Board, at which time the Secretary or Acting Secretary will deliver personally or by mail written notice to each member of the Board and to each local newspaper of general circulation, radio or television station requesting notice in writing. Such notices must be delivered personally or by mail at least 24 hours before the time of such meeting as specified in the notice. The call and notice shall specify the time and place of the special meeting and the business to be transacted. No other business shall be considered at such meeting by the Board. Such written notice may be dispensed with as to any member who, at or prior to the time the meeting convenes, files with the Secretary or Acting Secretary a written waiver of notice.

3) The Secretary or Acting Secretary shall prepare and deliver such written notice above provided upon order of the President, Vice-President, or a majority of the members of the Board as the case may be.

4) Posting of public hearings and land-use changes shall be made sufficiently in advance of Board meetings at the facility or facilities affected. In cases where no facilities of the Department exist, reasonable effort shall be made to provide proper notification to interested parties.

5) Whenever an appeal or protest is made to the Board by virtue of any law, or whenever the Board is required to conduct any investigation or hearing, the Board may appoint one or more examiners or designate one or more of its members to serve as examiners, and direct such examiner or examiners to consider all or a part of such appeal or protest or to conduct all or a part of such investigation or hearing and to submit a report or reports thereon as hereinafter provided. Examiners may, but need not, be appointed from among the officers or employees of the City. Except as otherwise specifically provided by ordinance, or by a resolution of the Board, no person shall receive any compensation for his services as an examiner in addition to the compensation attached to any other office or employment held by him or her in the service of the City. Provided, however, that whenever the Board designates one of its members to act as a hearing examiner, such member shall receive $50.00 for each day of such hearing as an attending fee, not to exceed $250.00 in any calendar month, in addition to any other payment such person may receive from the City by reason of his or her position as a Commissioner.

II.   OFFICERS OF THE BOARD

1) The Officers of the Board shall be a President and Vice-President.

2) The President shall preside at all meetings of the Board, and in the event of the President's absence from any meeting, the Vice-President shall preside thereat. In the

Board of Recreation and Park Commissioners – Rules

event of the absence of both the President and Vice-President from any meeting, the next senior in point of service shall preside thereat.

3) The President and Vice-President shall be elected by the Board during the last meeting in July of each year. The President and the Vice-President shall hold office for one year and until their respective successors are elected, unless their membership on the Board expires sooner.

4) If vacancies in the office of President or Vice-President shall occur by resignation, or when the incumbent ceases to be a member of the Board, the Board shall elect one of its members to fill same for the unexpired term.

III.   SECRETARY AND ACTING SECRETARY

1) The Board shall appoint a Secretary, not a member of the Board.

2) The Secretary shall:

   a) Keep a record of the proceedings and transactions of the Board, specifying therein the names of the Commissioners present at each meetings and giving the ayes and noes upon all votes;

   b) Post or publish all orders, resolutions, and notices which the Board shall order to be posted or published;

   c) Keep index records, convenient for reference, of all resolutions, petitions, communications, and other matters introduced or presented to the Board, together with a complete chronological record of each action thereon by the Board;

   d) Act as Executive Secretary to the Board and as coordinator between the Board and the general management of the Department of Recreation and Parks (hereinafter referred to in these rules as the "Department");

   e) Act as representative of the Board in contacts with the public;

   f) Receive bids and proposals on behalf of the Board;

   g) Receive communications and reports from the general management of the Department, and organize and summarize all material for proper presentation to the Board;

   h) Maintain and process the execution of all Board-approved Agreements as directed by the Board;

   i) Act as the official channel through which shall pass all petitions, protests, and complaints addressed to the Board or to individual members of the Board by the public;

Board of Recreation and Park Commissioners – Rules

    j) Transmit to appropriate regions/divisions in the Department specific communications or complaints from the Board or from the general public;

    k) As Custodian of Records, attend depositions and respond to court orders;

    l) As Custodian of Records, coordinate Department responses to all requests for inspection of public documents;

    m) Perform such other duties as are or may be imposed upon the Secretary by the Charter of the City of Los Angeles/Ordinance or by the order of the Board; and,

    n) Unless otherwise provided by the Rules, refer matters involving questions of the management or operation of the physical facilities and services furnished by the Department, however addressed or presented, directly to the General Manager, or his/her designee, if the situation warrants same.

3) An Acting Secretary or Secretaries shall be appointed with full power to act in the place of the Secretary in case of the latter's absence or other inability to act.

IV.   <u>ORDER OF BUSINESS</u>

1) The Secretary or Acting Secretary shall prepare an Agenda for regular meetings of the Board, setting forth the items of business to be considered at such meetings, and appending to such Agenda, as part thereof, a cumulative list of all items of unfinished business of the Board and of all matters that the President shall direct the Secretary or Acting Secretary to include therein for the Board's consideration (Matters Pending). The Agenda shall be prepared and published not less than seventy-two hours in advance of its presentation for action, and supplemental reports of an urgent or emergency nature which may add and/or delete items shall be prepared and published 24 hours before the regular meeting date. The Secretary or Acting Secretary shall furnish copies of such Agenda to each member of the Board, to the Office of the Mayor, the Chair of the Council Committee having oversight over the Department of Recreation and Parks, the City Attorney, the General Manager of the Department, and such other employees, members of the public, other City agencies as designated by law, the Board or General Manager. The Secretary or Acting Secretary shall ascertain that there are sufficient copies of the Agenda for reasonable distribution to persons attending the regular Board Meetings. Copies of such Agenda shall also be made available to members of the public prior to each Board meeting upon request.

Board of Recreation and Park Commissioners – Rules

## V.    PRESENTATION OF MATTERS TO THE BOARD

1) All matters to be submitted or presented to the Board shall be delivered to the Secretary or Acting Secretary at the Board's office. The Secretary or Acting Secretary shall transmit the matters to the General Manager for preparation of a report(s) to the Board, or in the case of urgent matters, directly to the Board.

2) All matters delivered to the Secretary or Acting Secretary less than five working days preceding the day on which the meeting of the Board is to be held shall be held over to the next meeting of the Board following such delivery; provided, however, that upon recommendation of the General Manager and approval of the President or Vice-President of the Board, items of an urgent or emergency nature which cannot be prepared in time for assignment to a regular agenda may be brought to the Board at the time and place of the meeting as a special or emergency Agenda, published according to law and these rules.

3) All resolutions involving a conveyance of an interest in real property presented to the Board for action shall be first approved as to form by the City Attorney. All such resolutions shall be presented by the General Manager, or by some other person authorized to act for the General Manager, and shall be transmitted to the Board accompanied by a written recommendation of the General Manager or some person authorized to act as the General Manager's designee.

4) Any member of the general public, or any group of individuals, desiring to address the Board orally, shall, in a written communication, make such desire known to the Secretary or Acting Secretary with a request to be heard, such communication shall specify the approximate length of time desired, and a reasonably descriptive statement of the subject matter upon which they desire to speak.  The Secretary or Acting Secretary shall communicate such request to the General Manager for his/her recommendation to the Board.  The Board may, in its discretion, grant such request and designate the amount of time such individual or individuals may speak provided; however, that if any member of the Board objects to the granting of such a request, it shall not be granted except upon the affirmative vote of at least three members of the Board.  If action on any matter upon which a member of the public desires to be heard shall have already been taken up by the Board before the time so designated, all reasonable requests for reconsideration of such action shall be given due consideration by the Board and granted or denied.  Typically the Board does not operate under this Rule; rather it conducts business under its policy that each speaker may speak for a minimum of two minutes on each agenda item, except in quasi-judicial hearings.

5) Any member of the general public may address the Board orally at any meeting with regard to any matter on which the Board is deliberating at such meeting provided; however, that the Board may establish the time at which such presentations may be made, may require a speaker to fill out a speaker form requesting the speaker's name and the subject matter to which the speaker's comments are to be addressed, and may set a time limit on each such speaker.

Board of Recreation and Park Commissioners – Rules

## VI.    RULES OF DECORUM

1) **Rules of Decorum.** During a meeting of the Board, there is the need for civility and expedition in the carrying out of public business in order to ensure that the public has a full opportunity to be heard and that the Board has an opportunity for its deliberative process. While any meeting of the Board is in session, the following rules of decorum shall be observed. All remarks shall be addressed to the Board as a whole and not to any single member, unless in response to a question from a member. Persons addressing the Board shall not make personal, impertinent, unduly repetitive, slanderous or profane remarks to the Board, any member of the Board, staff or general public, nor utter loud, threatening, personal or abusive language, nor engage in any other disorderly conduct that disrupts, disturbs or otherwise impedes the orderly conduct of any Board meeting. No person in the audience at a Board meeting shall engage in disorderly or boisterous conduct, including the utterance of loud, threatening or abusive language, whistling, stamping of feet or other acts which disturb, disrupt or otherwise impede the orderly conduct of any Board meeting. Signs, placards, banners, or similar items shall not be permitted at any time in the Board Hearing Room. Unless addressing the Board or entering or leaving the Board, all persons in the audience shall remain sitting in the seats provided or standing in the area provided. The doorways to the Board Hearing Room shall not be blocked. The Presiding Officer of the Board, with the assistance of the sergeant-at-arms, shall be responsible for maintaining the order and decorum of meetings, as set forth more fully below.

2) **Enforcement of Decorum of Public Comment Speakers.** The Presiding Officer may request that a person speaking at the podium during a public comment period who is violating the rules of decorum, comply immediately. If, after receiving a warning from the Presiding Officer, a person persists in violating the rules of decorum during that meeting or during any of the next two meetings immediately following the meeting at which the warning was given, the Presiding Officer shall order him or her to leave the Board meeting. Any person so ordered removed shall be excluded from further attendance at the meeting from which he or she has been removed, unless permission to attend is granted upon motion adopted by a majority vote of the Board. If that person does not remove himself or herself, the Presiding Officer may order the sergeant-at-arms of the Board to remove that person from the Board Meeting. The Board appoints any officer from the Office of Public Safety or Park Ranger in attendance at a Board meeting as the sergeant-at-arms for the purposes of providing security and enforcing these Rules.

3) **Enforcement of Decorum of Audience Members.** A member of the audience who is violating the rules of decorum shall comply immediately when so ordered by either the Presiding Officer or the sergeant-at-arms. If the audience member does not comply immediately, the sergeant-at-arms has the authority to remove him or her, without the need of a warning or order from the Presiding Officer. These enforcement provisions are in addition to the authority held by the sergeant-at-arms to maintain order pursuant to his or her lawful authority as a peace officer.

4) **Penalties.** Any person who has been ordered removed from a meeting may be charged with a violation of Penal Code Section 403, and/or other appropriate Penal Code or Los

Board of Recreation and Park Commissioners – Rules

Angeles Municipal Code sections. The Board by majority vote may prohibit a person removed on the basis of disruptive conduct from addressing the Board for up to 30 days. The length of time of the prohibition shall be based on the number and severity of prior incidents of disruptive conduct.

VII.    QUORUM, ATTENDANCE AND VOTING

1)  Three members of the Board shall constitute a quorum for the transaction of business.

2)  Action by the Board shall be taken by order or resolution adopted by at least three of its members and recorded in the Minutes with the ayes and noes. Such action shall be attested by the signature of the Secretary or Acting Secretary.

VIII.   EXECUTION OF INSTRUMENTS

1)  All contracts for which Board approval is required by City Charter or ordinance shall be authorized by the Board and shall be executed in the name of the Department upon receipt of the approvals required by the City Charter or ordinance. Contracts shall be signed by the President, Vice-President or two members of the Board, and Secretary or Acting Secretary. However, the Board may appoint the General Manager or other Departmental staff member to sign in its place.

IX.    MISCELLANEOUS PROVISIONS

1)  The roll call of the members of the Board shall be in alphabetical order.

2)  All Minutes, after their approval, shall be attested by the signatures of the President or Vice-President, or two members of the Board, and by the signature of the Secretary or Acting Secretary.

3)  Except as otherwise provided by the Charter of the City of Los Angeles, the laws of California, or by these rules, proceedings of the Board shall conform to, and be governed by, Robert's Rules of Order, Revised, and it shall be the duty of the President, or the member of the Board at the time presiding at any meeting thereof, to adhere to and enforce such rules or orders and the rules herein set forth.

4)  The General Manager or representative, the Assistant General Manager(s) or representative(s), and the Chief Financial Officer shall attend all meetings of the Board and give necessary information, assistance and advice.

X.    AMENDMENT AND SUSPENSION OF RULES

1)  These rules are for the general guidelines of the work of the Commission, but the legal requirements are specifically reserved with regard to the actions of the Commission to those prescribed by the statute and ordinance.

2)  These rules may be adopted and/or amended by a vote of three members of the Board, provided that one week's notice be given of any proposed adoption or amendment and

Board of Recreation and Park Commissioners – Rules

the time of the meeting at which the same shall be presented to the Board. If a rule of general application to be followed by the public is adopted, it shall be published in a daily newspaper and shall take effect upon publication, per Charter Section 506(b).

3) These rules, or any one or more thereof, may, by vote of three members of the Board, be suspended either for the period of the meeting at which such suspension is effected, or in respect of any specific matter or matters to be considered at such meeting.

4) No rule shall be amended, suspended, waived, or adopted which, if amended, suspended, waived or adopted, would violate applicable provisions of the laws of the State of California, the Charter, or Ordinances of the City of Los Angeles, or any rule or regulation of a superior authority.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

### CV12- 7261 DSF (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

28

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| MICHAEL HUNT, AN Individual )<br><br>————————————————————<br>*Plaintiff(s)*<br>v.<br>CITY OF LOS ANGELES, a municipal corporation;<br>LOS ANGELES CITY BOARD OF RECREATION<br>AND PARKS COMMISSION; and BARRY<br>SANDERS, in his individual and official capacity<br>————————————————————<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CV12-07261 DSF (SHx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  City of Los Angeles; LA City Board of Recreation and Parks; and Barry Sanders
City Hall
200 North Spring St.
Los Angeles, CA 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    STEPHEN F. ROHDE
ROHDE & VICTOROFF
1880 Century Park East, Ste 411
Los Angeles, CA  90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

AUG  2 3 2012

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____         _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*


                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc:

30

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>MICHAEL HUNT | DEFENDANTS<br>CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES CITY BOARD OF RECREATION AND PARKS COMMISSION; and BARRY SANDERS, in his individual and official capacity; |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>STEPHEN F. ROHDE, ROHDE & VICTOROFF<br>1880 Century Park East, Ste 411, Los Angeles, CA 90067<br>310-277-1482 | Attorneys (If Known)<br>Laurie Rittenberg, Esq, Managing Assistant City Attorney, Office of the City Attorney, Business and Complex Litigation Division, 200 North Main Street, 9th Floor, City Hall East, Los Angeles, CA 90012-4131 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC Sec 1983; Violation of constitutional rights under US and California Constitutions

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV12-07261

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                 CIVIL COVER SHEET                 Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☐ No   ☑ Yes
If yes, list case number(s):  CV 09-06731 DDP (SS)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                       ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                       ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                       ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date  August 23, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# EXHIBIT B

# RULES OF

# THE

# LOS ANGELES CITY COUNCIL AS AMENDED (December 2016)



## COUNCIL OFFICERS
### COUNCILMEMBER HERB J. WESSON, JR., PRESIDENT

### COUNCILMEMBER MITCHELL ENGLANDER
### PRESIDENT PRO TEMPORE

### COUNCILMEMBER NURY MARTINEZ
### ASSISTANT PRESIDENT PRO TEMPORE

# RULES

# OF

# THE LOS ANGELES CITY COUNCIL AS

# ADOPTED ON DECEMBER 19, 1986
# AS AMENDED
# (December 2016)



## Holly Wolcott
## City Clerk

# TABLE OF CONTENTS

<u>Chapter</u>                                                                                                    <u>Page</u>

             Preamble                                                                                   iiii

I       Election and Appointment of Officers                                                    1

II      Public Notice, Attendance and Comment                                                  2

III     Presiding Officer                                                                      6

IV      Council Meeting Days and Time, Order of Business, and Quorum              7

V       Council Discussion and Time Limits                                                     9

VI      Resolutions, Contracts, Reports, and Ordinances                                10

VII     Appointment and Removal of City Commissioners and Officers              12

VIII    Voting                                                                                 13

IX      Disposition of Items                                                                   14

X       Special Meetings                                                                       16

XI      Committees and Committee Meetings                                              17

XII     Rules                                                                                  21

XIII    Assigned Duties                                                                        22

XIV     Censure Procedures for the Los Angeles City Council                       23

XV      Miscellaneous Provisions                                                               25

             Appendix - Verbal Motions                                                    28

             Index                                                                                  29

# RULES

# OF THE

# LOS ANGELES CITY COUNCIL

These procedural Rules are adopted, pursuant to authority set forth in Charter Section 242, to assist the City Council in the orderly conduct of City business consistent with law.

iii

COUNCIL RULES

CHAPTER I

**ELECTION AND APPOINTMENT
OF OFFICERS**

*1.  At the first meeting of the Council after June 30 of each odd-numbered year, the City Clerk shall preside over the election of the President, and the Council shall elect one of its members as President by a majority vote by open ballot. That member shall be known as the "President of the Council." The President shall serve until the next such meeting date or until a successor has been elected.

2.  After a President is elected, the Council shall elect one of its members as "President Pro Tempore" in the same manner it has elected the President. The President Pro Tempore shall serve until a successor has been elected, and shall act as the Presiding Officer in the absence of the President of the Council and as otherwise provided in Charter Section 243(b).

3.  The maker of a duly seconded motion to remove or replace the President, the President Pro Tempore or both, shall distribute a copy of the motion to each member and to the City Clerk during a Council session. The City Clerk shall place such motion on the next Council Agenda to be posted for a regular meeting. If the President's removal is approved, an election shall be held in accord with Rule 1.

4.  After the election of the President and the President Pro Tempore, the President of the Council shall appoint a member of the Council to be "Assistant President Pro Tempore" who shall exercise the powers and duties of the President Pro Tempore as provided in Section 2.6(b) of the Los Angeles Administrative Code and serve for the period the President was elected. In the event of sickness, absence from the City, or disability of the Assistant President Pro Tempore, the sequence of succession to act as Assistant President Pro Tempore shall be based upon seniority, as provided in Section 2.6(c) of the Los Angeles Administrative Code.

5.  The Presiding Officer may name another member to temporarily perform the duties of the Chair, but the substitution shall not extend beyond adjournment.

*Rules marked with an asterisk (*) may not be suspended. See Rule 76.

1

38

COUNCIL RULES

CHAPTER II

**PUBLIC NOTICE, ATTENDANCE
AND COMMENT**

*6.     The agenda for each regular meeting of the Council shall be posted pursuant to state law at least 72 hours before the meeting. It shall contain a brief general description of each item of business to be transacted or discussed at the meeting.

*7.     General Public Comment

During each regular meeting, the Council shall provide a member of the public the opportunity to address the Council on any issue within the subject matter jurisdiction of the Council. This shall be referred to as "General Public Comment," which generally shall be taken up at or near the beginning of each regular meeting.  Unlike most governing bodies which meet once a week or less often, the Council has regular meetings three times each week which afford members of the public frequent opportunity to address the Council.  Therefore, each speaker shall be limited to one minute of general public comment each regular meeting.  The Council shall not discuss or take action relative to any general public comment unless authorized by Section 54954.2(b) of the Government Code.  The Council has determined that a cumulative total of ten minutes is a reasonable minimum amount of time for the General Public Comment segment of each regular meeting.

Agenda Item Public Comment

The Council shall provide an opportunity for the public to address the Council on each agenda item before or during Council's consideration of the item, unless the opportunity for public comment on the item previously was provided by a Council Committee and the item has not changed substantially since that Committee's consideration of the item.  A member of the public wishing to speak on only one agenda item that is eligible for public comment shall be given an opportunity to speak for up to one minute when that item is considered by Council, or, at the discretion of the Presiding Officer, before consideration of the item.

A member of the public wishing to speak on more than one agenda item at a single meeting shall combine and present his or her comments addressing the agenda items at or near the beginning of the meeting during a segment called "Multiple Agenda Item Comment."  A member of the public speaking on more than one agenda item shall be allowed to speak for up to one minute per item up to a total of three minutes per meeting.  This will be the only opportunity to speak, other than during General Public Comment, for those members of the public who have submitted speaker cards on more than one agenda item.  The Council has determined that a cumulative total of 20 minutes is a reasonable minimum amount of time for the Multiple Agenda Item segment of each regular meeting.  On each meeting agenda, the Clerk shall designate any agenda items that are linked by a common specific issue.  The Presiding Officer may allow members of the public who submit speaker cards on linked agenda items to make their public comment when the items are considered by Council.

COUNCIL RULES

*8.  Public hearing items scheduled for regular meetings are afforded special notice for a specific Council meeting date and are intended to receive separate public input on a specific matter. Interested persons (for example applicants, appellants and property owners) shall be given reasonable opportunity to present oral arguments for or against any proposed action. However, no person may present evidence not relevant to the matter which is the subject of the hearing. The Presiding Officer may exercise his or her discretion, subject to reversal by a majority of the Council pursuant to Rule 15, in conducting the public comment period, including re-ordering the order of business as set forth in Rule 22 and providing additional time for a member of the public to speak as long as other speakers are afforded equal time.

9.  No person shall be permitted to interrupt Councilmembers or the Clerk during a Council meeting.

10.  No person, other than members of the news media and City staff shall be admitted into the Council business area of the Council Chamber (separated by a rope from the public seating area), while the Council is meeting except upon the request of a member and consent of the Presiding Officer.

11.  To facilitate the orderly process of public comment and to assist the Council and its Committees in conducting business as efficiently as possible, members of the public wishing to address the Council or a Committee shall hand a speaker card, which includes the speaker's name or other identifying designation, to the Sergeant-at-Arms prior to an agenda item being called. Failure to submit an intelligible speaker card prior to an item being called may preclude a member of the public from speaking during that particular public comment period. An electronic automated system to submit a request to speak may be implemented instead of a member of the public handing a speaker card to the Sergeant-at-Arms. When the Presiding Officer calls a speaker's name, the speaker promptly shall approach the podium in the center aisle of Council Chamber or Board of Public Works hearing room, or the table provided in Committee. Failure to approach the podium or table promptly may preclude a member of the public from speaking during the subject public comment period. Members of the public shall speak only from the podium or table. Speakers are requested to refrain from yelling into the microphone, as doing so presents difficulties for designated translators to accurately translate the speaker's comment. Each speaker promptly shall conclude all comments when his or her time to speak has expired. Speakers are not allowed to cede their time to other speakers. The Presiding Officer may exercise discretion in curtailing the duration of all speakers' comments based upon factors such as the length of the agenda, the number of public comment speaker cards submitted, the need for the Council or Committee to conclude its business as expeditiously as is practicable, and whether the Council or Committee is in danger of losing a quorum. The Presiding Officer may rule that a speaker is impeding the orderly conduct of the meeting if the comment is not germane to the agenda item under consideration, and the speaker may forfeit his or her remaining time on that item.

12.  Rules of Decorum

During a meeting of the Council or Committee, there is the need for the Council or Committee to carry out the public business expeditiously in order to ensure that the public has an

opportunity to be heard and that the Council or Committee has an opportunity for its deliberative process.  While any meeting of the Council or Committee is in session, the following rules shall be observed:

a.   A member of the public addressing the Council or Committee shall only do so from the podium or designated table and all comments shall be addressed to the Council or Committee as a whole or to the Presiding Officer, and not to any single Council or Committee member, City staff or member of the audience.  A member of the public addressing the Council or Committee shall not engage in any conduct which disrupts the orderly conduct of any Council or Committee meeting.

b.   No person in the audience at a Council or Committee meeting shall engage in conduct that disrupts the orderly conduct of any Council or Committee meeting, including, but not limited to, the utterance of loud, threatening or abusive language, whistling, clapping, stamping of feet, repeated waiving of arms or other disruptive acts.

c.   All persons attending a Council or Committee meeting shall obey any lawful order or direction of the Presiding Officer or Sergeant-at-Arms.

d.   Members of the audience and speakers shall not wear or display signs, placards, banners, hats, costumes or similar items at any time in the Council Chamber or Committee room that obstruct the view of other audience members.  In no event shall signs, placards, banners, props or similar items be larger than 8 ½ by 11 inches, be illuminated or be attached to any pole, stick or other device.

e.   No person shall interrupt Council or Committee members or the Clerk during a Council or Committee meeting.

f.   No person, other than members of the news media and City staff, shall be admitted into the Council or Committee business area of the Council Chamber or Committee room (separated by a rope or other means from the aisles and public seating area), except upon the request of a Council or Committee member and consent of the Presiding Officer.

g.   No person shall stand or sit within eight feet of either side of the entrance doors to the Council Chambers or a Committee meeting room.  No person shall stand or sit in the center aisle of the Council Chambers or a Committee meeting room without the permission of the Presiding Officer or Sergeant-at-Arms.  Persons in the seating area of Council Chambers or a Committee meeting room shall remain seated and refrain from standing in the seating area unless entering or exiting the seating area or unless having received permission of the Presiding Officer or Sergeant-at-Arms.

The Presiding Officer of the Council or Committee, with the assistance of the Sergeant-at-Arms, shall be responsible for maintaining the order of meetings. The Rules shall be enforced as follows:

The Presiding Officer has the authority to issue a warning to a person violating the Rules.  If the person continues to violate the Rules and disrupt the meeting, the Presiding Officer may

COUNCIL RULES

order that person to leave the meeting.  If the person does not timely leave the meeting, the Presiding Officer may order the Sergeant-at-Arms to remove the person from the meeting.

Any person removed from a meeting shall be excluded from further attendance at that meeting, unless the decision of the Presiding Officer is overruled by a majority vote of the Council or Committee.  The exclusion from the meeting shall be enforced by the Sergeant-at-Arms upon being so directed by the Presiding Officer.  These enforcement provisions are in addition to the authority held by the Sergeant-at-Arms to maintain order pursuant to Rule 80 and pursuant to his or her lawful authority as a peace officer.

Any person failing to leave Council Chambers or a Committee meeting room after being ordered to do so by the Presiding Officer and who willfully resists, delays or obstructs removal by the Sergeant-at-Arms, may be subject to arrest for violation of the Penal Code or Los Angeles Municipal Code.

COUNCIL RULES

## CHAPTER III

### Presiding Officer

13.    The Presiding Officer shall take the Chair at the hour the Council is scheduled to meet, call the meeting to order, and except in the absence of a quorum, shall proceed to business in the manner prescribed by these Rules.

14.    The Presiding Officer shall adhere to and enforce the Council Rules so long as consistent with the Charter and other governing law.   The Presiding Officer may refer to and use Robert's Rules of Order Revised, for guidance, interpretation, or to supplement these Rules.

15.    The Presiding Officer shall preserve decorum and shall decide all questions of order. The decision of the Chair shall prevail unless reversed by the vote of at least eight (8) votes on the question: "Shall the Chair be overruled?" A second is not required and the appeal shall be decided without debate.

16.    The Presiding Officer shall cause all matters filed with, or presented to the Council to be referred to the appropriate Council Committee, except as otherwise provided by the Rules or where required by law to be first presented to the Council.  The Presiding Officer shall cause a memorandum of such references to be furnished to each Councilmember.

However, during a Council session a member may present a duly seconded motion that said member wants placed on the next Council Agenda to be posted for a regular meeting instead of having it referred to a Committee. If such request is approved by the Presiding Officer, he or she shall cause copies of the motion to be distributed to all other Councilmembers on the day received, and shall cause the item to be placed on said requested agenda. When the item appears on the agenda, it specifically shall note that a two-thirds vote of the entire Council is required for the item to be considered at that time. If the item fails to receive the required two-thirds vote, it then shall be referred by the Presiding Officer to the appropriate Committee

17.    The Chair of a Committee, with the approval of the President, may waive consideration of any item pending in that Committee. Upon such waiver the item shall be placed on a Council Agenda to be posted for a regular or special meeting. When the item appears on the agenda, it shall specifically note that a two-thirds vote of the entire Council is required for the item to be considered at that time. If the item fails to receive the required two- thirds vote in order to be considered, it shall then be referred by the Presiding Officer back to the Committee from which it was waived.

COUNCIL RULES

CHAPTER IV

**COUNCIL MEETING DAYS AND TIME,**
**ORDER OF BUSINESS, AND QUORUM**

18.     Regular meetings of the Council shall be held on Tuesday, Wednesday, and Friday of each week in City Hall or, by resolution, in Van Nuys City Hall, recess dates established by resolution and holidays excepted, at the hour of 10:00 a.m.

        The Council may hold special meetings throughout the City. Public facilities shall be selected for off-site Council meetings, Council Committee meetings and ad hoc Council Committee meetings. Preference shall be given to City owned facilities, and if no appropriate public facilities are available, a motion must be presented for the Council's consideration and approval regarding the selection of a site; said motion shall contain all pertinent information, including all associative site costs.

        The City Clerk, with the assistance of the Chief Legislative Analyst, and other involved City departments, shall coordinate with the individual Council offices, the identification of appropriate facilities in each Council District for off-site Council and Council Committee meetings, and all other activities related to the conduct of these meetings. As feasible, all off-site Council meetings shall be broadcast live over the City's municipal access cable system (Channel 35).

19.     All members shall be in their respective seats at said hour of each regular Council meeting and at the time set for the session of any adjourned or special meeting.

20.     Special meetings may be held in City Hall or elsewhere in the City upon the call of the Presiding Officer or of a majority of the members, provided that notice prescribed by law is duly given.

*21.    The City Clerk shall cause to be printed and posted for each meeting a list of all items to be considered at the meeting. The list shall be known as the agenda. The agenda shall contain a brief general description of each item to be transacted or discussed at the meeting. No other business may be considered except as otherwise provided by law.

22.     The agenda shall reflect, and the business of regular meetings of the Council shall be transacted, as far as practicable, in the following order:
        a.    Roll Call.
        b.    Approval of Minutes.
        c.    Commendatory Resolutions.
        d.    Multiple Agenda Item Comment.
        e.    General Public Comment (public testimony on non-agenda items within the jurisdiction of Council).
        f.    Council hearings required by law.
        g.    Items for which required public hearings have been held.
        h.    Items for which required public hearings have not been held.
        i.    Items for which future hearing dates must be set.
        j.    Items called Special.
        k.    Motions for posting and referral.
        l.    Councilmembers' request for excuse from attendance at Council meetings.

<u>COUNCIL RULES</u>

     m.    Closed Session (can be heard early in the meeting).

     n.    Adjourning motions and Council adjournment.

*23.    The Council may act in a regular meeting on an item not posted on its agenda for the meeting if it determines by a two-thirds vote that pursuant to state law there is a need to take immediate action and that the need for action came to the attention of the City subsequent to the posting of the agenda; or, if the item had been continued from a meeting of the body that had occurred not more than five (5) days prior; or, if a majority determines that an emergency, as defined by state law, exists.

24.    Each member shall attend all regular and special meetings (except for illness) unless a leave of absence has been granted by a majority vote at a regular meeting at which a quorum is present.

No leave of absence shall be granted if such will result in a quorum not being present for that meeting.

*25.    Ten members of the Council shall constitute a quorum for the transaction of business, but a smaller number may adjourn from time to time until a quorum is present and may compel the attendance of the absentees. Except as otherwise required by the Charter or other law, or by these rules where not inconsistent therewith, action by the Council shall be taken by a majority vote of the entire membership of the Council.

26.    Whenever a member questions the presence of a quorum, the Presiding Officer shall direct the Clerk to call the roll and announce the result. There shall be no debate. Every member present must respond when his or her name is called.

27.    No member shall be considered present unless the member is within the Council Chamber.

28.    No member shall leave a Council meeting without permission from the Presiding Officer of the meeting. Once permission has been granted, and upon direction by the Presiding Officer, the City Clerk shall remove said member's name from Council's computerized record-keeping system.

29.    Upon a call of the Council, if supported by a majority of the members present, whether quorum or not, the Presiding Officer shall have the power to send the Sergeant-at-Arms with a written order to bring the absent Councilmember forthwith before the Council.

30.    Not used.

COUNCIL RULES

## CHAPTER V

### COUNCIL DISCUSSION AND TIME LIMITS

31.   Members requesting to address the Council shall cause their requests to be tabulated on the Council's computerized record keeping system; however, a member may rise and address the Chair if recognized by the Presiding Officer. When two or more members rise at once, the Presiding Officer shall name the member who shall be first to speak and may consult the Council's computerized record keeping system for assistance. The members shall confine their remarks to the question under debate and shall avoid personalities.

32.   Members may address the Council according to the following order and time limits:

a.   The Committee Chair or acting Chair may open debate if the member so desires; the maker of the original motion which initiated the matter under consideration shall be allowed to speak next, if that member desires; and the member calling the matter "special" may speak next, if that member so desires; this shall constitute the first opportunity for a member to speak.

Whichever of the above members opens debate, he or she shall have up to six (6) minutes to so open debate. Each of the remaining Councilmembers may then speak up to three (3) minutes.

b.   After all members desiring to speak on a question have had an opportunity to be heard once, the time for each member desiring to speak again, or subsequently for the first time, shall be limited to a maximum of three (3) minutes.

c.   The maker of the original motion, then the member calling the matter "special" if such call caused the matter to be debated, and finally the appropriate Committee Chair, in that order, shall thereafter each have up to three (3) minutes additional time to close debate if there has been an intervening speaker before said member last spoke.

d.   A motion calling the "previous question" (to close debate) is not debatable. The maker of the motion calling the "previous question" must specify if the motion applies to the entire matter or portions thereof. Notwithstanding the vote on the previous question, the maker of the original motion and/or the Chair(s) of the involved Committee(s) may be recognized by the Presiding Officer to make closing arguments. If such motion is made after each Councilmember desiring to speak has twice had the opportunity to speak on a question, the call for the previous question may be adopted by eight votes, otherwise ten votes shall be required.

33.   Not used.

9

COUNCIL RULES

## CHAPTER VI

### RESOLUTIONS, CONTRACTS, REPORTS, AND ORDINANCES

34.  Resolutions and motions to amend agenda items under consideration, shall be presented in duplicate to the Presiding Officer and be authorized for distribution to other Councilmembers, unless the Presiding Officer permits, without objection, such motions to be oral. Other resolutions and motions shall be subject to Rule 21.

35.  Commendatory resolutions may be presented at meetings of the Council if the posted agenda so provides.

36.  A motion may be made to substitute one report or action for another on the same subject matter provided there is first a majority vote on the question of whether to substitute.  If approved, a new vote shall be taken on whether to adopt the substituted report or action.

*37.  No contract shall be authorized by the Council until it has been submitted to and approved by the City Attorney as to form and legality.  If the City Attorney questions the legality of any proposed contract or portion thereof, that office shall express its written opinion thereon, to the Council.

38.  Unless otherwise provided herein, no ordinance shall be introduced for adoption by the Council until it has been submitted to the City Attorney for review as to form and legality. If the City Attorney approves the ordinance as to form and legality, the City Attorney will so indicate in the transmittal of the ordinance to Council or to a Council Committee and sign the ordinance as to form and legality.  If the City Attorney questions the legality of any proposed ordinance or part thereof ordered prepared by the Council or a Committee of the Council, the City Attorney shall express the reason(s) for not approving the proposed ordinance as to form and legality in the letter transmitting the ordinance to the Council or a Council Committee and shall not sign the ordinance as to form and legality.  Before transmitting to the Council or to the Committee an ordinance that requires enforcement by an officer, board or commission of the City, the City Attorney, after preparation of the ordinance shall submit it to such officer, board or commission for comment and recommendation.  The City Attorney shall indicate to the officer, board, or commission, whether or not the City Attorney is approving the proposed ordinance and the reasons therefor. Each proposed ordinance, whether or not approved by the City Attorney, shall be delivered to the Office of the City Clerk, who shall present the same forthwith to the Chair of the Committee which has had the subject matter under consideration. The Chair shall review the ordinance, ascertain whether it conforms with the instruction of the Council or the Committee, and shall return it to the City Clerk without unnecessary delay for placement on the Council or Committee Agenda.

This Rule shall not require that any zone change, building line or height district ordinance or any appeal of a zone change, building line or height district ordinance be submitted to the City Attorney for approval as to form and legality.  The City Planning Department shall review such ordinance or appeal and shall consult with the City Attorney to assure that the final ordinance is in proper form, the "Q" conditions are properly prepared and that the correct findings are prepared for Council adoption.   Notwithstanding this exception, the Council, its Planning and Land Use Management Committee, the City Planning Commission, an individual member of an  Area Planning Commission, an Area Planning Commission, or an individual member of the Commission may request City Attorney review. In that event, the regular process otherwise provided by this Rule shall be followed.

COUNCIL RULES

*39.    An ordinance may be adopted upon its introduction if approved by a unanimous vote of all the members of the Council present, provided there shall not be less than 12 members present.

Any Councilmember may withhold unanimous consent to the adoption of an ordinance upon its introduction at Council. If unanimous consent is withheld, or the requisite vote for its adoption is not forthcoming at said time, the ordinance shall be laid over for one week and listed on the posted agenda for another roll call.

*40.    If an ordinance is laid over for a week for another roll call, it may then be adopted by majority vote, unless a different vote is required by Charter or other law; or, it may be amended, or it may be continued to a date certain provided such continuance is not precluded by law.

41.    Any ordinance may be amended by motion in writing prior to its final passage, subject to Charter limitations; provided, that upon amendment it shall be treated as a newly introduced ordinance and be subject to both Rule 38 and further City Attorney review.

42.    Deleted.

43.    Every ordinance, resolution or order, except ordinances for public improvements in connection with special assessment proceedings or final tract maps or parcel maps, shall be referred to the appropriate Council Committee prior to its introduction for adoption or approval by the Council, unless the subject matter of the ordinance, resolution, or order has previously been approved by such Committee.

44.    Not used.

COUNCIL RULES

## CHAPTER VII

### APPOINTMENT AND REMOVAL OF CITY
### COMMISSIONERS AND OFFICERS

45.  Proposed appointments and removals of commissioners or other officers by the Mayor, requiring confirmation or approval by the Council, shall be referred first to the appropriate Council Committee for recommendation and report with respect to the appointment or removal subject to Rule 46.

     A copy of the Mayor's action and notice of the referral shall be transmitted by the Clerk to the Councilmember for the Council district in which the subject of the action resides. Said Councilmember and the members of the Committee, shall be given the opportunity to meet the person who is the subject of the proposal.

46.  In the event the Mayor or the President of the Council has recommended the appointment of a commissioner, and the Council has not acted on the matter or placed it on an agenda for action:

     a.  The Clerk shall give a written notice to each Councilmember not later than the last regular meeting day before the 31st day after the recommendation of the Mayor or the Council President was submitted to Council. The notice shall identify the date of the 45th day provided by the Charter or ordinance that the Council may act after the recommendation was submitted, and the date of said day.

     b.  The Clerk shall place the appointment on the Council Agenda not later than the last regular meeting day before the 38th day after the recommendation was submitted to the Council and shall notify the appointee of that action.

47.  Not used.

COUNCIL RULES

## CHAPTER VIII

### VOTING

48.   a.   When the Presiding Officer directs the roll call, it shall be taken by means of the Council's computerized record keeping system, except where said officer directs that it be taken orally.  If an oral roll call is taken, it shall be taken in alphabetical order, beginning at the left of the President's Chair.

Upon direction of the Presiding Officer, the Clerk shall tabulate the vote in such a manner that the mechanical tabulation of results occurs simultaneously with the visual display of those results.

Every member present when a question is put shall vote for or against the same.  In the event a member fails to affirmatively vote either "yes" or "no," that member will be deemed to have voted "yes," and the member's vote will be recorded as such. Whether the roll call has been mechanically tabulated or oral, the Clerk shall announce the vote. The Presiding Officer shall then announce the disposition of the item.

b.   A member may change his or her vote after it is tabulated, if the change does not affect the outcome of the vote, and if the Council does not object by majority vote to such change.  Otherwise, a member wishing to change his or her vote must receive approval of reconsideration, and a new roll call must be taken.

*49.   Roll calls are required in the granting of franchises, confirmation of appointments, approval of contracts, disposition of property, actions on ordinances, or any action involving the payment of money or the incurring of debt by the City, assessment proceedings, and quasi-judicial actions adopting findings and making determinations, or as otherwise required by law, and motions to reconsider made pursuant to Rule 51. On other matters, if opportunity is given and no objection is raised, the Presiding Officer may announce a unanimous approval of an item under consideration and the Clerk shall so record.

50.   Not used.

COUNCIL RULES

## CHAPTER IX

### DISPOSITION OF ITEMS

51.  Any member of Council may move to reconsider any vote on any question except to adjourn, suspend the Rules, or to reconsider, or where an intervening event has deprived the Council of jurisdiction, provided that said member had voted on the prevailing side of the question. The motion shall only be in order once during the legislative day in which the given question was voted upon, and once during the next regular meeting.

If a motion to reconsider is first made at the next regular meeting after the question first had been voted upon, the member requesting reconsideration shall identify for all members present the agenda number, Council file number and subject matter previously voted upon. A motion to reconsider is not debatable and shall require an affirmative vote of eight members of the Council.

If a motion to reconsider is adopted, the subject matter shall be the next order of business after that which is before the Council at the time of the motion. This limitation shall not apply if the motion for reconsideration specifies a different time for further consideration of the subject and appropriate posting thereafter takes place where required by law.

No ordinance, appropriation measure, contract, or other matter passed by the Council shall be processed to the Mayor or other designated officer or finally acted upon by the City Clerk until the adjournment of the regular Council meeting following the date of the Council action. A motion to send "forthwith," if adopted by 10 votes, shall suspend this Rule and the action of the Council will be final upon the adjournment of the Council meeting and cannot be reconsidered.  Moreover, Council may send "forthwith" items requiring urgent or immediate processing prior to adjournment of the Council meeting. Such items shall be deemed to have been sent "urgent forthwith" and cannot be reconsidered immediately upon the adoption by 10 votes of a Motion to suspend this Rule and send the matter as "urgent forthwith."

52.  An ordinance, appropriation measure, contract, or other matter passed by the Council and required to be submitted to the Mayor, or other designated officer, shall be subject to Rule 51.

53.  If an agenda item or other item has been duly placed before the Council at a Council meeting and the Council has failed by sufficient votes to approve or reject the item, or the Council has not by its vote placed the item beyond its jurisdiction at the meeting, or by operation of law, or by passage of time the Council has not lost the power to act thereon, the item is continued to the next regular meeting unless the Council affirmatively votes to continue the item beyond such next meeting.

Each Council Agenda shall indicate that if the Council has not lost jurisdiction over an item voted upon at the meeting, or caused it to be continued beyond the next regular meeting or placed in the archives, the item is continued to the next regular meeting for the purpose of permitting reconsideration of the vote.

Any item so continued to the next regular meeting shall be considered at said meeting. The Clerk shall provide the Council with, and post a notice of, a list of such items.

COUNCIL RULES

*54.   A motion to withdraw a matter from a Committee shall be referred by the Presiding Officer to the Clerk for placement on the next agenda to be posted for a Council meeting. The motion to withdraw may then be adopted by majority vote after two weeks from the time the matter was originally referred to Committee, or by a two-thirds vote if the matter had been referred to Committee less than two weeks before Council action on the motion to withdraw. Adoption of the motion to withdraw places the matter before the Council.  The motion to withdraw must have attached thereto a copy of the underlying matter being withdrawn.

Unless such a motion to withdraw appears on the posted agenda for the meeting, the Council must, as a part of said action, determine by a two-thirds vote that pursuant to state law there is a need to take immediate action and that the need for action came to the attention of the City subsequent to the posting of the agenda.

55.   Not used.

COUNCIL RULES

## CHAPTER X

## SPECIAL MEETINGS

\*56.    The proceedings of special meetings of the Council and its Committees shall be limited to those items provided for on the agenda of the meeting. The agenda for special meetings shall be posted at least 24 hours before the meeting.

57.    Not used.

16

COUNCIL RULES

CHAPTER XI

**COMMITTEES AND COMMITTEE MEETINGS**

*58.   The Standing Committees of the Council shall be those provided pursuant to Section 242(b) of the Charter and their duties and functions shall be as prescribed in the Charter, ordinances, resolutions and these Rules.

59.   The President shall appoint all Standing Committees and their Chair and Vice Chair. Special Committees shall be appointed by the President unless the Council-adopted action creating the Committee provides a different method of appointment.

The Vice Chair of a Committee shall preside at all meetings of the Committee in the absence of the Chair and attend to the affairs of the Committee in the absence of the Chair.

The President-designated third member of a Committee shall preside as Chair at meetings of the Committee in the absence of both Chair and Vice Chair, when there has been at least one substitute appointment to the Committee by the President and a quorum is present.

60.   It shall be the duty of the Chair of a Committee, or in his or her absence, the Vice Chair, or in absence of both, then the Chair Pro Tempore to request the President of the Council to appoint a Councilmember temporarily to serve on the Committee in the absence of a regular member of the Committee.   The President shall notify the City Clerk of his or her appointment.

*61.   The agenda for each regular meeting of a Council Committee shall be posted at least 72 hours before the meeting. It shall contain a brief general description of each item of business to be transacted or discussed at the meeting.

62.   Each Committee shall provide an opportunity for members of the public to address the Committee on each agenda item before or during the Committee's consideration of the item consistent with Rule 7. A member of the public wishing to speak on only one item that is eligible for public comment shall be given an opportunity to speak on that item for up to one minute when or before that item is considered by the Committee. Similar to Rule 7, a member of the public wishing to speak on more than one agenda item at a single Committee meeting shall combine and present his or her comments addressing the agenda items during the segment at or near the beginning of the Committee meeting during a "Multiple Agenda Item Comment" segment. A member of the public speaking on more than one agenda item shall be allowed to speak for up to one minute per item up to a total of two minutes per meeting. This will be the only opportunity to speak, other than during General Public Comment, for those members of the public who have submitted speaker cards on more than one Committee agenda item. The Council has determined that a cumulative total of eight minutes is a reasonable minimum amount of time for the Multiple Agenda Item segment of each regular Committee meeting. On each Committee meeting agenda, the Clerk shall designate any agenda items that are linked by a common specific issue. The Presiding Officer may allow members of the public who submit speaker cards on linked agenda items to make their public comment when the items are considered by the Committee.

54

COUNCIL RULES

CHAPTER XI

63.   During each Committee regular meeting, the Committee shall provide a member of the public the opportunity to address the Committee on non-agenda items within the subject matter jurisdiction of the Committee consistent with Rule 7.  This shall be referred to as "General Public Comment," which generally shall be taken up during the beginning segment (General Public Comment) of each regular meeting.  Each speaker shall be limited to one minute of general public comment per meeting.  The Committee shall not discuss or take action relative to any general public comment unless authorized by Section 54954.2(b) of the Government Code.  The Council has determined that a cumulative total of eight minutes is a reasonable minimum amount of time for the General Public Comment segment of each regular Committee meeting.  If the Committee does not have a quorum of Committee members present, an official Committee meeting shall not proceed.  However, in the absence of a quorum and therefore outside the context of an official Committee meeting, the Committee Chair, at his or her discretion, may hear from members of the public who came to attend the Committee meeting.  If the Committee Chair hears from members of the public when there is no quorum, the rules pertaining to public comment with respect to a Brown Act meeting do not apply.  If a quorum of Committee members is later established, the Committee shall convene into its official Committee meeting and general public comment and public comment on agenda items shall be allowed even if members of the public were heard by the Committee Chair during the time no quorum was established.

*64.   A Committee of the Council may act in a regular meeting on an item not posted on its agenda for the meeting only if it determines by a two-thirds vote that pursuant to state law  there is a need to take immediate action and that the need for action came to the attention of the City subsequent to the posting of the agenda; or if the item was continued from a meeting of the committee which occurred not more than five (5) days prior to which it had been posted; or if a majority determines that an emergency, as defined by state law, exists.

65.   No person shall be permitted to interrupt Committee members or the Clerk during a Committee meeting.

66.   Members of a Committee shall attend all meetings and remain until the Committee adjourns unless excused by the Chair.

67.   All Standing Committees of the Council shall meet regularly at least once each month, and the Clerk shall cause information to be printed on paper as well as posted on the Internet giving notice of the time and place of the holding of all regularly scheduled Committee meetings.  Special meetings of Committees may be held in City Hall or elsewhere in the City upon call of the Chair or of a majority of the members of the Committee, provided that notice is duly given and posted as prescribed by law.

68.   Committees shall report their findings and recommendations on matters referred to them to the Council.

COUNCIL RULES

CHAPTER XI

69.   Committee reports shall reflect only that which transpired at the Committee meeting, and whether the public was afforded the opportunity to address the Committee on the item. If the majority of the entire Committee has reached an agreement on a recommendation, they shall sign the Committee report. If a majority of the members of the entire Committee are not in agreement on a recommendation, they shall sign the

report and it shall be noted that the report is submitted to the full Council without recommendation. Reports submitted without recommendation would require a Council motion to take an action on the file. A majority vote of Council would be required to approve the action recommended, unless a different vote is required by law. Nothing contained herein shall prevent a minority of the Committee from submitting its report at the time the majority report is submitted; however, a minority report is for information purposes only unless by adoption of a motion it is substituted for the majority report.

70.   Nothing contained herein shall prevent one member of a Committee from submitting a communication and the applicable Council file to the Council if said file had been on the agenda of the Committee for a duly noticed regular or special meeting attended by said member, and the Committee had failed to act due to lack of a quorum.

The Clerk shall place the communication as an item on the agenda for a future meeting as may be requested by the member so long as it complies with the public notice requirements of these Rules and other applicable law.

Communications from Committee members under this Rule require a motion adopted by ten (10) votes of the Council to consider the item, and thereafter a majority vote to approve, modify, or reject is required, unless a different vote is required by law. When the item appears on the agenda, it specifically shall note that a two-thirds vote of the entire Council is required for the item to be considered at that time. If the item fails to receive the required two-thirds vote for consideration, it then shall be referred by the Presiding Officer to the appropriate Committee.

71.   Committee action shall be by majority vote of the entire Committee. A member of a City Council Committee who is present when a question is put to that Committee shall vote on that question at the call of the roll thereon. In the event a member fails to affirmatively vote either "yes" or "no," that member will be deemed to have voted "yes," and the member's vote will be recorded as such.

72.   The Presiding Officer shall indicate when a matter is to be referred to two or more Committees for separate action of each Committee. The Committees may then meet separately or together. However, a majority of the members of each Committee shall be required to be present for quorum purposes of each said Committee, and shall be required to sign any report involving matters acted on by them.

The Presiding Officer shall also indicate when a matter is to be referred to two or more Committees for joint action. In said event it shall only be considered by a joint Committee composed of the members of said separate Committees at a duly posted meeting as agreed upon by the Chairs of the respective Committees. A majority of the total number of the Committee members shall be required to be present at a joint Committee meeting for quorum purposes and for any report of the joint Committee.

COUNCIL RULES

## CHAPTER XI

73. A Committee may refer a Council file to one or more other Committees for information and return; however, with the concurrence of the Council President and notice to the City Clerk by the Council President, a file may be transferred to another Committee for report directly to the Council.

74. Subject to the requirements of state law, any member of the Council may attend any open-session meeting of a Standing Committee; a Committee or task force created by the Council or the President of the Council, whether created by appointment or by ordinance; or the Board of Referred Powers.

75. Not used.

## CHAPTER XII

### RULES

*76.   These Rules or any one or more of them, except those marked by an asterisk (*), may be suspended by a vote of two-thirds of the members of the Council, unless other legal impediments exist.

77.   An affirmative vote of two-thirds of all members of the Council shall be necessary to amend these Rules.  Each proposed Rule amendment shall be presented to the Council and then laid over one week before it can be adopted.

78.   A copy of these Rules and each Council and Council Committee agenda shall be available for public review at the Office of the City Clerk.

79.   Not used

COUNCIL RULES

## CHAPTER XIII

## ASSIGNED DUTIES

80.   The Sergeant-at-Arms of the Council shall be a police officer assigned by the Chief of Police. There shall be at least one member so assigned and present at each meeting of the Council.  The officer shall maintain order and enforce the orders of the Council and the Presiding Officer. Fifteen minutes before any Council meeting and while Council is meeting, the officer shall remove all unauthorized persons from the business area of the floor of the Council and conduct them to the seating area reserved for the general public.

81.   It shall be the duty of the City Clerk to keep a complete record of the proceedings of the City Council meeting in the form of a Journal and to have the Journal containing the proceedings of the meeting printed and copies thereof, placed in the hands of each member of the Council, before the second succeeding regular meeting convenes. All reports submitted by Committees, and communications submitted under Rule 70 shall constitute a part of the proceeding for each meeting.

82.   The City Clerk shall keep index records convenient for reference of all matters introduced or presented to the Council and its Committees, together with a complete chronological record of all actions taken thereon by the Council and its Committees.

83.   The City Clerk shall notify all members of the Council of the time set for any special or adjourned meetings, and shall, at the request of the Chair of a Committee, call all members of the Committee and notify parties interested in the matters pending before Committee as to the time and place and subject matter of the meeting.

84.   The minutes from each Council meeting shall be signed by the officer presiding at that meeting and by the Clerk, after approval of said minutes by the Council.

*85.   Representatives of the City Attorney, the City Clerk, and the Chief Legislative Analyst shall attend all Council meetings for the purpose of giving necessary service and advice. Unless the Council objects, the Presiding Officer at his or her discretion, may excuse any or all of said representatives except the City Clerk, from attending any Council meetings when it appears to said officer that the matters to be considered at the meeting will not require the services of the excused representative. The City Clerk representative shall act as Clerk for those meetings and shall maintain a record of proceedings at all Council and Council Committee meetings, and shall record the "ayes" and "noes" upon all questions, as provided in Rule 48.

Representatives of the City Administrative Officer, the Controller, the City Engineer, and other City offices, bureaus, and departments may attend Council when in their opinion such is necessary.  If not in attendance they shall respond without delay to a request of the Council or the Presiding Officer for attendance at the meeting to furnish advice and necessary service.

86.   Not used.

COUNCIL RULES

CHAPTER XIV

**CENSURE PROCEDURES FOR THE LOS ANGELES CITY COUNCIL**

87.   Disapproval
The Council may adopt a resolution of disapproval in the same way as provided for the adoption of any resolution, provided that the Councilmember who is the subject of the resolution is permitted to speak in his or her defense prior to action on the motion for adoption of the resolution. However, the fact that the Councilmember who is the subject of a disapproval resolution does not choose to respond to the resolution or does not attend the meeting at which the resolution is to be adopted shall not prevent the Council from adopting the resolution, provided the Councilmember had actual notice of the inclusion of the resolution on the agenda and had a reasonable opportunity to attend the meeting.

88.   Censure
A request for censure of a member of the Council may be submitted to the City Clerk by any member of the Council. The request shall contain the specific charges on which the proposed censure is based. The request for censure shall be considered by a five member ad hoc Committee of the Council established by the President of the Council or, if the President is the subject of the censure, then established by the President Pro Tempore. The ad hoc Committee shall not include the member making the request or the member who is the subject of the request. The City Clerk shall deliver a copy of the request for censure and the charges to each member of the Council at least 72 hours prior to the first meeting of the ad hoc Committee at which the request will be first considered. The Committee shall permit testimony from both the member making the request and the member subject to the request and shall determine whether: (a) further investigation of the charges is required in order to determine if a censure hearing is warranted; or (b) the matter is to be set for censure hearing; or (c) no further action should be taken with respect to the request. The Committee shall present its recommendations to the Council for its consideration and action as provided below.

If the ad hoc Committee determines no further action should be taken with respect to the request, the Committee shall report that to the Council at its earliest opportunity. If the Committee determines that further investigation is required, the Committee shall conduct an investigation, arrive at its recommendation, and report its conclusions, findings and a summary of its proceedings to the Council at its earliest opportunity. If the ad hoc Committee does not report its recommendations and findings to the Council within 30 days of the formation of the Committee and receipt of the request for censure, the matter shall automatically be sent to the Council for its consideration.

Upon receipt of the report of the ad hoc Committee, or at the expiration of the time for the ad hoc Committee to report, Council shall place the matter on its agenda to determine whether or not a censure hearing is warranted. If the Council decides to set the matter for a censure hearing, it shall schedule it no sooner than two weeks after its determination to hear the matter. It may not schedule the matter during any previously scheduled excused absence of the subject Councilmember. Written notice of the hearing shall be delivered in person to the member of the Council subject to the censure hearing or to the member's City office as least ten (10) days in advance of the scheduled hearing.

COUNCIL RULES

At the censure hearing, the member of the Council who is the subject of the request for censure shall be given the opportunity to make an opening and a closing statement, to call witnesses on his or her behalf and to question his or her accusers. The member subject to the charges may be represented by a person or persons of his or her choice whether or not an attorney at law and may have that representative speak or question witnesses on his or her behalf. The questioning or cross-questioning of witness may be reasonably limited by the person chairing the hearing.

Testimony shall be taken only from witnesses having direct knowledge of facts or circumstances relevant to the specific charges under consideration. However, the rules of evidence and judicial procedure applicable in courts of law shall not be application to this hearing, and the procedures shall be generally informal.

COUNCIL RULES

CHAPTER XV

**MISCELLANEOUS PROVISIONS**

*89.   All tort claims filed with the City Clerk for presentation to the Council shall first be referred to the City Attorney for report and recommendation to the Council. In the event that by reason of applicable law any such claim shall be deemed denied because of lack of action thereon by the Council within the time specified by such law and the Council has not acted thereon within such applicable time limitation, the City Clerk shall file the report and recommendations of the City Attorney thereon without presentation to the Council and the City Clerk shall notify the claimant of such action and the reason therefor.

90.   Whenever Council office space becomes vacant, all requests by Councilmembers for such office space or for office furniture or equipment shall be submitted to the President of the Council, for review. The President shall consider all the factors involved, including Council seniority.

*91.   The Council shall not consider any resolution, motion, or matter which does not affect the conduct of the business of the City of Los Angeles or its corporate powers or duties as a municipal corporation nor shall the Council consider any resolution or motion supporting or disapproving any legislation or action pending in the Legislature of the State of California, the Congress of the United States, or before any officer or agency of said State or nation unless such proposed legislation or action, if adopted, will affect the conduct of the municipal business or the powers and duties of the City of Los Angeles or its officers or employees. This Rule may only be invoked before deliberation and by ten (10) affirmative votes on the question: "Shall the Council consider this matter"?

92.   The Los Angeles City Council Memorial Media Center (Media Center) is to be used primarily for the purpose of facilitating the exchange of information between members of the City Council and the news media. It is intended for the exclusive use of City elected officials and staff, and their invited guests, with Councilmembers having first priority on its use.

   All personal interviews and photo sessions with Councilmembers and others should be held within the confines of the Media Center whenever possible; however, no such activities may be held in the hallway adjacent to the Media Center at the entrance to the Council Chamber while it is in use.

   The Media Center will be open from 8:30 a.m. until 4:30 p.m., Monday through Friday, exclusive of holidays.

   Scheduling of the use, operation and the setup of the Media Center for various events, shall be the responsibility of the Chief Legislative Analyst. Requests for its use should be in writing, and events will be scheduled as far in advance as practical. All requests shall be handled on an as received basis, with Councilmembers having priority for its use in the event of conflicting requests by other elected City officials.

COUNCIL RULES

In the event of other or conflicting requests for the use of the Media Center, the President of the Council shall have authority to approve such request or resolve any such conflicts in consultation with those involved.

The Sergeant-at-Arms will control access to the Media Center in accord with its intended and scheduled use. The Sergeant-at-Arms will also maintain order, and enforce the rules and orders of the Council and the Presiding Officer regarding its use.

93.     The purpose of cablecasting various meetings and events of the Los Angeles City Council, its Committees, and its members is to enhance the awareness and education of the general public regarding the actions and deliberations of the City Council and its members. The following provisions are adopted pursuant to that purpose:

a.      COUNCIL MEETINGS

All City Council meetings shall be cablecast, except for meetings or portions of meetings which are closed to the public, or when the Council directs otherwise. Cable television coverage of City Council meetings shall be gavel-to-gavel, and, whether presented to the public live or taped, are not to be edited or subjected to editorial comments. Cameras used for the gavel-to-gavel coverage shall be owned by the City and operated only by City employees or persons under contract with the City. Cameras shall be operated so that they are focused only on the officially recognized speaker, and on any visually displayed information being shown. A City- operated character generator at the bottom of the picture may indicate the name and title of the officially recognized speaker, and an identification of the matter(s) being considered by the Council when appropriate and possible. No "reaction" shots will be permitted.

The City Clerk's minutes shall remain the official records of the Council proceedings, and video or audio tapes may be used as an aid in the preparation of those minutes.

b.      COUNCIL STANDING COMMITTEES, SPECIAL OR AD HOC COMMITTEES, TASK FORCES, AND OTHER SPECIAL EVENTS OR MEETINGS.

Live Coverage

Meetings of Council Standing Committees, special or ad hoc Committees, task forces, and other events scheduled by City elected officials may be televised live over the City's municipal access cable system (Channel 35), provided such events are held in Council Chamber (Room 340) or in the Council's Memorial Media Center (Room 336), and all of the following conditions are met:

(1)     A written request for such live cable television coverage has been submitted to the Council President by the elected official who is chairperson or the person responsible for scheduling the meeting or event, and such request has been approved in advance of the event by either the Council President or by Council action at the option of the President.

26

63

(2)     The date and time of such live cable television coverage are not in conflict with a regular or special Council session; a meeting of a Council Standing Committee regularly scheduled for the Council Chamber; or a special or ad hoc committee, task force, or an event which has been scheduled for the Council Chamber or the Memorial Media Center at least 24 hours prior to the President receiving the written request for live cable television coverage of the meeting or event, unless the Council acts to approve the preemption by such live cablecasting of the meeting or event.

(3)     The meeting or event is directly related to matters under the jurisdiction of the Council, unless the Council has acted to approve the meeting or event being held in Council Chamber or the Memorial Media Center and the live cablecasting of the meeting or event.

(4)     All of the provisions for the live cable televising of Council meetings are meet.

Video Taped Coverage

All or portions of meetings of Council, standing Committees, special or ad hoc committees, task forces, or other events that are scheduled and held in the Council Chamber, a Council Committee meeting room, or the Memorial Media Center, or other approved location may be videotaped for a later telecasting over the City's municipal access cable system (Channel 35).

The Chair of the Committee or task force, subject to being overruled by a majority vote, or the person scheduling the event shall decide whether all or a portion of the meeting is to be videotaped. Such videotaping should be consistent with provisions relative to live coverage of meetings whenever possible, but "editing" and "reaction shots" shall not be permitted.

Pending, and until, the implementation of municipal cable television program policy guidelines, the General Manager of the Information Technology Agency shall consult with the Chairperson of the Committee or task force or the person in charge of the event as the case may be, and the President of the Council, to decide if and when all or portions of the videotape(s) of the meeting or event will be cablecast on Channel 35. However, such cablecasting shall not be in conflict with the regularly scheduled cablecasting of Council sessions or other live coverage of meetings, unless it is so directed by the President or by action of the Council at the option of the President.

INDEX

APPENDIX

## VERBAL MOTIONS

| | | Need for Second | Vote | Debat-able | Can Be Recon-sidered |
|---|---|---|---|---|---|
| | | | 8 | | |
| (a) | Amend or substitute: | Yes | | Yes | Yes |
| (b) | Adjourn: | Yes | 8 | No | No |
| (c) | Adjourn (proceed to): | Yes | 8 | No | Yes |
| (d) | Close Debate (previous question) | | | | |
| | If all had opportunity to speak twice: | Yes | 8 | No | Yes |
| | If they did not: | Yes | 10 | No | Yes |
| (e) | Continue (postpone) to a time or date certain: | Yes | 8 | Yes | Yes |
| (f) | Divide Question: | Yes | 8 | No | No |
| (g) | Forthwith (suspend Rules): | Yes | 10 | No | No |
| (h) | Lay on Table temporarily or remove: | No | Chair | Yes | No |
| (i) | Point of order or Privilege: | No | Chair | No | No |
| (j) | Overrule the Chair: | No | 8 | No | No |
| (k) | Reconsider: (by member on prevailing side only) | Yes | 8 | No | No |
| (l) | Withdraw from Committee | | | | |
| | Over 2 weeks: | Yes | 8 | Yes | Yes |
| | Less than 2 weeks: | Yes | 10 | Yes | Yes |
| (m) | Suspend the Rules (forthwith, or take out of order): | Yes | 10 | No | No |
| (n) | Vetoes**: | Yes | Variable | Yes | No |

**On veto votes, an "aye" vote overrides, a "no" vote sustains the Mayor on the question Notwithstanding the veto (or objections) of the Mayor, I move the re-adoption of the ordinance (other)."

28

INDEX

## A

**ABSENCE OF COUNCILMEMBER**
From Committee Meetings                                        59, 60, 66
From Council Meetings                                              22, 24
Replacing at a Committee Meeting                                        60
Summoning Member to Council                                             29

**ACTION, COUNCIL**
Chronological Record of                                        81, 82, 84
Failure to Take Action                                                  53
Items Not on Agenda                                                     23

**ADJOURN**
Meetings                                                          22, 25

**AGENDA OF COUNCIL MEETINGS**
Action on Items Not on                                                  23
Compiled and Printed by City Clerk                                      21
Contents of                                                        21, 22
Defined                                                                 21
Items, Designation of                                                    6
Order of Business                                                       22
Ordinances on                                                6, 38, 39, 53
Posting for Council                                                  6, 56
Posting for Special Meetings                                            56
Unfinished Business, Continued on                                       53

**APPEAL**
From Decision of Chair                                                  15

**APPOINTMENTS**
By Council President or Presiding Officer                        4, 5, 59, 60
Of Assistant Pro Tempore                                                 4
Of Council Committees                                                   59
Of Temporary Chair                                                       5
Of Temporary Members of Committees                                      60
By Mayor
Clerk's Duties                                                          46
Council Action on                                                       46
Meeting Council District Member                                    45
Referred to Committee                                              45

**APPROPRIATIONS**
Presentation to Mayor                                             51, 52

**ARCHIVES**
Placement in                                                            53

INDEX

**ASSESSMENT PROCEEDINGS**
Ordinances re                                                    43
Roll Call, No Suspension of                                      49

**ASSISTANT PRESIDENT PRO TEMPORE**
Appointment and Duties                                          4

**ASTERISK**
Use re Suspension of Rules
(*Marks Rules which May Not Be Suspended)                       76

**ATTENDANCE AT MEETINGS**
Members                                    19, 24, 28, 29, 60, 66, 74
Other City Officers                                            85
Right of Members to Attend Closed Meetings                      74

**B**

**BOARDS**
Communications from                                         16, 22
Confirmation of Appointment or Removal of
    Members                                                45, 46

**BUSINESS, COUNCIL**
After Reconsideration of Vote                                  51
Agenda                                                  6, 21, 22
Index and Chronological Record of                             82
Matters Not on Agenda                                      23, 56
Non-City Matters                                             91
Order of                                                     22
Unfinished, Continuation of                                   53

**BYPASS OF COMMITTEES**
Motions                                                      16

**C**

**CENSURE**
Procedures                                                 87, 88

**CHAIR**
Addressing, Method of                                        31
Election                                                      1
Overrule of                                                  15
Replacement or Removal of                                    3
Temporary Occupancy of                                       5

**CHANGE OF VOTE**
When Permissible                                          48(b)

**CHIEF LEGISLATIVE ANALYST**
Council Meetings, Attendance at                              85

30

INDEX

**CITY ADMINISTRATIVE OFFICER**
Council Meetings, Attendance at     85

**CITY ATTORNEY**
Contracts, Approval as to Form and Legality     37
Council Meetings, Attendance at     85
Opinions, Written     37, 38
Ordinances, Approval as to Form and Legality     38, 41
Tort Claim Referral and Report     87

**CITY CLERK**
Duties re Council
    Agenda, Compile and Deliver     21
    Agenda, List of Items Continued     53
    Agenda, Placing on Without Referral to
      Committee     3, 16
    Appointment of Temporary Committee Member
      Notice,     60
    Availability of Copy (Agenda and Rules)     78
    Council and Committee Actions, Keep Records
      and Index of     82
    Election of President, Preside Over     1
    Interruption     9, 65
    Journal, Compile and Deliver     81
    Meetings
      Committee, Attend     85
      Council, Attend     85
      Notice re     21, 56, 83
    Standing Committees, Information     67
    Minutes, Sign     84
    Motion to Withdraw an Item from Committee     54
    Notice re Commissioner Confirmation Date     46
    Ordinances
      Place on Agenda     38
      Present to Mayor     51, 52
      Referrals of Items to Committees     16, 73
      Roll Call of Members     26, 48, 49, 71
      Vote, Announce or Record     48, 71
    Tort Claims, Referral and Special Duties     89

**CITY ENGINEER**
Council Meetings, Attendance at     85

**CLAIMS, TORT**
Referral, and Clerk's Duties     87

**CLOSE DEBATE**
Motion for Previous Question     32(d)

**COMMENDATORY RESOLUTIONS**
Presentation     22, 35

INDEX

**COMMISSIONERS**
Appointees Meeting with Committees and District
  Councilmember ................................................................................................. 45
Confirmation of Appointment and Removal ......................................................... 45, 46

**COMMITTEES, COUNCIL**
Action, Record of ................................................................................................. 82
Agenda ........................................................................................................... 61, 64
Bypass of Referral to ........................................................................................... 16
Communication from One Member ....................................................................... 70
Matters Waived from ............................................................................................ 17
Matters Withdrawn from ....................................................................................... 54
Meetings
  Acting on Items Not on Agenda ........................................................................ 64
  Announcement of .............................................................................................. 61
  Attendance by Member ................................................................................ 66, 74
  Cablecast of .............................................................................................. 93(b)
  Interruption ....................................................................................................... 65
  Joint or Separate .............................................................................................. 72
  Majority Vote .................................................................................................... 71
  Notice .................................................................................................. 56, 67, 83
  Posting Agenda ................................................................................................ 61
  Public Hearing Opportunity ................................................................. 7, 62, 63, 69
  Quorum ....................................................................................................... 70, 72
  Reports of ......................................................................................................... 69
  Special Meetings .............................................................................................. 59
  Time and Place of ............................................................................................ 67
  Vote .................................................................................................................. 71
  Who Presides .................................................................................................... 59
Referrals to and between ........................................................................... 16, 72, 73
Reports and Communications ......................................................................... 69, 70
Standing Committees
Appointment of .................................................................................................... 59
  Chair ................................................................................................................. 59
Appointment of .................................................................................................... 59
  Duties .......................................................................................................... 58, 60
  Members ........................................................................................................... 59
Appointed by ....................................................................................................... 59
  Excuse from Meetings ...................................................................................... 66
  Functions .......................................................................................................... 58
  Temporary Appointment (and Notice of Clerk re) .............................................. 60
  Withdrawal from ................................................................................................ 54

**COMMUNICATIONS**
From a Committee Member ................................................................................... 70
On Agenda ....................................................................................................... 22, 70
Order of Business ................................................................................................. 22
Received from City Officials, Departments ..................................................... 16, 22
Vote Required ....................................................................................................... 70

## INDEX

Rule

**COMPUTERIZED RECORD KEEPING SYSTEM**
Use of ............................................................................. 31, 48

**CONTINUED ITEMS**
Disposition ...................................................................... 53

**CONTRACTS, FORM AND LEGALITY**
Approval of ...................................................................... 37
City Attorney's Opinion re ................................................ 37
Presentation to Mayor ..................................................... 51, 52

**CONTROLLER**
Council Meetings, Attendance at ..................................... 85

**COUNCIL, CITY**
Admittance to Business Area ........................................... 10
Cablecast of ..................................................................... 18, 93(a)
Censure procedures ......................................................... 87, 88
City Clerk Attend Meetings .............................................. 85
Discussions and Debate
   Appeal of Chair Ruling, Not Debatable .................... 15
   Interruptions Prohibited ........................................... 9, 80
Opening and Closing ....................................................... 32
   Recognition for Discussion ...................................... 31
   Time Limits .............................................................. 32
Meetings of ...................................................................... 18
Notice .............................................................................. 6, 21, 56
Members, Rights, and Duties
   Attendance at Meetings .......................................... 24, 27, 28, 74
   Minutes ................................................................... 84
   Speaking at Meetings .............................................. 31, 32
Voting at Meetings ........................................................... 84
Officers
   Assistant President Pro Tempore ............................ 4
   President ................................................................. 1
   President Pro Tempore ............................................ 2
Order of Business ............................................................ 22
Public Hearing Opportunity ............................................. 7, 8, 11, 22
Quorum ............................................................................ 25
Recess ............................................................................. 18

**D**

**DECORUM,**
Rules of ........................................................................... 12

**E**

**ELECTION**
President .......................................................................... 1
President Pro Tempore ..................................................... 2

33

## INDEX

Rule

**F**

**FILES**
Transfers to Other Committees                                73

**FORTHWITH TO MAYOR**
Motion to Send                                               51, 52

**H**

**HEARINGS**
Continued                                                    53
Order of Business                                            22
Public                                        7, 8, 11, 22, 62, 63
Special Time Set for                                         22

**I**

**INDEX**
Council Records                                              82

**INTERRUPTIONS**
Of Meetings                                                  9, 65, 80

**J**

**JOURNAL**

Compilation and Delivery                                     81
Proceedings Recorded in                                      81

**L**

**LEAVE OF ABSENCE**

Provision for                                                22, 24

**M**

**MAYOR**
Appointments of, Action on                                   46
Forthwith, Motion                                            51, 52
Messages
   On Agenda                                                 22
   On Journal                                                81
   Order of Business                                         22
   Referral                                                  16

**MEDIA CENTER**
Use of                                                       92

**MEETINGS, COUNCIL**
Attendance
   City Clerk                                                85

**INDEX**

|  | Rule |
|---|---|
| **MEETINGS, COUNCIL (continued)** |  |
| Councilmembers | 19, 24 |
| News Media | 10 |
| Officials' Representatives | 10, 85 |
| Cablecast of | 18, 93(a) |
| Interruption | 9, 80 |
| Notice | 6, 21 |
| Order of Business | 22, 56, 83 |
| Order Maintained at | 15, 80 |
| Presiding Officer at | 1, 2, 4, 5, 13 |
| Proceedings |  |
| Agenda of | 6, 21, 22 |
| Committee Reports Part of | 22, 69, 81 |
| Journal of | 81 |
| Notice | 6, 21, 56, 83 |
| Order of Business | 22 |
| Quorum | 25 |
| Recorded by City Clerk | 81 |
| Rules Governing | 14 |
| Speakers, Rules Governing |  |
| Members | 31, 32 |
| Public | 8, 9, 11,12 |
| Time Held | 18 |
| Voting at | 48, 49 |
| Special |  |
| Attendance | 19 |
| Notice of | 20, 21, 56, 83 |
| Proceedings Limited | 21, 56 |
| Time Held | 56, 83 |
| **MEETINGS, COUNCIL COMMITTEE** |  |
| Cablecast of | 18, 93(b) |
| Joint | 72 |
| Regular | 67 |
| Agenda | 61 |
| Public Hearings | 7, 62, 63, 65,69 |
| Reports and Communications | 69, 70 |
| Votes | 71, 72 |
| Special | 18, 56, 67 |
| **MINUTES** |  |
| Approval | 22 |
| Signing | 22, 84 |
| **MOTIONS** |  |
| Amend Ordinance | 41 |
| Approve or Reject Mayor's Appointment of Removals | 45 |
| Bypass Committee | 16 |
| Forthwith | 51, 52 |
| Introduce Ordinance | 39 |
| Items Not on Agenda | 23 |

**INDEX**

|  | Rule |
|---|---|
| **MOTIONS (continued)** | |
| Need for Second | Appendix |
| Not Consider as City Business | 89 |
| Order of Business | 22, 51 |
| Place on Future Agenda | 3, 16 |
| Previous Question (Close Debate) | 32(d) |
| Quorum Call | 29 |
| Reconsider, How to | 51 |
| Reconsideration, Availability | Appendix |
| Refer to Committee | 16 |
| Replace or Remove President or President Pro Tempore | 3 |
| Substitute | 36 |
| Suspension of Rules | 76 |
| Vote on | Appendix |
| Whether Debatable | Appendix |
| Withdraw from Committee | 54 |

**N**

| **NEWS MEDIA** | |
|---|---|
| Admittance | 10 |

| **NOTICES** | |
|---|---|
| Amendments of Council Rules | 76 |
| Before Confirmation of Appointment of Commissioners | 46 |
| Council Meetings | 6, 21, 56, 83 |
| Council Committee Meetings | 56, 61, 67, 83 |

**O**

| **OFFICES AND DEPARTMENTS** | |
|---|---|
| Attendance at Council Meetings | 85 |
| Communications from Officers and Commissioners | 16, 22 |

| **OPINIONS, CITY ATTORNEY** | |
|---|---|
| Contracts | 37 |
| Ordinances | 38 |

| **ORDERS** | |
|---|---|
| Enforcement of | 29, 80 |
| Of Business | 22 |
| Referral to Committee | 43 |

| **ORDINANCES** | |
|---|---|
| Adoption | 39, 40 |
| Amendment | 41 |
| City Attorney Opinion on | 38 |
| Consideration, First and Second | 22, 39, 40, 41 |
| Continued Hearing | 22, 40 |
| Delivery to City Clerk | 38 |
| Form and Legality, Approval of | 38, 41 |

**INDEX**

| | Rule |
|---|---|
| **ORDINANCES (continued)** | |
| Index Record of | 82 |
| Laid Over One Week | 39, 40 |
| Presentation to Mayor | 51, 52 |
| Referral to Committee | 43 |
| Special Assessments | 43 |
| Tract Maps | 43 |
| Withhold Unanimous Approval | 39 |

**P**

| | |
|---|---|
| **POLICE** | |
| Representative at Council Meetings | 80 |
| | |
| **POSTING** | |
| Committee Agenda | 56, 61 |
| Council Agenda | 6, 56 |
| | |
| **PRESIDENT OF COUNCIL** | |
| Duties | |
| Appointment of Assistant President Pro Tempore | 4 |
| Appointment of Committees and Chairs | 59 |
| Appointment of Temporary Committee | |
| Member and Notification to Clerk | 60 |
| Assignment of Space, Equipment and Furniture | 90 |
| Election of | 1 |
| Meetings | |
| Call to Order | 13 |
| Chair, Appoint Temporary | 5 |
| Members | |
| Compel Attendance | 29 |
| Permission to Leave | 28 |
| Minutes, Sign | 84 |
| Officials, Excused Absence | 22, 24 |
| Order | |
| Preserve | 15 |
| Rules, Enforcement of | 14, 15 |
| Questions, Decide | 15 |

**R**

| | |
|---|---|
| **RECEIVE AND FILE** | |
| Order to Place in Archives | 53 |
| | |
| **RECESS, COUNCIL** | |
| Resolution Requirement | 18 |
| | |
| **RECONSIDERATION** | |
| Motion to Reconsideration | 51 |
| | |
| **RECORDS** | |
| Proceedings | 8 |

## INDEX

| | Rule |
|---|---|
| **REMOVAL OF** | |
| Commissioners | 45 |
| President | 3 |
| President Pro Tempore | 3 |
| | |
| **REPORTS, COMMITTEE** | |
| Called Special | 22, 32 |
| Joint | 72 |
| Majority, Minority | 69 |
| On Agenda | 22 |
| On Journal | 81 |
| Order of Business | 22 |
| Requirements | 68, 69 |
| Special | 22 |
| Submitted Without Recommendation | 69 |
| | |
| **RESOLUTIONS** | |
| Adoption | 22, 34 |
| Commendatory | 22, 35 |
| Contents | 91 |
| Copy to Councilmember | 34 |
| Index Record of | 82 |
| On Agenda | 22, 34, 35 |
| Order of Business | 22 |
| Presentation to Council | 22, 34, 35 |
| Referral to Committee | 16 |
| | |
| **ROLL CALL** | |
| Alphabetical Order | 48 |
| By Clerk | 48, 71 |
| By Computerized Record Keeping System | 48 |
| Order of Business | 22 |
| Previous Question | 32(d) |
| Quorum | 25, 27 |
| Required | 49 |
| Response by Members Required | 26, 71 |
| Suspended, When Forbidden | 49 |
| To Bypass Committee on a Motion | 16 |
| | |
| **RULES, COUNCIL** | |
| Amendment of | 76, 77 |
| Availability of Copy | 78 |
| Decorum | 12 |
| Enforcement of | 14, 80 |
| Robert's Rules of Order, Revised | 14 |
| Suspension of (Not Available Where Individual | |
|     Rules Asterisked) | 76 |

## INDEX

| | Rule |
|---|---|
| **S** | |
| **SERGEANT-AT-ARMS** | |
| Assignment of Duties | 29, 80 |
| Order, Maintain | 80 |
| Order, Enforce Council | 29, 80 |
| Persons, Removal of Unauthorized | 80 |
| Police Officer as | 80 |
| **SPECIAL ASSESSMENTS** | |
| Ordinances | 49 |
| **SPECIAL MEETINGS** | |
| Posting Notice and Limitations | 56 |
| **STANDING COMMITTEES** | |
| Identity, Functions and Duties | 58-74 |
| **SUSPENSION OF RULES** | |
| Availability (Not Available Where Individual Rules Asterisked) | 76 |
| **T** | |
| **TEMPORARY CHAIR OF COUNCIL** | |
| Naming, and Duration of | 5 |
| **TEMPORARY COMMITTEE MEMBERS** | |
| Appointment and Notice | 60 |
| **TORT CLAIMS** | |
| Referral, and Clerk's Duties | 89 |
| **U** | |
| **UNFINISHED BUSINESS ON AGENDA** | |
| Disposition | 53 |
| **V** | |
| **VACANT OFFICE SPACE** | |
| Requests for | 90 |
| **VOTE, COUNCIL AND COMMITTEES** | |
| Bypass of Referral to Committee | 16 |
| Changing Vote | 48(b) |
| Entire Membership | 25 |
| Failure to Approve or Reject, Effect of | 53 |
| Forthwith | 51, 52 |
| Item Not on Agenda | 23, 64 |
| Leave of Absence, Granting | 24 |
| Majority | 25, 71, 72 |
| Ordinances | 39-41 |
| Previous Question (Close Debate) | 32(d) |
| Receive and File in Archives | 53 |

39

## INDEX

Rule

**VOTE, COUNCIL AND COMMITTEES (continued)**
Reconsideration — 51
Recording "Ayes" and "Noes" — 48, 85
Required Roll Calls — 49
Rules Amendment — 77
Rules Suspension — 76
Substitution of Motion — 36
Verbal Motions — Appendix

### W

**WAIVER**
By Chair — 17

**WITHDRAWAL OF MATTERS FROM COMMITTEE**
Procedure and Votes Needed — 54

o:\docs\DivChf\CclRules2016