**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYNE SPINDLER,<br><br>             Plaintiff,<br><br>  vs.<br><br><br>CITY OF LOS ANGELES, MATTHEW M. JOHNSON; MITCHELL ENGLANDER; MARQUEECE HARRIS-DAWSON; CHARLIE BECK, STEVE SOBOROFF and Does 1-10,<br><br>             Defendants. | Case No.: 2:16-cv-05655-JLS-E<br><br>Complaint Filed: July 29, 2016<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Honorable Josephine L. Staton]<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**<br><br>Date: May 19, 2017<br>Time: 9:30 a.m.<br>Ctrm: 20, 312 N. Spring, LA, CA<br>Hon. Charles F. Eick<br><br>[Filed concurrently with Notice of Motion and Motion; Memorandum of Points and Authorities in Support of Motion; Request for Judicial Notice] |

**[PROPOSED] ORDER**

The Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) and the Motion to Strike pursuant to Fed. R. Civ. Pro. 12(f) by Defendants City of Los Angeles (the "City"), Matthew M. Johnson, Mitchell Englander, Marqueece Harris-Dawson, Charlie Beck, and Steve Soboroff (Collectively "Defendants") requesting the Court dismiss the Complaint of Plaintiff in Propria Persona, Wayne Spindler's ("Plaintiff") came on for hearing on May 19, 2017, at 9:30 a.m. before the Honorable Charles F. Eick. Plaintiff Wayne Spindler appeared in Propria Persona and Dora A. Gonzalez, Deputy City Attorney appeared on behalf of Defendants. After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6) is GRANTED.

Plaintiff's Complaint is dismissed for the following reasons:

1. Plaintiff's *First Amendment* Claim fails, either from his arrest (First Claim for Relief) or from the Defendants' use of Rules of Decorum ("Rules") (Second Claim for Relief). Plaintiff was arrested for violation of law with probable cause, not to chill his speech. The Rules, properly subject to Judicial Notice, reflect facially constitutional, reasonable, content-neutral, time, place and manner restrictions during public meetings.

2. Plaintiff's *Fourth Amendment* unconstitutional arrest Claim fails (First Claim for Relief) as there was probable cause for his arrest and there was no excessive force.

3. Plaintiff's *Fifth Amendment* Claim fails either from his arrest (First Claim for Relief) or the Defendants' Rules of Decorum (Second Claim for Relief) as there was no due process violation arising from Plaintiff's pre-trial detention or from use of the Rules, which give notice of procedure to attendees of public meetings.

2

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DIMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (f)

4. Plaintiff's *Eighth Amendment* cruel and unusual punishment claim from his arrest (First Claim for Relief) fails as Plaintiff was not convicted and sentenced to any cruel and unusual punishment.

5. Plaintiff's *Fourteenth Amendment* Claim fails either from his arrest (First Claim for Relief) or the Defendants' Rules of Decorum (Second Claim for Relief) because the *Fourth and Fifth Amendment* claims fail.

6. Plaintiff's Claim for Violation of *Article 1, Section 2 of the California Constitution* (Free Speech Clause) either from his arrest (First Claim for Relief) or the Defendants' use of Rules of Decorum (Second Claim for Relief) fails, as this claim is coexistent with the failed *First Amendment* claim. Further, no money damages are available to Plaintiff for violation of the Free Speech Clause as a matter of law.

7. Plaintiff's *42.U.S.C. Section 1983* and *Monell* Claim either from his arrest (First Claim for Relief) or the Defendants' Rules of Decorum (Second Claim for Relief) fail as there is no constitutional deprivation or any official custom and policy of discrimination.

8. All Defendants are entitled to qualified immunity as a matter of law.

9. Plaintiff is not entitled to punitive damages from any Defendant as a matter of law.

10. The Complaint as a whole alleges *all claims and both causes of action against all Defendants*, is drawn substantially from another person's complaint; such a pleading is a sham, vague and ambiguous particularly as to individually named Defendants, Matthew Johnson, Steve Soboroff, Charlie Beck, Mitchell Englander, Marqueece Harris-Dawson.

Further, and in the alternative, IT IS HEREBY ORDERED that Defendants Motion to Strike pursuant to FED. R. CIV. PRO. 12(f) is GRANTED and the Court strikes the following language from the Complaint on the following grounds:

1. Complaint, p. 8, ll. 5-17, including Exhibits C and J as immaterial.

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DIMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (f)

2. Complaint, p. 10, ll. 17-18, as immaterial and scandalous.
3. Complaint, p. 10, ll. 26-28, as immaterial and scandalous.
4. Complaint, p. 11, ll. 8-9, as impertinent or scandalous.
5. Complaint, p. 11, ll. 25-27; p.12, ll. 1-24, as immaterial, impertinent, redundant and scandalous.
6. Complaint, p. 13, ll. 23-24; p. 14, ll.1-28; p. 15, ll.1-5, as redundant.
7. Complaint, p. 18, ll. 12, as immaterial.
8. Complaint, p. 19, ll. 21-28, as immaterial and impertinent.
9. Complaint, p. 22, ll. 26-28, as immaterial.

IT IS SO ORDERED.

DATED: _____      _____
                                  Honorable Charles F. Eick
                                  United States District Judge