1

2

3  Wayne Spindler
   P.O. Box 16501
4  Encino, CA. 91416-6501
   (213) 381-1403—phone
5  (213) 381-5542-fax

6

7  *In propia persona*

8

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12

13  Wayne Spindler,                 )  Case No.: 2:16-cv-05655-JLS-E
                   Plaintiff,       )
14                                  )  Complaint Filed: July 29, 2016
                                    )  **DEMAND FOR JURY TRIAL**
15                                  )
    vs.                             )  {Honorable Josephine L. Staton}
16                                  )
                                    )  **[PROPOSED] ORDER DENYING
17                                     DEFENDANTS' MOTION TO
                                       DISMISS THE COMPLAINT
18  City of Los Angeles; Matthew M.    PURSUANT TO FEDERAL RULES
    Johnson; Mitchell Englander;       OF CIVIL PROCEDURE 12(b)(6)
19  Marqueece Harris-Dawson; Charlie   AND ITS MOTION TO STRIKE
    Beck, Steve Soboroff               PURSUANT TO FEDERAL RULES
20                                     OF CIVIL PROCEDURE 12(f).**
    and Does 1 to 10,
21                                     Due Date: April 10, 2017
                                       Hon. Charles F. Eick
22                                     [filed concurrently with Request for
                    Defendants.        Judicial Notice; Plaintiff's
23                                     Memorandum of Points and Authorities;
                                       Plaintiff's Declaration; and Statement of
24                                     Genuine Disputes.]

                              - 1 -

25

26  **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS
    THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL
27  PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO
    FEDERAL RULES OF CIVIL PROCEDURE 12(f).**

28

# [PROPOSED] ORDER

The Motion to Dismiss pursuant to FED. R. CIY. PRO. 12(b)(6) and the Motion to Strike pursuant to FED. R. CIY. PRO. 12(f) by Defendants City of Los Angeles (the "City"), Matthew M. Johnson, Mitchell Englander, Marqueece Harris-Dawson, Charlie Beck, and Steve Soboroff (Collectively "Defendants") requesting the Court dismiss the Complaint of Plaintiff, *in pro per* Wayne Spindler ("Plaintiff") came on for hearing on or after April 10, 2017, at 9:30 a.m. before the Honorable Charles F. Eick who waived oral argument and decided the matter in chambers, See Fed. R. Civ. P. 78; Local Rule 7-15. After consideration of the briefs and attachments thereto of all parties, and all other matters presented to the Court, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. PRO. 12(b)(6) is DENIED. Defendants' motion is DENIED for the following reasons:

1. Plaintiff's *First Amendment* Claim is sufficient, either from his arrest (First Claim for Relief) or from the Defendants' use of Rules of Decorum

- 2 -

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).**

("Rules") (Second Claim for Relief). Plaintiff was allegedly arrested for violation of law without probable cause, and to allegedly chill his speech. The Rules, properly subject to Judicial Notice, reflect facially constitutional, reasonable, content-neutral, time, place and manner restrictions during public meetings, however as applied are allegedly discriminatory against Plaintiff and actionable

2. Plaintiffs *Fourth Amendment* unconstitutional arrest Claim moves forward (First Claim for Relief) as there was not probable cause for his arrest and there was excessive force.

3. Plaintiffs *Fifth Amendment* Claim states a claim either from his arrest (First Claim for Relief) or the Defendants' Rules of Decorum (Second Claim for Relief) as there was due process violations arising from Plaintiffs pre-trial detention or from use of the Rules, which give notice of procedure to attendees of public meetings of which Plaintiff was guaranteed.

- 3 -

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).**

4.     Plaintiff's *Eighth Amendment* cruel and unusual punishment claim from his arrest (First Claim for Relief) is plausible as Plaintiff was not convicted and sentenced to any cruel and unusual punishment, but was subject to cruel and unusual punishment.

5.     Plaintiffs *Fourteenth Amendment* Claim is plausible either from his arrest (First Claim for Relief) or the Defendants' Rules of Decorum (Second Claim for Relief) and the *Fourth and Fifth Amendment* claims are plausible claims.

6.     Plaintiffs Claim for Violation of *Article 1, Section 2 of the California Constitution* (Free Speech Clause) either from his arrest (First Claim for Relief) or the Defendants' use of Rules of Decorum (Second Claim for Relief) are plausible, as this claim is coexistent with the *First Amendment* claim. Further, no money damages are available to Plaintiff for violation of the Free Speech Clause as a matter of law, but non-money damages are.

7.     Plaintiff's 42 U.S.C. §1983 and *Monell* claims are actionable either from his arrest (First Claim for Relief) or the Defendants' Rules of

- 4 -

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).**

Decorum (Second Claim for Relief) as there is constitutional deprivation and Official custom or/and policy of discrimination.

8. All Defendants are **not** entitled to qualified immunity as a matter of law, except the "City of Los Angeles" of which is a municipal corporation.

9. Plaintiff is entitled to proceed with punitive damages from all named Defendants, except the "City of Los Angeles" of which is a municipal corporation.

10. The Complaint as a whole mirrors another persons complaint, but it is not a "sham" and such complaint along with its attachments thereto adequately apprised the named Defendants Matthew Johnson, Steve Soboroff, Charlie Beck, Mitchell Englander, and Marqueece Harris-Dawson of cognizable causes of action under both State and Federal law.

- 5 -

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).**

FURTHERMORE, and in the alternative, IT IS HEREBY ORDERED the Defendants' Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f) is DENIED except that the motion is GRANTED IN PART and the Court hereby strikes the following language from the Complaint on the following grounds:

1. Complaint, page 8, ll. 5-17 Including Exhibit I (pp. 52-54) as Immaterial.

2. Complaint, page 11, lines 25-27; page 12, lines 1-24 as redundant and immaterial.

3. Complaint page 13, lines 23-24; Page 14, line 1-28; Page 15, lines 1-5 as redundant.

4. Complaint page 18, line 12, as immaterial

5.     Complaint, page 22, lines 26-28 as immaterial.

IT IS SO ORDERED

DATED: _____

                                              Honorable Charles F. Eick

                                              United States District Judge

- 7 -

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).**