FILED

2017 APR 10  AM 9: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Wayne Spindler
P.O. Box 16501
Encino, CA. 91416-6501
(213) 381-1403—phone
(213) 381-5542-fax

*In propia persona*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Wayne Spindler,** | **Case No.: 2:16-cv-05655-JLS-E** |
| **Plaintiff,** | Complaint Filed: July 29. 2016 |
| | **DEMAND FOR JURY TRIAL** |
| **vs.** | {Honorable Josephine L. Staton} |
| **City of Los Angeles; Matthew M.** | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE §12(b)(6) AND THEIR MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE §12(f)** |
| **Johnson; Mitchell Englander;** | |
| **Marqueece Harris-Dawson; Charlie** | |
| **Beck, Steve Soboroff** | |
| **and Does 1 to 10,** | Due Date: April 10, 2017 |
| | Hon. Charles F. Eick |
| **Defendants.** | [filed concurrently with Request for Judicial Notice;(proposed) Order; Plaintiff's Declaration; and Statement of Genuine Disputes.] |

# MEMORANDUM OF POINTS AND AUTHORITIES.

- 1 -

# TABLE OF CONTENTS

**Page[s]**

I .INTRODUCTION AND ALLEGED FACTS...................................................2

1. Legal Standard......................................................................................4

2. Argument............................................................................................6

  A. Standard on Motion to Dismiss...........................................................6

  B. Standard on Motion for Summary Judgement.................................7

  C. P.C §409 As Applied is Unconstituional.......................................10

  D. The Rules of Los Angeles City Council are as applied Illegal.............12

  E. Federal Question Jurisdiction under 28 U.S.C. §1331.......................14

  F. Supplemental Jurisdiction under 28 U.S.C. §1367(a).......................17

  G. Defendants are not entitled to qualified immunity..........................17

II. PUNITIVE DAMAGES...............................................................22

III. MOTION TO STRIKE...............................................................23

IV. CONCLUSION......................................................................25

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND MOTION TO STRIKE.

# TABLE OF AUTHORITES

**Cases**                                                                 **Page[s]**

*Adams v. Spears*
  473 F.3d 989, 993 (9th Cir. 2007)…………………………………………..22

*Ali v. City of Los Angeles*
  (1999) 77 Cal.App.4th …………………………………………………………...9

*Anderson v. Creighton*
  483 U.S. 635,637 (1987)…………………………………………………..20

*Anela v. Wildwood*
  790 F.2d 1063, 1067 (3rd Cir.)*cert. denied* 479 U.S. 949………………………8

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)…………………………………………………………..6

*Ashton v. Cory*
  780 F.2d 816 (9th Cir. 1986)……………………………………………….7

*Baca v. Moreno Valley Unified School District*
  936 F. Supp 719 (1996)……………………………………………………...13

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007)…………………………………………………………..6

*Bogan v. Scott-Harris*
  523 U.S. 44,55 (1998)…………………………………………………….18

*Cafasso v. Gen. Dynamics C4 Sys.*
  637 F.3d. 1047 (9th Cir. 2011)……………………………………………..5

*Cahill v. Liberty Mutual Insurance*
  80 F.3d 336 (9th Cir. 1996)…………………………………………………..6

ii

*Chew v. Gates*
  27 F.3d 1432 (7th Cir. 1994)..............................................................22

*City of Stockton v. Superior Court*
  (2007) 42 Cal.4th 730.....................................................................16

*Doe v. United States*
  58 F.3d 494, 497 (9th Cir. 1995).........................................................6

*Gilligan v. Jamco Dev. Corp.*
  108 F.3d 246 (9th Cir. 1997)..............................................................6

*Grossman v. City of Portland*
  33 F.3d 1200, 1209 (9th Cir. 1994)....................................................20

*Hansen v. Bennett*
  948 F.2d 397, 399; n.4 (7th Cir. 1991)................................................22

*Harlow v. Fitzgerald*
  457 U.S. 800 (1982).................................................................21,22

*Harris v. Alcoholic Beverage Control Appeals Board*
  (1964) 228 Cal.App. 2d 1...............................................................10

*Herrera v. Metropolitan Police Department*
  298 F.Supp 2d 1043 (D. Nev. 2004)....................................................22

*Kaahumanu v. County of Maui*
  315 F.3d. 1215, 1220-124 (9th Cir. 2003)............................................18

*Leventhal v. Vista Unified School District*
  973 F.Supp 951 (1997)...................................................................13

*Michael Hunt v. City Of Los Angeles*
  2012 U.S. Dist. LEXIS 191441 (December 6, 2012)...............................7,8

iii

*Monell v. Dep't of Social Services of City of New York*
 436 U.S. 658 (1978)..................................................7,16,17

*Neighborhood Action Group v. County of Calaveras*
(1984) 156 Cal.App. 3d 1179.....................................................9,10

*Norse v. City of Santa Cruz*
 629 F.3d 966 (9th Cir. 2010)..........................................................18

*Santos v. Gates*
 287 F.3d 846, 855-856 (9th Cir. 2002)............................................22

*Surita v. Hyde*
 665 F.3d 860 at 870 (7th Cir. 2011)............................................22

*Thompson v. City of Los Angeles*
 885 F.2d. 1439 (9th Cir. 1989).....................................................7

## STATUTES

28 U.S.C. §1331.....................................................................14

28 U.S.C. §1367(a)................................................................17

42 U.S.C. §1983...............................................................7,14,17

CA. Civil Code §52.1(Bane Act).........................................6,17,22

CA. Civil Code §3294.............................................................22

CA. Gov't Code §815.2..........................................................17

CA. Gov't Code §820.............................................................17

iv

CA. Gov't Code §825...................................................................17

CA. Gov't Code §54954.3(c)...........................................................13

CA. Gov't Code §52957.9.............................................................8,9

CA. Penal Code §403.................................................................2,5,8

CA. Penal Code §409...............................................................2,5,10

CA. Rules of Professional Responsibility Rule 5-100............................2

CA. Rules of Professional Responsibility Rule 5-200............................2

CA. Rules of Professional Responsibility Rule 5-300............................2

CA. Torts Claim Act..................................................................17

California Constitution, Article I, §2................................................2

Federal Rules of Civil Procedure 12(b)(6).....................................4,5,6

Federal Rules of Civil Procedure 12(f)...........................................23

Federal Rules of Civil Procedure 56(e)............................................5

Federal Rules of Civil Procedure 78...............................................5

Federal Rule of Evidence 301........................................................8

Local Rule 7-15......................................................................5

Ralph M. Brown Act...................................................................8

v

# UNITED STATES CONSTITUTION

1rst Amendment………………………………………………..14

4th Amendment………………………………………………..14

5th Amendment………………………………………………..14

14th Amendment………………………………………………...14

# LOS ANGELES MUNICIPAL LAWS AND CODES

**Rules of The Los Angeles City Council**…………….…..…………...12

Rule *7…………………………………………………………..19

Rule 12………………………………………………………..12

Rule 12(b)…………………………………………………..12

Rule *76………………………………………………..15,16

Rule 80………………………………………………..13

Rule *89…………………………………………….......15,16

**Rules of the Los Angeles Board of Police Commissioners**………...…..9

Rule II…………………………………………………………..10

Rule VI. Enforcement…………………………………………..9

# I.                    INTRODUCTION AND ALLEGED FACTS.

1.Plaintiff Wayne Spindler has been the victim of systemic deprivations of his rights to free speech, freedom from retaliation, harassment, and discrimination by theDefendants. The Defendants have acted to cut off Plaintiff from speaking at public forums in the City of Los Angeles, and has been physically assaulted, battered, arrested, falsely imprisoned, and the target of strategic tactics to deny Plaintiff his right to public participation.[1]

Defendants **do not** challenge the right to declaratory or injunctive relief as to his Article I, §2, of the California Constitution claim, only challenge the right to monetary damages. Defendants also **do not** challenge the Plaintiffs claim as to the interpretation of §403 and §409 of the Cal. Pen. Code and its as applied use to the Plaintiff to harass, intimidate, retaliate, and discriminate against him for attempting to exercise his right to publicly participate in the City's public meetings.

2.Defendants' motion attempts to paint a distorted picture of what it alleges:

---

[1] On March 29, 2017 Defendant City of Los Angeles filed a criminal charge of 1 count of "unlawful possession of an assault weapon" the Defendants' Attorneys maybe violating ethics rule 5-100: Threatening criminal charges to **gain an advantage in a civil suit.**

– 2 –

...

multiple acts of deprivation of civil rights. The City acts in secret or mislabels its

actions to cover-up what is actually being done.[2]

3.The Defendants' also attempt to explain the illegal arrest and detention that

occurred on November 10, 2015 (Complaint, Exhibit B.) which Plaintiff was in the

building and in the **Area of the Lobby, which the City's own rules say one is to**

**wait if the meeting room is not available during L.A.P.D. Commission**

**Meetings. (Exhibit A—Plaintiff's Judicial Notice – Rules of the L.A. P.D**

**Commission.)** Defendant Johnson illegally recessed the meeting **without taking a**

**vote of the quorum to do so**, ordered the room cleared of everyone, then after

pushing everyone out into the lobby. Plaintiff had been admitted to the lobby,

which is part of the meeting room according to rules, and had some speaker cards

filled out and was attempting to hand those cards in when the police ordered

everyone out of the lobby for "unlawful assembly" which is totally illegal and was

done to deny public participation.

---

[2] Defendants' Council also leaked Plaintiff's criminal gun charge to the Media on March 29, 2017. The Municipal Court, however, did not enlist the filing **in the public record till April 5, 2017. The information Defendants' attorneys gained to file the criminal charge were garnered by the T.R.O. filing (a sham filing since "Herman J. Wesson, Jr." is not an "employee" of the City Attorney's office.** This is a serious ethics violation: CA. Ethics Rule 5-200, and 5-300: Leaking confidential information to the media and filing a patently false T.R.O. with patently false facts to a court of law.

- 3 -

4. Defendant Soboroff falsely imprisoned Plaintiff in the Lobby (the same Lobby where he was arrested) and told Plaintiff his parents should be sorry for Plaintiff that Plaintiff is the "worst piece of shit ever." This was done after the meeting adjourned a few weeks later. Plaintiff Soboroff also has called out Plaintiff to "explain himself" during the meetings at times and has been menaced at those other meetings. (Events of December 8, 2015 and November 17, 2015 respectively, (Plaintiff's Complaint, exhibits E and D.)

5. Defendant Harris-Dawson at his Committee meeting went so far as to dispose of the public speaker cards submitted by Plaintiff! Defendant Englander has had Plaintiff removed, interrupting him speak continually saying "you're not on topic" and illegally having Plaintiff removed from meetings and denied public speech at those meetings as well as attendance. (Complaint, Exhibit C.)

6. Defendant Beck the whole time runs the L.A.P.D. in a manner that ensures his police officers, who are constantly present during all meetings in L.A. City ignore violations of the law.

## 1. **LEGAL STANDARD.**

A motion to dismiss under Rule 12(b)(6) may be considered as a motion for summary judgement when the motion present matters outside the pleadings

- 4 -

*See* Fed. R. Civ. P. 12 and 56. Plaintiff's opposition must contain evidence extrinsic to the pleadings to demonstrate a genuine material dispute exists setting forth facts specific to the case *see* Fed. R. Civ. P. 56(e). This opens the door to the Plaintiff presenting documentary evidence admissible within the meaning of Rule 56(e).

The Court may make its decision without a hearing on the papers; Fed. R. Civ. P. 78, Local rule 7-15.

The Court should grant leave to amend when a claim has been stated, as Normally when a viable case may be pled, a District Court should freely grant leave to amend. Cafasso v. Gen. Dynamics C4 Sys. 637 F.3d 1047 (9th Cir. 2011.)

Plaintiff submits his declaration and other evidence. Plaintiff will show the Defendants' act with a policy of repeatedly and knowingly violating the open meeting rules and using its so called rules of decorum to deny public participation and use the L.A.P.D. and its cops to enforce this illegal and illicit behavior.

The Defendants do not challenge the Plaintiff's claim for Relief challenging the CA. Penal Code §§403 and 409 on its face and as-applied, or Plaintiff's as-applied challenges to the Rules.

The Defendants also do not challenge the timely claims for State Law

- 5 -

violations: CA. Civil Code§52.1 Bane Act, negligence, false imprisonment, assault battery (timely State Law claims filed-Complaint Exh. A to E asserts State Law claims)-only Federal Claims. Plaintiffs do not challenge **non-money** claims to free speech clause violations.

## 2.      ARGUMENT.

## A.      STANDARD ON MOTION TO DISMISS.

1.A motion to dismiss under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint; i.e. not whether claimant will ultimately prevail, but whether he is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997.) The District Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party (here the Plaintiff), *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336 (9th Cir. 1996.) Dismissal of the complaint is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. Twombly* 550 U.S. 544 (2007.)[3] Plaintiff must plead more than bare unsupported conclusions, and must state a plausible claim for relief. *Ashcroft v. Iqbal* 556 U.S. 662 (2009.) Clearly,

_____

[3] Given the liberal pleading standard, the District Court should grant the Plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States* 58 F.3d 494, 497 (9th Cir. 1995.)

- 6 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND MOTION TO STRIKE.

the Defendants read the complaint and see clearly the claims alleged are in the nature of a "Monell" claim at a minimum, that a local government such as the City of Los Angeles is a "person" who can be sued under 42 U.S.C. §1983 if a Plaintiff alleges his injuries were inflicted pursuant to an official City policy **or custom.** *Monell v. Dep't of Social Services of City of New York* 436 U.S. 658 (1978.) *Monell* claims are allowed even when the "custom" of deprivations of rights has not received formal approval through the City's decision-making channels, just stated policies that violate one's civil rights, but claims showing an unwritten policy of conduct that is established policy of the Government defendant, *Thompson v. City of Los Angeles* 885 F.2d 1439 (9th Cir. 1989.)

## B. STANDARD ON MOTION FOR SUMMARY JUDGEMENT

1. With respect to summary judgement, one must view the evidence in the light most favorable to the non-moving party (here the Plaintiff)as to: whether there are any genuine issues of material fact and whether the correct substantive law is applied to the case, *Ashton v. Cory* 780 F.2d. 816 (9th Cir. 1986.)

2. The Defendants cite the case and controversy of *Michael Hunt v. City of Los Angeles* 2012 U.S. Dist. LEXIS 191441 (December 6, 2012.) That case and two other cases alleged the City of Los Angeles uses it rules of decorum and as-applied

- 7 -

custom of P.C. 403, *et. seq.* are used to silence people who dare go to the City's otherwise "limited public forums" under the Ralph M. Brown Act. The Defendants are once again in Federal Court doing alleged acts in the same manner years later.

3.This condition of retaliation, discrimination, and harassing public speakers the City doesn't like is and has been a long standing and on-going condition. This creates a presumption against the City that it deprives Plaintiff and others of their civil rights when going to or trying to participate in its meetings, such that the City must now going forward present evidence to show it remedied the open meeting violations or that it was an isolated incidence. Fed. R. Evid 301; *Anela v. Wildwood* 790 F.2d 1063, 1067 (3rd Cir.) *cert. denied* 479 U.S. 949 (1986)(allegation a City failed to provide bed or mattress to pretrial detainees states actionable constitutional claim.)  Plaintiff did study the *Hunt* case and did use the pleadings to help him fashion his claim.

4.Under the Ralph M. Brown Act, Gov't Code Section 54957.9 it states
"In the event that any meeting is willfully interrupted by a group or groups of persons so as to render the orderly conduct of such meeting unfeasible and order cannot be restored by the removal of individuals who are willfully interrupting the meeting, **the members** of the legislative body conducting the meeting may order the meeting room cleared and continue in session." (emphasis mine.)

5.**The public record shows on November 10, 2015 the members DID NOT**

- 8 -

**ORDER THE MEETING ROOM cleared, only a "recess" was declared by the Chair Defendant Johnson.**

The RULES OF THE LOS ANGELES BOARD OF POLICE COMMISSIONS state under "VI. Enforcement"

> ". Recess Due to Inability to Restore Order
> In the event that a meeting is willfully interrupted by a group or groups of persons so as to render the orderly conduct of the meeting infeasible and order cannot be restored by the removal or individuals who are willfully interrupting the meeting, the **Presiding Officer may call for a recess, order the meeting room cleared and subsequently reconvene the meeting.**" (emphasis mine.)

6.As can be seen, the Police Commission adopted a rule **in violation of State Law:** The Gov't Code under §54957.9 clearly states a vote to clear the room **by the members** plural has to be made---a motion and second then a vote by a majority of the quorum (or 3 members if a bare 3 member quorum.) The policy set out in the Commission's rules are *ultra vires* State law and therefore **are void.** The City of Los Angeles is a municipal corporation, and therefore like a regular corporation it cannot act outside the Law, if it does so its actions are void and thus *ultra vires* its powers under its charter, *Ali v. City of Los Angeles* 77 Cal. App. 4th 246 (1999); *Neighborhood Action Group v. County of Calaveras* 156 Cal.

- 9 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE.

App. 3d 1179 (1984); and *Harris v. Alcoholic Beverage Control Appeals Board* 228 Cal. App. 2d 1 (1964.)  Any actions that follow from that are also *ultra vires*.

7. As well, Plaintiff was waiting in the lobby of the Police Headquarters for the meeting to reconvene after the interruption. The Police Commission rules say where Plaintiff was to **remain:**

> "**II. Access to the Police Headquarters Facility (PHF)**
>
> …All visitors to the PHF are **required to remain in Public Areas at all Times. Public Areas are: 1) The ground floor lobby; and 2)** The Board room and adjacent entry corridor and lobby area restrooms. Visitors are nto allowed in secure areas such as the elevator lobby, staff office areas, conference rooms and other work areas, unless accompanied at all times by a Police Department/Commission employee and for a specific invited business Purpose."

9.   Plaintiff did just that. The meeting **was not adjourned**. It was in recess. Therefore, the calling of an "unlawful assembly" with a 2 minute or less time in the lobby to force out the public into the streets **was clearly illegal and done in violation of State Law and City rules.**  A material issue of fact exists clearly.

C. **P.C. §409 as applied is unconstitutional.**

1.The Section Plaintiff was cited for is as follows:

"Every person remaining present at the place of any riot, rout, or unlawful

- 10 -

assembly, after the same has been lawfully warned to disperse, except  public officers and persons assisting them in attempting to disperse the same is guilty of a misdemeanor."

2. Plaintiff was not given a written citation, only a booking slip that stated **"FAIL DIS FM RIOT."** (Complaint, exhibit J.) The Plaintiff was not and could not of disrupted the meeting---he was awaiting the meeting to reconvene **in the lobby.**

3.Plaintiff upon information and belief believes Defendants Beck, Soboroff, and Johnson had Plaintiff targeted and selected for his speech at earlier meetings highly critical of their Police activities and was retaliated, harassed, and subject to this arrest and 13 ½ of detention to deter Plaintiff from speaking at the Police Commission meetings.

4.The Defendants state that we don't have evidence that Defendant's Beck, Soboroff, and Johnson ordered or knew of the calling of an unlawful assembly in the lobby, but Given the allegations in the Complaint, the Motion to Dismiss should be denied so that Plaintiff can conduct discovery requiring Defendants Beck, Johnson, and Soboroff to testify under oath as to what actually transpired at the November 10, 2015 meeting. As well, the Defendants' Motion to Dismiss

- 11 -

should also be denied to conduct discovery as to Defendant Soboroff and his

encounters with Plaintiff on November 17, 2015 and December 8, 2015.

**D. The Rules of the Los Angeles City Council are as applied illegal.**

1. The Rules of the L.A. City Council (Exhibit B Defendant's Judicial Notice)

are as applied and facially unconstitutional. Rule 12 Rules of Decorum, are

vague and overbroad. Particularly 12(b):

> "No person in the audience at a Council or Committee meeting shall engage
> in conduct that disrupts the orderly conduct of any Council or Committee
> meeting, including, but not limited to, the utterance of loud, threatening,
> or **abusive language**, whistling, clapping, stamping of feet, repeated
> waiving of arms or other disruptive acts." (emphasis mine.)
> The removal of persons the "presiding officer" wants removed **is unfettered**

**under the City's Rules.** The City, *ultra vires* it's authority does **not require**

**or mandate a warning first.**

2. The "violation" *de jure* that the Councilmembers use the most are that the

speaker is "not on topic." The Presiding Officer usually interrupts constantly or

just rules the speaker is not speaking "on the topic" and then the speaker's time

is either cut down next to nothing, or "forfeited." Then if **anything is said next**

**then the speaker is thrown out of the meeting.** The City Council amended their

Rules now to a draconian "3 and 1." In Committees it's "2 and 1."

"(c) The legislative body of a local agency shall not prohibit public criticism

– 12 –

of the policies, procedures, programs, or services of the agency, or the acts or omissions of the legislative body. Nothing in this subdivision shall confer any privilege or protection from expression beyond that otherwise provided by law." Gov't Code §54954.3(c).

3. The Defendants are not allowed to design their interpretation and rules to quell criticism of themselves or their activities, *Leventhal v. Vista Unified School District* 973 F. Supp 951 (1997); *Baca v. Moreno Valley Unified School District* 936 F.Supp 719 (1996.) Prohibiting critical comments is a form of viewpoint discrimination.

Rule 80 (page 59, Defendant's judicial notice) states:

"The Sergeant-at-Arms of the Council shall be a police officer assigned by the Chief of Police. There shall be at least one member so assigned and present at each meeting of the Council. **The officer shall maintain order and enforce the orders of the Council and the Presiding Officer...**" (emphasis mine.)

4.Thus the Rules clearly indicate that the "officer" has other lawful authority to use to take action against actual disruption that violates the peaceful and civil conduct of a limited public forum. The rules do not say the "Presiding Officer's" "orders" **have to be lawful!** The Rules are as applied to Plaintiff and in their substance a Due Process violation.

- 13 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE.

# E. FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331.

1.Violation of Civil Rights under 42 U.S.C §1983, deprivation under color of statute, ordinance, regulation, custom, or usage of right, privileges, and immunities secured by Plaintiff by the 1rst, 4th, 5th, and 14th Amendments.

2. At the time of Plaintiff's illegal arrest and unreasonable detention, as well as Mr. Soboroff's after meeting false imprisonment and slander, as well as Defendants actions depriving Plaintiff the right to freely speak at public meetings, These meetings and events all were in the presence of sworn L.A.P.D. police, seargeant-at-arms, detectives, and others inclusive.

3. The Defendant City had ratified, and implemented policies and procedures, Customs, and practices of L.A.P.D. under Defendant Beck's command and under the leadership of defendant Soboroff and Johnson, which permits and encourages peace officers, employees, and officials to unjustifiably, and unreasonably violate the constitutional rights of unarmed suspects.

4.Between the years 2011 to 2015, the L.A.P.D. was involved in 2,000 shootings. Of 'those shootings, L.A.P.D. Officers killed 174 persons, 149 of these killed people, or 81% **were non-white and/or minority.** Plaintiff has also publicly accused the L.A.P.D. of harsh policies geared toward "re-development zones"

- 14 -

that is where the City wants to build in minority/poor areas of the city that have rent-controlled apartments.

5. The Defendants and their City's L.A.P.D. engage in a "code of silence" as misconduct, corruption, crimes, and unreasonable and/or use of excessive force are covered up by other cops in the Department and above. The "code of silence" encourages officers to commit insubordinate acts, generate false reports, and use unreasonable and/or excessive or unreasonable force in an environment which condones, ratifies, and enables officer misconduct and/or use of excessive force.

6. Plaintiff has a multitude of complaints to the L.A.P.D. (exhibits F, G, and H, to Plaintiff's complaint) as well as claims of violations filed with the City Attorney's office (exhibit A, B, C, D, and E, Complaint)[4] and **all of which resulted in no discipline for L.A.P.D. officers or any corrective actions by the City Attorney who does not follow the Rule *89 protocals.**

7. The City has no interest or any policy or procedure to properly address, correct, and cure violations it is continuing to inflict upon victims and has been doing so for a very long time.[5]

---

[4] Council Rule *89 (Defendant's Judicial Notice, page 62 states "All tort claims filed with the City Clerk for presentation to the Council shall first be referred to the City Attorney for report and recommendation to the Council."

[5] Rule *89 is marked with an "*" thus "Rules marked with an asterisk

– 15 –

1    8. If the Council doesn't act on the claim by State Law timelines, then the

2    "…City Clerk shall file the report and recommendations of the City Attorney

3

4    thereon without presentation to the Council and the City Clerk shall notify the

5    claimant of such action and the reason therefor. (Rule *89.)

6

7    9. In Plaintiff's 4 claims attached to his Complaint: Exhibit A—no receipt of

8    anything from Clerk or City Attorney; Exhibit B and C---City Attorney letter (not

9
     from Clerk **notifying "the claimaint of such action and reason therefor";** and
10

11   Exhibit D—City Clerk letter, no information from City Attorney or reasons for

12   denial of claim. Therefore, the City of Los Angeles violates its own Rules.

13
     It has effectively suspended rule *89 illegally.[6]
14

15   10. The City also arrests people for charges that ultimately it doesn't even file

16
     (Exhibit J, Complaint.) The claims statute also enable the public entity to engage
17

18   in rational fiscal planning for potential liabilities and to avoid similar liabilities in

19   the near future, *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730.

20

21   11. Defendants cleverly try to state that without an "official policy" of

22   discrimination, there can be no municipal liability under a *Monell* claim. However,

23
     (*) may not be suspended. See rule *76." (page 38. Plaintiff's request for judicial
24   notice.)
         [6] Rule *76 states "These Rules or any one or more of them, except those
25   marked with an asterisk (*), may be suspended by a vote of two-thirds of the
26   members of the Council, unless other legal impediments exist."
27                                          - 16 -

28

written policies and **conduct both qualify to define** *Monell* claims. The conduct which is longstanding such as the "code of silence" and violation of City Rules and City Rules that conflict with State law, as well as actions taken that are *ultra vires* by the City that are done enough times over to constitute a policy in effect, that is an actionable "official policy" under *Monell.*

## F. SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. §1367(a)

1. Assault, battery, false imprisonment, and negligence under state law is allowed in this proceedings.  Municipal liability as a no probable cause arrest and improper supervision by the City as per Cal. Gov't Code §§ 815.2, 820, and 825. As well, as under 42 U.S.C. §1983. As well the Cal. Torts Claim Act allows "as applied challenges" to rules of decorum and operations of hearing entities, and violations of Civil Rights under CA. Civil Code §52.1.

## G. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

1.The individual Defendants are **not** entitled to qualified immunity because the actions taken by the Defendants are administrative actions which violated clearly established rights, and the individual Defendants did not enforce the Rules and the Law in a reasonable manner.

2.City Officials are entitled to qualified immunity if their acts are legislative, not

- 17 -

administrative, in nature *Norse v. City of Santa Cruz* 629 F.3d 966 (9th Cir. 2010.)

3. The action is the key: "Whether the act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan v. Scott-Harris,* 523 U.S. 44, 55 (1998.)

- Defendant Johnson's actions were administrative, not legislative because (1) his action was *ad hoc*, and not a policy decision and specifically taken (calling the recess and clearing the room **himself alone)** to rid the meeting of speakers except, as it turns out, he wanted to allow in (2) Johnson targeted speakers that oppose his agenda, (3) Johnson's actions bore none of the characteristics of legislative functions and (4) the removal of all the audience bore none of the hallmarks of traditional legislation because his actions did not amend any of the Rules, nor did it affect the enforcement of such regulations or rules in any systemic manner. *Kaahumanu v. County of Maui* 315 F.3d 1215, 1220-24 (9th Cir. 2003.) Therefore Johnson's actions are not entitled to qualified immunity.

- Defendant Soboroff' actions were administrative, not legislative because his actions at the November 10, 2015, and November 17, 2015 meeting were *ad hoc* and not involving a policy decision or amendment to any of the Rules. The December 8, 2015 incident occurred with the meeting already adjourned and

- 18 -

Soboroff's actions were clearly retaliatory and tortious, in that he targeted a public speaker for his words **said at the public meeting.**

•            Defendant Beck's actions were administrative and not of a legislative nature. His role was selecting the officers who police the meeting, which is an administrative *ad hoc* function, and directed those officers in their duties while attending the Commission meeting. Defendant Harris-Dawson was engaged in an *ad hoc* function of calling for public comment at his meeting, a rule that is not waivable and in noway was a legislative act, but an administrative act. The Defendant at his January 13, 2016 meeting allowed everyone who wanted to speak on Item #1 and generalpublic comment time to speak **except Plaintiff who filled out speaker cards on both items.** This was in clear violation of State Law, Federal Law, and local rules of which cannot be waived: Rule *7—Public comment must be allowed on all the items. Defendant Englander was engaged in illegally attempting to throw out plaintiff at the public meeting as if he were the Presiding Officer and had made a warning. This act was clearly an *ad hoc* and illegal action, and not legislative in nature and not a policy decision in any way. The resulting outburst by Defendant Englander caused the Sargeant-at-Arms Morris to go so far as to grab the microphone out of the hand of Plaintiff (assault)

- 19 -

to attempt to silence the Plaintiff without allowing the Plaintiff his time to speak on the item #2 on the agenda.

4. Whether public officials' actions are entitled to qualified immunity is dependant upon the "objective legal reasonableness" of the action in light of clearly established rights. *Grossman v. City of Portland,* 33 F.3d 1200, 1209 (9th Cir. 1994.); *Anderson v. Creighton*, 483 U.S. 635, 639 (1987.) "Where a statute authorizes official conduct which is patently violative of fundamental constitutional principles, an officer who enforces that statute is not entitled to qualified immunity. Similarly, an officer who unlawfully enforces an ordinance in a particularly egregious manner, or in a manner which a reasonable officer would Recognize exceeds the bounds of the ordinance, will not be entitled to immunity even if there is no clear case law declaring the ordinance of the officer's particular conduct unconstitutional." *Grossman,* 33 F.3d at 1209-10.

5. In the context of the November 10, 2015 arrest for unlawful assembly, Defendants Beck, Johnson, and Soboroff all knew the rules stating persons who await entry into the meeting of the Police Commission must wait **in the lobby exactly where the arrest took place.** Plaintiff was standing where he was **supposed to: the lobby. They allowed certain members of the general public in**

- 20 -

**to the unlawful exclusion of the general public.** The audio of the meeting had an open mic: It reveals a voices which someone is telling Defendant Johnson and Soboroff and Beck that the two people had been arrested in the Lobby and the response was "ahhh. Good!" It is believed the other voice audibly heard was Defendant Johnson.

6. The actions of Defendant Soboroff at the November 17, 2015 and December 8, 2015 meetings clearly were out of policy and retaliatory against public participation.[7]

7. The actions by Defendant Englander not chairing the meeting and ordering a person out of a public committee meeting was known or should have been known to be outside policy and law and illegal.

8. The actions by Defendant Harris-Dawson by denying Plaintiff his right to speak being the only member of the public who wished to speak at the public meeting not to be allowed to speak was retaliated and singled out for exclusion of his right to speak; applying the standard set in *Harlow v. Fitzgerald,* 457 U.S. 800

---

[7] On page 16 of the Defendants' Memorandum, Note 11, the Defendants make light that Soboroff's calling Plaintiff "the worst piece of shit" is mere free speech by Soboroff: what they left out was that Soboroff was **doing this right after the Commission meeting, blocking the exit with armed cops all over the room!**

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE.

(1982) as "a reasonable person in the defendant's position, 'that is, one acting on [Defendant's] information and motivated by [Defendant's] purpose,' would have known the ejecting [Plaintiff from a public hearing] violated his clearly established rights, *Surita* at 873, *citing Hansen v. Bennett* 948 F.2d 397, 399 n.4 (7th Cir. 1991.) Here, the Defendants are suppressing speech based on its content and retaliating against Plaintiff for his views.

9.Where, as here, genuine questions of fact exist whether an official's conduct was "objectively reasonable," the issue of qualified immunity cannot be decided on a motion to dismiss. *Adams v. Spears* 473 F.3d 989, 993 (9th Cir. 2007); *Herrera v. Metropolitan Police Department* 298 F.Supp 2d 1043 (D. Nev. 2004); *Santos v. Gates* 287 F.3d 846, 855-856 (9th Cir. 2002)("questions of reasonableness are not well-suited to precise legal determination," citing *Chew v. Gates* 27 F.3d 1432, 7th Cir 1994.)

## II.        **PUNITIVE DAMAGES**

1. Defendants Soboroff, Johnson, Beck, Harris-Dawson, and Englander are all liable for punitive damages if they acted with "malice, oppression, or fraud" in their actions against Plaintiff, Cal. Civil Code §3294. Plaintiff pled that the Defendants acted with such "malice and oppression." CA. Civ. Code §52.1

- 22 -

The Plaintiff was subject to arrest and injured his mental well being and physically

harmed him with the stress and being cuffed and stuffed in cars, cells,

and one time having a mic grabbed out of his hand while speaking.

### III.  **MOTION TO STRIKE.**

Rule 12(f) of the Federal Rules, items in a complaint that are "redundant,

immaterial, impertinent, or scandalous" should be removed from the complaint to

avoid unnecessary litigation on immaterial issues.

The Defendants' list 9 parts of the complaint that they cite should be striken:

1.      Complaint, p. 8, Lines 5-17, and Exhibit C 32-36; and Exhibit J

(lines 52-55): Page 8, Lines 5-17 should be removed as the issue of D.W.P.

damages is not going to be pressed in this current suit but a claim was filed.

Exhibit C, pages 32-36 however, must remain: It is the claim for damages form

filed on the January 13, 2016 meeting regarding defendant Harris-Dawson's

conduct and is relevant to the the case and has nothing to do with DWP issues.

As for Exhibit J, pages 55, that must remain, it is the proof that criminal charges

were not filed on the false arrest of November 10, 2015.

As for pages 52-54, Exhibit I, the photos are of the destruction of Plaintiff's

ranch property—Plaintiff will not object to striking this material from the pleading.

- 23 -

2.          Page 10, lines 17-18 are **clearly relevant to the case** and this was Mr. Soboroff's words and they are "scandalous" but are **clearly relevant** to the case because that is what Defendant Soboroff said to Plaintiff in front of the world at the L.A.P.D. lobby right after the meeting on December 8, 2015.

3.          Page 10, lines 26-28: is clearly relevant because it has indeed been said in public meetings by Plaintiff that Defendant Englander is a "dwarf" and a "5th Place Looser." It can't be "proven" that Defendant Englander is a "dwarf" but it is the opinion expressed by Plaintiff, an opinion that apparently is highly offensive to Defendant Englander and may be so irritating to Defendant Englander that he would take irrational actions to expel Plaintiff from meetings.

4.          Complaint ,Page 11, lines 8-9 are relevant to explain complaint form's drawing (Exhibit C, page 36) depicting the actions taken as akin to a 'lynching'which is what that drawing meant.[8] Thus, the complaint form compared the actions taken as a modern day lynching of Plaintiff.

5.          Complaint, page 11, lines 25-27; page 12 lines 1-24: Plaintiff will agree to striking these lines, as these issues are address in other parts of the

---

[8] The Defendant City attempted to prosecute Plaintiff for a felony criminal threat for handing in a speaker card at a May 11, 2016 meeting "depicting" a lynching. The L.A. District Attorney's office declined to file charges finding such a drawing on a public meeting speaking card is "free speech" and protected.

- 24 -

---

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE.

complaint and pleadings now present and now not needed.

6.      Complaint page 13, lines 23-24; page 14, lines 1-28; page 15, lines 1-5: Agree to strike, as these issues do appear addressed in the Complaint.

7.      Complaint, page 18, line 12: Agree to strike.

8.      Complaint, p. 19 lines 21-28: It is clearly relevant as it is a Second claim to damages, not mentioning "Sanders" in it. It is thus material and pertinent to challenging the actions of Defendants

9.      Complaint page 22, lines 26-28: Agree to strike as Plaintiff has researched this issue and agrees this section is not needed in the claim.

## IV. <u>CONCLUSION.</u>

For all the foregoing reasons, Plaintiff requests this Court to deny the Defendant's Motion to Dismiss; and to deny in part and grant in part its motion to strike.

Dated this 6th Day of April 2017

_____

Wayne Spindler
*In propia persona*

- 25 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND MOTION TO STRIKE.