1  Wayne Spindler
2  P.O. Box 16501
   Encino, CA. 91416-6501
3  (213) 381-1403—phone
4  (213) 381-5542-fax

5  *In propia persona*

6

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

10

11  **Wayne Spindler,**                )  **Case No.: 2:16-cv-05655-JLS-E**

12              **Plaintiff,**          )  Complaint Filed: July 29. 2016
                                        )  **DEMAND FOR JURY TRIAL**
13                                      )
14  **vs.**                            )  {Honorable Josephine L. Staton}
                                        )  **PLAINTIFF'S STATEMENT OF**
15  **City of Los Angeles; Matthew M.** )
                                        )  **GENUINE DISPUTES.**
16  **Johnson; Mitchell Englander;**    )
                                        )  Due Date: April 10, 2017
17                                      )  Hon. Charles F. Eick
18  **Marqueece Harris-Dawson; Charlie** )
                                        )  [filed concurrently with Plaintiff's
19  **Beck, Steve Soboroff**            )  Declaration;(proposed) Order;
                                        )  Plaintiff's Memorandum of Points and
20                                      )  Authorities in Opposition; and
    **and Does 1 to 10,**              )  Plaintiff's Request for Judicial Notice.]
21                                      )
22              **Defendants.**         )
                                        )
23                                      )

24

25

26

27                              - 1 -
28

_____

       **PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

## TABLE OF AUTHORITES

I.STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT............2

II. RESPONSE TO DEFENDANTS' ALLEGEDLY UNDISPUTED

  MATERIAL FACTS.............................................................13

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

Pursuant to Fed. R. Civ. P. 56(d) and Local Rule 56-2, Plaintiff Wayne Spindler sets forth the following material facts as to which it is contended there exists a genuine issue necessary to be litigated with respect to the Motion to Dismiss filed by Defendants.

## I. STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

The following facts are genuinely disputed between the parties and are material to the arguments made by Defendants:

1.      Plaintiff was illegally arrested for Penal Code §409 because he was required to wait in the lobby of LAPD headquarters in Downtown Los Angeles and was in the lobby where he was required to be in as he was awaiting the meeting of the Board of Police Commissioners to reconvene after its recess Plaintiff's declaration P.4-5. Plaintiff's Request for Judicial Notice Exh. B.

2.      The Rules of the Police Commission, Rule VI (d) (Plaintiff's Jud. Not. Exh B, page 49: allows the "presiding officer" to clear the room and recess the meeting without a vote of the quorum of the other members of the Board who are present and allows the meeting to be reconvened without the public present except members of the media. (a motion to recess, a second, and a majority vote not required.) This violates State Law (Ralph M. Brown Act, Gov't Code §52957.9, Pl. Jud Not. Exh A, Page 38.)

- 3 -

---

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

3.         The Rules of the Police Commission state that you can be in the lobby of the Police building when a meeting is occurring or when waiting to enter a meeting. Rules of the Police Commission, Rule II. (Pl. Jud. Not. Exh B, page 46.) Since the room was cleared and meeting in recess, the areas that Plaintiff was authorized to be in where the public restrooms and Lobby area of the police building. (undisputed fact that Plaintiff was arrested in the Lobby area while the meeting was in recess.) As well, others members of the public waiting to reenter the meeting room (Mr. Tut Hays, Mr. Prentice Jenkins, Ms. Dallas Fowler, and Mr. Najee Ali) who were either in the Lobby, Restrooms, hallway, or the meeting room **were not arrested.**  ¶2, Pl. Decl.; Audio recording of meeting shows **after** the meeting was reconvened, 4 members of the public were allowed to speak (Tut Hays, Prentice Jenkens, Dallas Fowler, and Najee Ali.) Therefore, Plaintiff was arrested because he was retaliated against while others waiting in the Lobby and public areas were not arrested and allowed to attend the meeting.

4.         P.C. §409 as applied to Plaintiff is unconstitutional because he was in the Lobby as authorized by the Local Commission Rules awaiting entrance to the Lobby. It is undisputed that Plaintiff was not removed or in attendance prior to the Recess taken by Defendant Johnson. Rule II. A person who is present

- 4 -

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

in an area they are authorized to be in cannot be arrested for an "unlawful assembly" unless that person himself engages in an illegal act or does a legal act that is illegal with 1 or more other persons. P.C. §409 as applied by the Police Commission and Defendants was used to deny public participation in violation of Federal and State Law, as well as Local Rules allowing public comment and attendance at all public meetings.

5.      Certain members of the public were allowed to speak  and right after Plaintiff and Mr. Hunt were arrested. These people were not members of the media, but public speakers. Therefore, the "recess" or clearing of the room was not done pursuant to law.

6.      Defendants Beck and Johnson are not entitled to qualified immunity because they know or reasonably know that the procedure to clear the room during a Commission meeting requires the meeting be continued without anyone present other than media members who were not disrupting the meeting. The meeting was reconvened allowing select public members in and excluding all others in violation of law. The Actions were administrative in nature.

7.Defendant Soboroff is not entitled to qualified because he acted in violation of law multiple times against Plaintiff such as showing a personal bias and retaliation

- 5 -

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

against Plaintiff for the content of his words during speaking at the public meetings.

8.   Plaintiff contends that the "Rules" violates the Ralph M. Brown Act. They in fact do. L.A.P.D. Commission Rule VI.(d) for example illegally allows the chair himself to clear the room and recess the meeting. State Law clearly does not allow this—the room can only be cleared by a vote of the **members** of the government. As well, when the room is cleared, the meeting must then continue without the members of the public present, excepting media persons (who did not participate in the earlier meeting disruption.) See CA. Gov't Code §54957.9  As well, the City's Rules **as applied** violate State Law as not allowing public members to be able to speak without interruption, prejudice, discrimination, harassment, and retaliation, all of which Defendants engage in to deny the Plaintiff and others their rights at public meetings.

9.  Plaintiff has established a nexus between his arrest on November 10, 2015 and violations of Federal Civil Rights under 42 U.S.C. §1981, 1983. The Defendants' motion discusses the "subjective motivation of the officers" who made the arrest, but the officers who made the arrest are not parties to this suit. The Defendants motion, therefore, fails to understand that the named Defendants Soboroff, Johnson, and Beck are being named for the arrest and detention because they are

- 6 -

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

the parties that caused the series of events (clearing the room illegally, then having the officers in the Lobby clear the room under a false flag) and they did so along with other steps and tactics to retaliate, discriminate, and harass Plaintiff with the goal to deter him from attending public meetings and expressing his opinions.

10. The L.A.P.D. did not remove "*all* persons" from the meeting (Def. Motion, page 5 ll. 1-6. In fact, at least 4 persons in the public area **were not removed** and allowed into the meeting to speak (audio recording 11/10/15; Pl. Dec. at pp 4-5, ¶2. Only Plaintiff and Mr. Hunt were arrested because they were singled out as for their views. The Defendants' council failed to disclose this important fact to the court, and also failed to disclose to the court the L.A.P.D Commissions Rules (Pl. Judicial Notice, exh. B) since Rule II. shows that plaintiff was **required** to **wait** in the Lobby where he was arrested and waiting to attend the then recessed meeting proving the arrest was unlawful since Plaintiff was in a place he was clearly authorized to be in (and so was Mr. Hunt who was arrested) and so were Mr. Jenkins, Hayes, Ali, and Ms. Fowler—who were not arrested. Rule VI(d) is *ultra vires* State Law and void because it violates State law for allowing a clearing of a room at a public meeting with only the action of the "presiding officer" and not a vote of the quorum present. Defendants' Council should be sanctioned for not apprising the Court nor Plaintiff in its moving papers that in

- 7 -

---

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

fact these Rules of the Police Commission existed and what their content states. Defendants Beck, Soboroff, and Johnson even assuming they cleared the meeting room somehow believing the Rules gave them authority to do so, nevertheless allowed public members to attend the meeting, thus they knew they were not clearing the room of the public for the remainder of the meeting, but simply ridding themselves of opponents and critics of their policies and procedures.

11. A First Amendment claim for injunctive relief was not opposed by the Defendants, only monetary damages were.

12. Defendants did not oppose in their papers any State Law claims in their papers except monetary damages under CA. Const. Art I. §2 Free Speech, and the awarding of punitive damages under CA. Civ. Code §3294. Plaintiffs have pled facts to sufficiently pled Bane Act violations and torts for negligence, assault, battery, false imprisonment, and civil harassment. Plaintiff alleged and attached timely filed pre-suit claims for State Law violations (Complaint Ex. A, B, C, D, and E.) It is undisputed those claims were timely made, and they only oppose the issue of punitive damages.

12. The arrest on 11/10/15 violated the 4th Amendment because it was not based on probable cause. Plaintiff was required to wait in the Lobby along with the other persons waiting to speak at the recessed meeting. At least 6 persons from the

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

public were there awaiting to enter the meeting. Only 2 were arrested (Plaintiff and Mr. Hunt.) Therefore, the arrest was based on **selective** criterion and not neutral grounds for arrest. The Police only arrest the people they wanted out of the meeting, this was not an arrest based on "probable cause."

13. The arrest and detention for 13 ½ hours was a "punishment" and was done to retaliate, discriminate, and suppress Plaintiff, thus is a violation of the 8th Amendment and 5th Amendment since the arrest was unlawful and targeted in nature against Plaintiff.

14. The Rules of Decorum and the Rules of the L.A.P.D. Commission violate Due Process by allowing individual and selective enforcement to be used as a means to quell free speech and lawful attendance at public meetings. The Rules as applied violate Due Process as Defendants Harris-Dawson and Englander interpret and use the rules to deny public speech by Plaintiff and the L.A.P.D.'s Rules illegally allow a clearing and recess of a meeting by the presiding officer alone. The L.A.P.D. rules as applied are violative of Due Process as no legal authority is present nor will make a ruling at any meeting whether the speaker or a member of the public's rights are being violated.

15. A 14th Amendment claim under "Due Process" was made in the Complaint under both the first and second cause of action (Complaint, page 18 and 19.)

- 9 -

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

Therefore, the Defendants' fail in their argument such a 14th Amendment claim was not stated in the Complaint.

15.  42 U.S.C. §1983 alleged that Defendants who are "Afro-American" (Defendants Johnson and Harris Dawson) and "Jewish American" (Defendants Soboroff and Englander) are oppressing the Plaintiff who is neither except as "White American." These named Defendants especially despise the Plaintiff for some of his comments and garb he has worn to public meetings, such as hoods and swastikas, and referring to Johnson and Harris-Dawson as House Negros and sell-outs of their own race. Soboroff publicly has admitted his out of control anger at Plaintiff demanding an "explanation" of calling him and the Commission "Nazis" and comparing Soboroff to Hitler (as well as Englander, who is a cop.) Upon further discovery and testimony of these Defendants it can easily be proven to at least be a motiving factor that these comments motivate these Defendants to retaliate against Plaintiff and cause them to make every effort to silence him.

16. A *Monell* claim clearly is established. The conduct of a "code of silence" of the L.A.P.D. is known locally and been pled numerous times in other cases now and before. The City and the Defendants engage in unwritten but standing policies to expel public speakers, clear meeting rooms, falsely arrest and detain public

- 10 -

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

speakers they oppose, and cut off time to speak, including interrupting and

accosting the public speaker when speaking. As well, the filing of sham pleadings

such as: a fake T.R.O., a falsely filed set of affidavits in criminal and civil

proceedings, a false felony arrest, a false arrest under P.C. §409, false arrests and

assaults by L.A.P.D., and now just last week a criminal charge based entirely on

information garnered from a fraudulent and void T.R.O. by the Defendants'

Attorneys against Plaintiff. As well, Rule VI(d) of the Commissions Rules is

in direct violation of State Law. Thus, the published Rules, and policies by conduct

of the Defendants show a pattern and practice of suppression of People the

Defendants are against or who express an opinion contrary to the desired goals of

the Defendants.

17. Defendants Beck, Soboroff, Johnson, Englander, and Harris-Dawson are not

entitled to qualified immunity. Defendant Soboroff engaged in retaliatory and

knowingly illegal conduct against Plaintiff numerous times, singling him out.

Defendant Beck is running his Department with a "code of Silence" that allows

criminal behavior and illegal actions by Police to be covered up and done in a

way that in fact encourages violating civil rights of Angelinos. Defendant

Englander, a police officer, and a benefactor of the "code of silence" engages in

retaliatory actions against Plaintiff without fear of correction. Defendant Johnson

- 11 -

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

knowingly violates the rights of free speech and assembly whenever he so chooses and himself alone calls recesses and clears the room, only to allow in select members of the public he tolerates or wants to allow back in. Mr. Johnson has served before on other commissions and knows full well his actions violate the law, or at a minimum should know. Defendant Harris-Dawson ran his meeting to deny the right to speak to Plaintiff based on not wanting to hear from him and based his decision alone on that criterion, not on any "objective" ones. Therefore, the conduct of the Defendants violates clearly established statutory and Constitutional rights of which a reasonable person would know.

18. Defendants acted with Oppression and Malice. Defendant Soboroff oppressed and maliciously acted against Plaintiff on at least 3 instances all documented in the Complaint, Exh. B, D, and E.) Defendant Beck runs the Department with malice and oppression at all levels. Defendant Johnson maliciously and oppressively had the Plaintiff arrested for waiting to attend the remainder of a meeting. Defendant Harris-Dawson maliciously and oppressively ran his committee meeting to deny the civil rights of the Plaintiff.

And Defendant Englander uses his badge and position of power to suppress, with malice and oppression to deny Plaintiff his rights. All of these named individual

- 12 -

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

defendants are not entitled to qualified immunity and are on their actions amenable

to punitive damages under Federal and State Law.

19. Plaintiff was injured physically and emotionally by these actions, and is being

attacked to this day by Defendant City, so that Plaintiff had to stop voting, and

fears for his life, and fears being jailed on malicious criminal charges. Pl.

Dec. and exhibits.

## II. RESPONSE TO DEFENDANTS' ALLEGEDLY UNDISPUTED

## MATERIAL FACTS

| Statement of fact | Citation to Evidence | Plaintiff's Response To Statement of Fact | Plaintiff's Citation to Evidence |
|---|---|---|---|
| 1,*Hunt v. City of Los Angeles* | Exh. A Def.'s request for Judicial Notice | Undisputed | There are two cases, see Def. Jud. Not. Exh. A, and 9th Cir. Case (See below.) |
| 2,*Rules of the Los Angeles City Council* | Exh B Def.'s Request for Judicial Notice | Undisputed | Def. Jud. Not. Ex . B |
| 3.*Rules of the City of Los Angeles* as challenged were drawn directly from the referenced complaint of Michael Hunt who was arrested with Plaintiff | Request for Judicial Notice, page 3, lines 3-7 | DISPUTED: as the Rules of the Police Commission themselves are challenged and The City's rules are challenged as applied to Plaintiff and violate the Ralph M. Brown Act. | Plaintiff request for judicial notice, exh. A and exh. B. |
| 4.Defendant Johnson has qualified immunity | Defendants' Memo. P & A. P.16 | Disputed: His actions were administrative and clearly outside the | Meeting Audio 11/10/15 39:20-39:45 |

## PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| | | | |
|---|---|---|---|
| | | law and designed to quell public participation | Says when told of the "unlawful assembly" "Ahh Good." Complaint, Exh. B; Plaintiff's Declaration, ¶2, page 3-5. |
| 5. Defendant Soboroff has qualified immunity | Defendants' Memo. P & A P.16 | DISPUTED: His actions were administrative and clearly outside the law and retaliatory and designed to stop public participation. He retaliated no less than 2 times after the Nov. 10th meeting. | Meeting Audio 11/10/15 39:20-39:45 Soboroff says "Ha. Ha. we have a few less comments." Complaint, exhibits B, D, and E; Pl. Dec. Page 8, ¶9. |
| 6. Defendant Beck has qualified Immunity and wasn't involved or knew about the "unlawful assembly" called in the Lobby area during the recess. | Defendants' Memo. P & A P.16 | DISPUTED: His actions were administrative and clearly outside law and policy regarding open meetings and his supervision and monitoring of staff designed to quell public participation Beck does not supervise nor process Complaints in a fair and legal manner. His Department engages in a "Code of Silence." | Audio 11/10/15 Ms. Silva, the clerk is heard saying "why" when it was asked "should we let them in?" Mr. Tefank also heard relishing the arrests in the lobby. Complaint, Exh. B, F, G, and H. Plaintiff's Judicial Notice Exh. K |
| 7. Defendant Harris-Dawson is entitled to qualified Immunity | Defendants' Memo. P & A P.16 | DISPUTED: His actions were retaliatory, discriminatory, and outside the law and policy. | Complaint, Exh. C. Plaintiff's Declaration ¶10, page 9 |
| 8. Defendant Englander has qualified immunity | Defendants' Memo P & A P.16 | DISPUTED: His actions were outside policy and law and retaliatory | Complaint, Exh. A; Pl. Dec. ¶11 page 9-10. |
| 9. "Plaintiff was | Def. | ADMITTED. | |

- 14 -

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | | | |
|---|---|---|---|
| arrested and charged with violating California Penal Code section 409" | Memorandum Page 1, ll. 3-5. | | |
| 10.[Plaintiff] "…failed to disperse after an unlawful assembly was declared by the Los Angeles Police Department ("LAPD") inside the lobby of LAPD headquarters in downtown Los Angeles. | Def. Mem. P. 1, ll. 5-7. | DISPUTED. The Plaintiff was allowed to be in the lobby of the LAPD headquarters and thus was not required to leave the lobby while the LAPD Commission meeting was in recess and the LAPD illegally declared an "unlawful assembly" against Plaintiff and illegally arrested him. | Pl. Dec. ¶2 page 5 ll. 5-13; line 8-17 page 4.; Rule II, L.A.P.D Rules dealing with access to the meeting requiring waiting in the Lobby until called back in. Pl. Jud. Notice, Exh. B, page 46. All "visitors" are **required** to remain in the Lobby, restrooms, Hallway, or boardroom at all times. |
| 11."Plaintiff distorts the facts and conflates his arrest at the unlawful assembly with the City's use of "Rules of Decorum"("Rules") At other City Council, Committee, and Board meetings that he repeatedly attends, alleging use and enforcement of the Rules violates Califoria's Brown Act. | Def. Memorandum, Page 1, ll. 12-15 | DISPUTED: THE LAPD rule VI(d) violates State Law by allowing Defendant Johnson to unilaterally recess the meeting and call a recess without a vote or consent to the **Members** of the Commission; and the Rule **as applied** to Plaintiff violates State, Federal, and even Local rules guaranteeing access and free expression and participation at all public meetings. | Pl. Declaration; Pl. Jud. Notice Exh. A (Brown Act); Exh. B, L.A.P.D. Rules; Exh. C, Exh. D Exh. F, and G; Exh. H-J; and K all showing the Defendants engaging in malicious actions such as: Filing TROs falsely; Filing criminal charges to gain an advantage in a civil case, violating the rights of Attorneys and people who speak up against Defendants. |
| 12"Plaintiff tortures these disparate issues into alleged claims | Def. Memo. at page 1; ll. 16-19 | DISPUTED: The Bane Act, Civ. Code §52.1; and the doctrine in *Monell* clearly | Complaint; Pl. Jud Notice, exhibits C, D, E,F G, H, I, J and K. |

- 15 -

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | | | |
|---|---|---|---|
| of Federal and State constitutional violations of the *First, Fourth, Fifth, Eighth, and Fourteenth Amendments* pursuant to *42 U.S.C. §1983* and *Article I, Section 2 of the California Constitution*: claims that patently do not exist. | | establish the claims presented are cognizant of Federal and State tort law (of which the Defendants do not with specificity oppose in their motion other than punitive damages) as the Defendants are engage in multiple actions against Plaintff and have consistent policy Actions such as a "code of silence" at LAPD that cause these civil rights violations. | Defendants have also escalated their actions against Plaintiff as the date for this answer draws near: April 10, 2017: including assault, false imprisonment, retaliation on March 30, 2017, and the March 29,2017 filing of a gun charge. |
| 13. "Assuming Plaintiff's "facts" as alleged are true, Plaintiff fails to allege a nexus between his arrest for not leaving an unlawful assembly when so ordered and any constitutional violation prohibiting his speech or any other constitutionally protected right, stemming froma public meeting he did not even attend." | Def. Mot. Page 1, ll. 20-23. | DISPUTED. Plaintiff shows that he was arrested along with one other speaker, while others were not arrested and allowed back into the meeting. Plaintiff did not attend the meeting because he was arrested and imprisoned wrongly. Plaintiff has established the conduct of Defendants is targeted at Plaintiff and in violation of State, Federal, and Local Laws allowing access to public meetings and participation in them. | See #11 and #12 above. |
| 14. "And since | Def. Memo. Page | DISPUTED: The arrest | See #13 above |

- 16 -

## PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| | | | |
|---|---|---|---|
| there was probable cause for his arrest---to restore order in the LAPD lobby—the subjective motivations of the officers area of no moment." | 1, ll 23-25. | was to prevent Plaintiff from speaking at the meeting and retaliating, discriminating, and harassing Plaintiff for his criticism and comments before in earlier Police Commission meetings. | |
| 15. "Instead of recognizing that he was in violation of the law, Plaintiff speculates that the arrest was made to silence him." | Def. Mot. Page 1, Line 25, Page 2, Lines 1-2. | DISPUTED. Plaintiff was not in violation of the law for waiting in the Lobby as required to attend the meeting. Plaintiff does not "speculate" but **alleges** with clear evidence that the arrest was made to silence him | See #14 above. |
| 16. "In sum, Plaintiff makes no factual allegations to state a claim upon which relief can be granted" | Def. Mot. Page 2, Ll 2-3 | DISPUTED. Plaintiff has alleged in his declaration and shown by documentation his civil rights have been and currently continued to be violated by the Defendant City. | See #14 above. |
| 17. "No Defendant violated any of his (Plaintiffs) constitutional rights." | Def. Mot, Page 2, line 3. | DISPUTED. As set forth above | See #1 to 15 above. |
| 18. "Plaintiff misuses his Complaint as a vehicle to harass Defendants with scandalous name calling and racial epithets." | Def. Mot, page 2 ll. 4-5. | DISPUTED. The Plaintiff quoted what was said at public meetings to the Defendants, not to harass or name call using this lawsuit as an avenue of such. | See Plaintiff's Declaration, and Complaint Exhibits. |

- 17 -

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | | | |
|---|---|---|---|
| 19. The City's Rules are not an impermissible restrain on free speech as Plaintiff alleges." | Def. Mot. Page 2, ll. 6-7. | DISPUTED. As applied the Rules are used to restrain free speech. As written the LAPD Rule VI(d) is illegal as violative of the CA. Brown Act | Pl. Dec. and Complaint Exhibits |
| 20. "Accordingly, without an official policy of discrimination, there can be no municipal liability for the City in a *Monell* claim and the Complaint in its entirety should be dismissed." | Def. Mot. Page 15, ll. 10-12. | DISPUTED. *Monell* and following case law in the Circuit allow actions that are **unwritten but policy by actions and conduct that are longstanding**. A "code of silence" by the L.A.P.D has long existed as well as a long and tortured history of Brown Act violations and retaliatory actions of Defendant City. Its **actions** taken are the "policy" or "custom" and actionable under *Monell.* | Pl. Mem. P & A pp 7, 16-17. |
| 21. "In the present case, Individual Defendants Councilmembers Englander and Harris-Dawson are afforded the same protection because the Rules of Decorum are facially valid, and because the Rules were duly enacted under the City's Charter, making it reasonable for them | Def. Mem. Page 16, ll. 10-16. | DISPUTED. The Rules **as applied** and **as used and citied** by the Defendants Englander and Harris-Dawson are unconstitutional. Englander actually violated the rules by trying to toss out Plaintiff when he wasn't the "presiding officer" of the meeting. Defendant Harris-Dawson excluded only the Plaintiff while allowing all other | Complaint, Exh A. and C. Pl. Declaration. |

- 18 -

## PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| | | | |
|---|---|---|---|
| to believe that they were also constitutional(RJN, Exhibit B, City Couuncil Rules, Rules of Decorum, p.iii) Any alleged enforcement of the Rules of Decorum was therefore objectively reasonable and both are entitled to qualified immunity. | | public members to speak, and was misusing the rules to exclude Plaintiff. | |
| 22. "Plaintiff's overbroad and largely incomprehensible Complaint is a threadbare recitation of the elements of frivolously brought claims." | Def. Memo Page 2, ll 9-10 | DISPUTED: The Complaint was detailed with attachments showing a variety of claims filed with the City, of which show many denials of rights, including free speech violations and illegal arrest and assault. | Pl. Complaint. |
| 23.The Complaint is repetitive, conclusory, and largely cut-and-pasted from another lawsuit filed years earlier by another individual, Michael Hunt, arrested alongside Plaintiff at the unlawful assembly." | Def. Memo, page 2, ll 11-13. | DISPUTED. The Hunt lawsuit referred to was drafted by attorney Stephen Rhode, who has several times made public opinions regarding Plaintiff and his disputes with Defendants. The complaint was used as a template for drafting a complaint for being arrested illegally at a public meeting. The Plaintiff's Complaint contained detailed facts about his case and numerous | Pl. Complaint. |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | | attachments to support the allegations therein. | |
|---|---|---|---|
| 24. "Furthermore, the Complaint fails to adequately allege a single fact to support how the individual or official actions of Police Commissioners Johnson and Soboroff, Chief Beck, Council members Englander and Harris-Dawson violated any of Plaintiff's right or constitute a proper basis for tort liability." | Def. Memo, Page 2, ll. 14-17 | DISPUTED. The complaint alleges the arrest was illegal as well as referencing the attached complaints made to the City all detail the alleged violations. | See 1-23 above. |
| 25. "Accordingly, Plaintiff's claims are implausible shams that fail to state a claim upon which relief can be granted and should be dismissed with prejudice." | Def. Memo, page 2, ll. 18-19. | DISPUTED. The claims are actionable under Federal and State law, the state law claims were not opposed by Defendants' motion except for punitive damages which are also allowed. | See 1-24 above. |
| 26. "This is the same Hunt as in Hunt v. City of Los Angeles, 683 F.3d 703 (9th Cir. 2011)" | Complaint, page 9, .14. | UNDISPUTED. It is noted that this man whom Plaintiff was arrested with is well known and despised by LAPD. Plaintiff alleges associating with Mr. Hunt is another reason he was and is being targeted by Defendants for their retaliatory and | Pl. Req. Jud. Not. Exh. D showing the ongoing saga of Mr. Hunt with the Defendant City; and Exh. C showing a recent TRO filing that was denied. |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | | illegal actions. | |
|---|---|---|---|
| 27. "…yet glaringly absent from the Complaint are *any* allegations of physical injuries being sustained by Plaintiff" | Def. Memo, page 9, 14-16. | DISPUTED. A complaint with the City Attorney was made and attached to the Complaint, Exhibit B filed Jan. 4, 2016 where top of page 2 asks the question about injuries. Clearly physical and mental injury was stated clearly. | Complaint, Exh B, page 31 "What DAMAGE or INJURIES do you claim resulted? Please give full extent of injuries or damages claimed" "Denial of access to meeting. **Physical injury to wrists. Pneumonia condition. Mental anguish, nightmares, back stiffness.**" |

Dated this 9ᵗʰ Day of April  2017

_____

Wayne Spindler
*In propia persona*

– 21 –

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**