1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11   WAYNE SPINDLER,                    ) NO. CV 16-5655-JLS(E)
                                        )
12              Plaintiff,              )
                                        ) ORDER:
13        v.                            )
                                        ) 1. DISMISSING COMPLAINT WITH
14   CITY OF LOS ANGELES,               )    LEAVE TO AMEND; AND
     et al.,                            )
15                                      ) 2. DENYING MOTION TO STRIKE
                Defendants.             )    WITHOUT PREJUDICE AS MOOT
16   _____)

17

18                          **BACKGROUND**

19

20       Plaintiff, a licensed attorney proceeding pro se, filed this

21   civil rights action on July 29, 2016.  Defendants are: (1) the City of

22   Los Angeles ("City"); (2) Matthew M. Johnson, President of the City

23   Board of Police Commissioners; (3) Steve Soboroff, Vice-Chair of the

24   City Board of Police Commissioners; (4) Mitchell Englander, Chair of

25   the City Public Safety Committee; (5) Marqueece Harris-Dawson, Chair

26   of a City "Housing/homeless and/or Poverty related Committee"; and

27   (6) Los Angeles Police Chief Charlie Beck.  Plaintiff sues the

28   individual Defendants in their individual and official capacities.

Case 2:16-cv-05655-JLS-E   Document 24   Filed 08/04/17   Page 2 of 19   Page ID #:412


1  On March 9, 2017, Defendants filed: (1) "Motion to Dismiss the

2  Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6)

3  ['Motion to Dismiss'] and Motion to Strike Pursuant to Federal Rules

4  of Civil Procedure 12(f) ['Motion to Strike']"; and (2) "Defendants'

5  Request for Judicial Notice, etc."  On April 10, 2017, Plaintiff

6  filed: (1) "Plaintiff's Memorandum of Points and Authorities in

7  Opposition, etc." ("Opposition"); (2) "Plaintiff's Statement of

8  Genuine Disputes"; (3) "Plaintiff's Request for Judicial Notice,

9  etc."; (4) a "Filing of Original Declaration of Wayne Spindler" to

10  which is attached Plaintiff's declaration; and (5) a "Lodged Meeting

11  Audio Recording [sic] of 11/10/2015 L.A.P.D. Police Commission

12  Meeting," to which is attached a CD purportedly containing the

13  referenced recording.

14

15  **SUMMARY OF PLAINTIFF'S ALLEGATIONS**[1]

16

17  The unverified Complaint is rambling, disorganized and profoundly

18  unclear as to what Plaintiff is alleging as to each Defendant.  The

19  Complaint also contains a number of redundancies as well as

20  inappropriate legal argument.  Plaintiff's claims appear to concern

21  Plaintiff's alleged efforts to speak at meetings of the City Council

22  and various City committees.  Plaintiff alleges violations of the

23  First, Fourth, Fifth, Eighth and Fourteenth Amendments.  Plaintiff

24  also alleges a state law claim for violation of Article I, section 2

25  of the California constitution.

26

27  [1]  In summarizing Plaintiff's allegations, the Court makes
28  no determination concerning the credibility of any of these
allegations.

1    Plaintiff alleges:[2]

2

3         Plaintiff is a "private non-public person" who speaks

4    and participates in City meetings at City Hall and in

5    meetings of the City Police Commission and other meetings,

6    including neighborhood council meetings (Complaint, "FACTS,"

7    ¶ 2).  Defendants have targeted Plaintiff as a

8    "troublemaker" and a "Racist" for "peacefully and lawfully

9    defending his rights" (id., ¶ 3).  City entities include the

10   Police Commission, the City Council, the Office of the City

11   Attorney and the Police Department, "all of whom are

12   employed by or are working or acting on behalf of the

13   Defendant [sic]" (id.).  "The Defendant [apparently the

14   City] thus covers the individuals under 'qualified immunity'

15   thus as a form of respondeat superior [sic]" (id.).

16

17        The City has adopted and enforced a written policy and

18   a practice selectively to censor the speech of certain

19   persons, including Plaintiff, who express views critical of

20   the City and/or its officials, through the unconstitutional

21   use and enforcement of "Rule of Decorum" and related

22   policies as practices, including criminal prosecutions (id.,

23   ¶ 5).  These policies sanction removing persons from public

24   meetings or otherwise interfering with persons' rights to

25   ──────────────

26        [2]    Several sections of the Complaint contain numbered
     paragraphs.  However, most of Plaintiff's allegations are not
27   contained in numbered paragraphs, in violation of Rule 10(b) of
     the Federal Rules of Civil Procedure.  The Court will reference
28   by page number those allegations not contained in a numbered
     paragraph.

1    speak and/or assemble at such public meetings (id.).  The

2    City has failed to train, supervise, monitor and correct

3    City officials who preside over such meetings and also has

4    failed to supervise, monitor and correct its police officers

5    (id.).

6

7         In the "Rules of the Board"[3] City has adopted a rule

8    limiting the public to one minute of public comment at

9    meetings (id., p. 7).  Speakers are cut off in mid-sentence,

10   falsely deemed disruptive and tossed out of meetings (id.).

11   Speaker cards are "misplaced," "lost" or "overlooked" many

12   times (id.).  Plaintiff has made four claims to the City

13   concerning such violations, all of which were denied (id.).

14   Plaintiff's three complaints to the Los Angeles Police

15   Department have gone "nowhere" or have been dismissed as

16   irrelevant (id.).

17

18        The Los Angeles Department of Water and Power ("DWP"),

19   run by the City, set or caused a major fire in 2013 that

20   resulted in flood damage to Plaintiff's ranch in

21   unincorporated Los Angeles County (id., p. 8).  Plaintiff

22   has attended DWP meetings seeking compensation or repair

23   assistance (id.).  Defendant "always ignores its resident's

24   claims of help [sic]," and has "draconian ways to deal with

25   those they disagree with or who expose their Corruption at

26   _____

27        [3]    Plaintiff does not identify the "Board" to which he
     refers.  It is unclear whether Plaintiff refers to the City Board
28   of Police Commissioners, previously identified in the Complaint
     as "LAPD Board" (see Complaint, "FACTS," ¶ 1).

1 | times" (id.).

2 |

3 | At a Police Commission meeting on November 10, 2015,
4 | Defendant Johnson "was tired of speakers in his meeting and
5 | called a recess on his own and also on his own CLEARED THE
6 | ROOM" (id.) (original emphasis). Speakers were pushed into
7 | the building lobby and told to leave the building, although
8 | some were allowed to stay to attend the remainder of the
9 | "PUBLIC MEETING UNDER THE BROWN ACT" (id., pp. 8-9)
10 | (original emphasis).

11 |

12 | Plaintiff arrived to the meeting late and was checking
13 | in with his speaker cards and agenda "ready in hand" (id.,
14 | p. 9). The sergeant at arms refused to accept Plaintiff's
15 | speaker cards (id.). The City Attorney and others were in
16 | the lobby, then left, "telling everyone to just GET OUT"
17 | (id.) (emphasis added). Police called an unlawful assembly
18 | and demanded that everyone leave within two minutes (id.).
19 | Plaintiff "demanded that a ruling be made and also demanded
20 | he be allowed Programmatic access [sic] to the meeting as
21 | soon as it reconvene[d]" (id.). "They would have none of
22 | it" (id.). Plaintiff and another man, Michael Hunt, were
23 | handcuffed and arrested (id.). Police took Plaintiff to
24 | jail for several hours, then booked Plaintiff at the
25 | Metropolitan Detention Center and set a $5000 bond, on a
26 | misdemeanor arrest as to which release on a promise to
27 | appear is allowed (id.). Plaintiff posted bond and was
28 | released 13 1/2 hours later (id., pp. 9-10). On the

1    arraignment date, the prosecutor filed no charges (id., p.

2    10).  The arrest was malicious, illegal and a "bogus attempt

3    as a free speech suppressant" (id.).  The arrest subjected

4    Plaintiff to cruel and unusual punishment for "merely trying

5    to speak at a public meeting for a minute or two" (id., pp.

6    12-13).

7

8         Defendant Soboroff threatened Plaintiff in the lobby of

9    the Police Department headquarters after one meeting and

10    called Plaintiff "the worst piece of shit" in front of a

11    dozen witnesses (id.).  At another meeting Soboroff demanded

12    that Plaintiff explain why Plaintiff wore a hood bearing a

13    swastika and "called them 'Nazis' in violation of the Ralph

14    M. Brown Act" (id.).

15

16         More misdeeds occurred at two "L.A. City Committee

17    meetings" (id.).  Defendant Englander "has been called a

18    'dwarf' by many in public comments" (id.).  Englander had

19    Plaintiff thrown out of a meeting and a police sergeant at

20    arms grabbed the mic from Plaintiff and removed Plaintiff

21    (id., pp. 10-11).

22

23         At another meeting, Defendant Marqueece Harris-Dawson,

24    a black councilman, tossed away Plaintiff's speaker cards

25    and would not allow Plaintiff to speak (id., pp. 11).

26    ///

27

28         Wearing a hood and drawing "KKK like" drawings and

6

1   swastikas and the like on speaker cards are expressions of

2   Plaintiff's political message protected by the First

3   Amendment "in protest over the suppression of free speech,

4   in general[,] and the oppression of Plaintiff as a White

5   American by Afro-American and Jewish American City

6   Officials, in particular" (id.).  Plaintiff appears to

7   allege that he uses epithets concerning African-Americans

8   and Jews to "turn the tables on the predominantly Black and

9   Jewish-White controlled City Government establishment" (id.,

10  pp. 11-12).

11

12      The "Rules of Decorum," as interpreted and applied by

13  Defendants, are impermissible content-based prior restraints

14  on free expression and the right of assembly, are vague and

15  ambiguous, and allow for "unbridled discretion[ary]

16  enforcement based on subjective analysis by Defendants"

17  (id., p. 13).  The Rules do not contain "narrow, objective

18  and definitive standards" (id.).  City officials could use

19  the term "impertinent" to silence a speaker or eject a

20  speaker from a public meeting based on the speaker's

21  expression of a negative viewpoint concerning matters of

22  public interest under discussion at the meeting (id.).  The

23  word "threatened" also is ambiguous (id.).

24

25  The Complaint contains two claims for relief.  In the First

26  Claim, Plaintiff alleges that Plaintiff's arrest and expulsion from

27  assertedly public meetings allegedly violated Plaintiff's rights under

28  the First, Fifth and Fourteenth Amendments and Article I, section 2 of

1 the California Constitution (California's constitutional guarantee of

2 freedom of speech) (id., pp. 18-19).  The Second Claim alleges that

3 the "Rules of Decorum" assertedly violate the First, Fifth and

4 Fourteenth Amendments and Article 1, section 2 of the California

5 Constitution because the rules assertedly constitute impermissible

6 prior restraints on speech and because they allegedly lack adequate

7 standards or guidelines to confine City officials' discretion to

8 enforce the Rules (id., p. 19).[4]  Plaintiff seeks injunctive and

9 declaratory relief as well as compensatory damages, punitive damages

10 and attorneys fees[5] (id., pp. 19-22).

11

12     Plaintiff attaches the following documents to the Complaint:

13

14     1.  A tort claim concerning an asserted March 1, 2016 meeting of

15 the "PLUM Committee," at which Defendant Englander allegedly attempted

16 to eject Plaintiff, and documents showing the City assertedly denied

17 the claim;

18

19 ───────────────

20     [4]     Although the Complaint mentions the Brown Act,
California Government Code section 54950 et seq., it is unclear
21 whether Plaintiff intends to allege a claim for violation of the
Brown Act.  In Plaintiff's Opposition, Plaintiff states that his
22 claims include state law claims for violation of the Bane Act,
California Civil Code section 52.1, negligence, false
23 imprisonment, assault and battery, as well as challenges to
California Penal Code sections 403 and 409 (Opposition, pp. 5-6,
24 10-11).  Plaintiff's opposition also contends the Police
Commission's Rules of Decorum violated state law, and refers to
25 an alleged "code of silence" which purportedly covers up alleged
officer misconduct and/or excessive force (Opposition, pp. 8-10,
26 15).  Despite these contentions in Plaintiff's Opposition, the
Complaint does not contain any such claims for relief.

27     [5]     A pro se litigant may not recover statutory attorneys
fees, even if the litigant is an attorney.  Kay v. Ehrler, 499
28 U.S. 432, 437-38 (1991).

1      2.  A tort claim concerning the alleged November 10, 2015 arrest

2  and documents showing the City assertedly denied the claim;

3

4      3.  A tort claim concerning an alleged January 13, 2016 incident

5  at a meeting of the "Homelessness Poverty Committee," at which

6  Defendant Harris-Dawson assertedly denied Plaintiff a right to speak,

7  and documents showing the City assertedly denied the claim;

8

9      4.  A tort claim concerning an alleged November 17, 2015 incident

10  at a Police Commission meeting, at which Defendant Soboroff assertedly

11  demanded that Plaintiff explain the Holocaust and accused Plaintiff of

12  racism, and documents showing the City assertedly denied the claim;

13

14      5.  A tort claim concerning an alleged December 8, 2015 incident

15  at the Police Headquarters at which Plaintiff was denied admission and

16  after which Defendant Soboroff verbally "assaulted and threatened"

17  Plaintiff, and documents showing the City assertedly denied the claim;

18

19      6.  Photos of alleged property damage at Plaintiff's property;

20

21      7.  Documents related to Plaintiff's arrest for violation of

22  California Penal Code section 409;

23

24      8.  Speaker cards bearing the name "Wayne Houseman"; and

25  ///

26  ///

27      9.  A newspaper article concerning a police shooting in Los

28  Angeles on some unspecified date.

1                    **STANDARDS GOVERNING MOTION TO DISMISS**

2

3        "To survive a motion to dismiss, a complaint must contain

4   sufficient factual matter, accepted as true, to state a claim to

5   relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S.

6   662, 678 (2009) (citation and internal quotations omitted).  "A claim

7   has facial plausibility when the plaintiff pleads factual content that

8   allows the court to draw the reasonable inference that the defendant

9   is liable for the misconduct alleged."  <u>Id.</u>

10

11       The Court must accept as true all non-conclusory factual

12  allegations in the complaint and must construe the complaint in the

13  light most favorable to the plaintiff.  <u>Erickson v. Pardus</u>, 551 U.S.

14  89, 94 (2007); <u>Zucco Partners, LLC v. Digimarc Corp.</u>, 552 F.3d 981,

15  989 (9th Cir. 2009).

16

17       "Generally a court may not consider material beyond the complaint

18  in ruling on a Fed.R.Civ.P. 12(b)(6) motion."  <u>Intri-Plex</u>

19  <u>Technologies, Inc. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1052 (9th Cir.

20  2007) (citation and footnote omitted); <u>see also</u> <u>Akhtar v. Mesa</u>, 698

21  F.3d 1202, 1212 (9th Cir. 2012) (on a motion to dismiss, the court may

22  consider "only allegations contained in the pleadings, exhibits

23  attached to the complaint, and matters properly subject to judicial

24  notice") (citation omitted); <u>Schneider v. Cal. Dept. of Corrections</u>,

25  151 F.3d 1194, 1197 n.1 (9th Cir. 1988) ("In determining the propriety

26  of a Rule 12(b)(6) dismissal, a court *may not* look beyond the

27  Complaint to a plaintiff's moving papers, such as memorandum in

28  opposition to a defendant's motion to dismiss.") (emphasis in

10

1  original).  However, the Court may consider facts raised for the first

2  time in an opposition in determining whether to grant leave to amend.

3  See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

4

5     The Court need not accept as true "allegations that contradict

6  matters properly subject to judicial notice or by exhibit."  See

7  Gonzalez v. Planned Parenthood of Los Angeles, 759 F.3d 1112, 1115

8  (9th Cir. 2014), cert. denied, 135 S. Ct. 2313 (2015); Steckman v.

9  Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are

10 not required to accept as true conclusory allegations which are

11 contradicted by documents referred to in the complaint.").

12

13    The Court may not dismiss a pro se complaint without leave to

14 amend unless "it is absolutely clear that the deficiencies of the

15 complaint could not be cured by amendment."  Karim-Panahi v. Los

16 Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (citations and

17 quotations omitted); see also Lopez v. Smith, 203 F.3d 1122, 1130 (9th

18 Cir. 2000) (en banc) (district court should grant leave to amend

19 "unless it determines that the pleading could not possibly be cured by

20 the allegation of other facts") (citation and internal quotations

21 omitted).

22 ///

23 ///

24 ///

25 ///

26                    **DEFENDANTS' CONTENTIONS**

27

28    Defendants contend that the Complaint is "repetitive,"

11

1  "conclusory" and "implausible," and that the Complaint fails to allege

2  facts showing how any individual Defendant violated Plaintiff's

3  rights.  Defendants further contend that the Complaint fails to state

4  claims for violation of the First Amendment, the Fourth Amendment, the

5  due process clause, or the California constitution.  Defendants assert

6  Plaintiff is not entitled to punitive damages from any Defendant.  The

7  individual Defendants also assert an entitlement to qualified

8  immunity.

9

10                          **EVIDENTIARY ISSUES**

11

12      Both sides seek judicial notice of various documents.  In light

13  of the Court's determination, discussed below, that the Complaint is

14  too confused and unclear to state a plausible claim for relief, the

15  requests for judicial notice are denied without prejudice as moot.

16

17      Anticipating the possible conversion of the Motion to Dismiss

18  into a motion for summary judgment, Plaintiff has submitted his

19  declaration and "other evidence," including a purported CD of the

20  alleged November 10, 2015 Board meeting.  Plaintiff apparently has

21  submitted this evidence in an attempt to show that Defendants violated

22  "open meeting rules," used the "rules of decorum" to "deny public

23  participation" and used the Los Angeles Police Department "to enforce

24  this illegal and illicit behavior" (Opposition, p. 5).

25  ///

26      "When ruling on a Rule 12(b)(6) motion to dismiss, if a district

27  court considers evidence outside the pleadings, it must normally

28  convert the 12(b)(6) motion into a Rule 56 motion for summary

1  judgment, and it must give the nonmoving party an opportunity to

2  respond." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003)

3  (citations omitted).  Here, because the Court is dismissing the

4  Complaint with leave to amend for the reasons discussed below, the

5  Court need not and does not convert the Motion to Dismiss into a

6  summary judgment motion.

7

8                              **DISCUSSION**

9

10      "Experience teaches that, unless cases are pled clearly and

11  precisely, issues are not joined, discovery is not controlled, the

12  trial court's docket becomes unmanageable, the litigants suffer, and

13  society loses confidence in the court's ability to administer

14  justice." Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

15  2000) (citations and quotations omitted). Id.; see Fed. R. Civ. P.

16  8(a) (a complaint must contain a "short and plain statement of the

17  claim showing that the pleader is entitled to relief"); Fed. R. Civ.

18  P. 8(d)(1) (each allegation of a complaint "must be simple, concise,

19  and direct").  Conclusory allegations are insufficient. Ashcroft v.

20  Iqbal, 556 U.S. at 678, 686.

21

22      The Complaint is unclear, disorganized, and rife with confusing

23  and conclusory allegations which impair an understanding of

24  Plaintiff's claims.  Portions of the Complaint are duplicative.

25  Plaintiff makes general allegations concerning the alleged misuse of

26  the City's "Rules of Decorum" to stifle free speech, but fails to

27  allege specific facts showing how any particular Defendant's use of

28  the "Rules of Decorum" supposedly violated Plaintiff's First Amendment

1   rights.[6]   Plaintiff may argue that exhibits attached to the Complaint,

2   consisting of Plaintiff's purported tort claims, supply the requisite

3   specificity (see Opposition, p. 4).   However, the exhibits, which

4   themselves are confusing, do not contain express allegations

5   concerning the purported application to Plaintiff of the City's "Rules

6   of Decorum" or the Rules of the Board of Police Commissioners.

7

8        It also is unclear whether Plaintiff asserts a facial First

9   Amendment challenge to the "Rules of Decorum," an "as applied"

10  challenge, or both.   Indeed, it is unclear whether Plaintiff

11  challenges the *City's* "Rules of Decorum," the Rules of the Los Angeles

12  Board of Police Commissioners or both.

13

14       With respect to the alleged November 10, 2016 incident, Plaintiff

15  does not appear to allege that he was excluded from the meeting

16  itself.   Consequently, any alleged relationship between Plaintiff's

17  allegations concerning the supposed misuse of the "Rules of Decorum"

18  and the November 10, 2016 incident remains unclear.   Furthermore,

19  Plaintiff does not allege any facts showing that any Defendant knew

20  that Plaintiff was in the lobby, that any Defendant was involved in

21  Plaintiff's arrest, or that any Defendant engineered Plaintiff's

22  arrest with retaliatory intent.   The Complaint contains no substantive

23  factual allegations whatsoever against Police Chief Beck.

24

25       [6]   In the Opposition, Plaintiff contends that Defendant
    Soboroff "called out" and "menaced" Plaintiff at various
26  undescribed meetings, that Defendant Harris-Dawson "dispose[d]
    of" Plaintiff's speaker cards at an unidentified meeting and that
27  Defendant Englander has interrupted Plaintiff and removed
    Plaintiff from unidentified meetings (Opposition, p. 4).   These
28  allegations are not contained in the Complaint.

1    Plaintiff's allegations concerning Defendant Soboroff's supposed

2   use of an expletive to refer to Plaintiff and alleged questioning of

3   Plaintiff concerning a hood, a swastika or use of the word "Nazis" are

4   confused and appear unrelated to the "Rules of Decorum."  The

5   allegation that Defendant Englander purportedly has been called a

6   "dwarf" is of obscure significance.  The Complaint does not supply any

7   clear factual allegations describing the alleged incidents at which

8   these statements supposedly were made, or any clear indication of the

9   legal significance of these statements.  It also is unclear how

10  Defendant Harris-Dawson's asserted disposal of Plaintiff's speaker

11  cards relates to any alleged misuse of the "Rules of Decorum."[7]

12

13    Plaintiff's general allegations concerning alleged police

14  killings, the purported control of City government by African-

15  Americans and Jewish Americans, and Plaintiff's supposed "reversing"

16  of racial epithets are confused, vague and untethered to any claim for

17  relief.  Plaintiff's allegations concerning an alleged fire at his

18  ranch purportedly caused by the DWP appear unrelated to Plaintiff's

19  other allegations.

20

21    Although the Complaint mentions the Brown Act, California

22  Government Code section 54950 et seq., the Complaint does not assert

23  any Brown Act claim expressly.  In Plaintiff's Opposition, Plaintiff

24  mentions a number of additional claims nowhere asserted in the

25  _____

26       [7]    Although it is uncertain, Plaintiff's reference to
    drawings on speaker cards (see Complaint, p. 11) may refer to the
27  alleged incident which forms the basis for Plaintiff's
    allegations in Spindler v. City of Los Angeles, CV 17-250-JSL
28  (E).

15

1  Complaint, including state law claims for violation of the Bane Act,

2  California Civil Code section 52.1, negligence, false imprisonment,

3  assault and battery, as well as challenges to California Penal Code

4  sections 403 and 409 (Opposition, pp. 5-6, 10-11).  In the opposition,

5  Plaintiff also contends the Police Commission's Rules of Decorum

6  violated state law, and refers to an alleged "code of silence" which

7  purportedly covers up alleged officer misconduct and/or excessive

8  force (Opposition, pp. 8-10, 15).  All these unpleaded matters are

9  irrelevant to the legal sufficiency of the Complaint.

10

11     Furthermore, Plaintiff repeatedly and confusingly refers to

12  "Defendant" or "Defendants" without specifying the Defendant or

13  Defendants to whom Plaintiff refers.  See McHenry v. Renne, 84 F.3d

14  1172, 1178 (9th Cir. 1996) (complaint is subject to dismissal for

15  failure to state a claim if "one cannot determine from the complaint

16  who is being sued, for what relief, and on what theory"); see also

17  E.D.C. Technologies, Inc. v. Seidel, 2016 WL 4549132, at *9 (N.D. Cal.

18  Sept. 1, 2016) ("Courts consistently conclude that undifferentiated

19  pleading against multiple defendants is improper") (citations,

20  internal brackets and quotations omitted); Chevalier v. Ray and Joan

21  Kroc Corps. Cmty. Ctr., 2012 WL 2088819, at *2 (N.D. Cal. June 8,

22  2012) (complaint that failed to "identify which wrongs were committed

23  by which Defendant" insufficient).

24  ///

25

26     Similarly, Plaintiff makes general allegations of wrongdoing

27  without stating facts showing how any named Defendant was involved in

28  that alleged wrongdoing.  See Barren v. Harrington, 152 F.3d 1193,

16

1    1194 (9th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1154 (1999) (to state a

2    claim against any individual defendant, a plaintiff must allege facts

3    showing that the individual defendant participated in or directed the

4    alleged violation, or knew of the violation and failed to act to

5    prevent it; "[a] plaintiff must allege facts, not simply conclusions,

6    that show that an individual was personally involved in the

7    deprivation of his civil rights.").

8

9        Finally, the Complaint improperly contains unnecessary legal

10   argument.  <u>See</u> <u>Osby v. Park Pictures, LLC</u>, 2017 WL 374902, at *5 (C.D.

11   Cal. Jan. 25, 2017) ("Legal argument, case citations and refutation of

12   arguments that are anticipated are not necessary or appropriate in a

13   pleading.") (citation and internal quotations omitted).

14

15       For all of these reasons, the Complaint fails to state a

16   plausible claim for relief.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678.

17

18                               **ORDER**

19

20       For the foregoing reasons, the Complaint is dismissed with leave

21   to amend.  The parties' requests for judicial notice and Defendants'

22   Motion to Strike are denied without prejudice as moot.  If Plaintiff

23   still wishes to pursue this action, he is granted thirty (30) days

24   from the date of this Order within which to file a First Amended

25   Complaint.  Any First Amended Complaint shall be complete in itself

26   and shall not refer in any manner to any prior complaint.  Plaintiff

27   may not add Defendants without leave of court.  <u>See</u> Fed. R. Civ. P.

28   21.  Failure to file timely a First Amended Complaint may result in

                                    17

1 | the dismissal of this action.  See Pagtalunan v. Galaza, 291 F.3d 639,

2 | 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may

3 | dismiss action for failure to follow court order); Simon v. Value

4 | Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234

5 | F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001),

6 | overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th

7 | Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without

8 | leave to amend where plaintiff failed to correct deficiencies in

9 | complaint, where court had afforded plaintiff opportunities to do so,

10 | and where court had given plaintiff notice of the substantive problems

11 | with his claims); Plumeau v. School District #40, County of Yamhill,

12 | 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend

13 | appropriate where further amendment would be futile).

14 |

15 |     In light of the Court's decision to grant leave to amend, the

16 | Court declines to rule on the issue of qualified immunity, an issue

17 | often better resolved on summary judgment.  See Kwai Fun Wong v.

18 | United States, 373 F.3d 952, 957 (9th Cir. 2004); Morley v. Walker,

19 | 175 F.3d 756, 761 (9th Cir. 1999) (on motion to dismiss, court was

20 | "not equipped at this stage to determine whether qualified immunity

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | will ultimately protect Walker"; issues "must be resolved at summary

27 | judgment or at trial").

28 |

1      IT IS SO ORDERED.

2

3        DATED: August 4, 2017.

4

5               _____

                        JOSEPHINE L. STATON

6               UNITED STATES DISTRICT JUDGE

7

8  PRESENTED this 12th day

9  of June, 2017, by:

10

11           /s/

          CHARLES F. EICK

12  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28