MICHAEL N. FEUER (SBN 111529)
City Attorney
GABRIEL S. DERMER (SBN 229424)
Assistant City Attorney
DORA A. GONZALEZ (SBN 210947)
Deputy City Attorney
RUTH M. KWON (SBN 232569)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone: (213) 978-7564/978-6952
Facsimile: (213) 978-7011
Email: dora.gonzalez@lacity.org
Email: ruth.kwon@lacity.org
Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WAYNE SPINDLER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, MATTHEW M. JOHNSON; MITCHELL ENGLANDER; MARQUEECE HARRIS-DAWSON; CHARLIE BECK, STEVE SOBOROFF and Does 1-10<br><br>    Defendants. | No. CV 16-05655 JLS (E)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:  November 17, 2017<br>Time:  9:30 a.m.<br>Ctrm:  Royal Building & Federal Courthouse, 7th Floor<br><br>Hon. Charles F. Eick<br>United States Magistrate Judge |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, on November 17, 2017, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Charles F. Eick, United States Magistrate Judge, 7th Floor, Royal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, California 90012, Defendants City of Los Angeles, Matthew M. Johnson, Mitchell Englander, Marqueece Harris-Dawson, Charlie Beck, and Steve Soboroff (collectively, "Defendants") will, and hereby do, move to dismiss the First Amended Complaint ("FAC") pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"), for failure to meet the mandatory pleading requirements and for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other matters as may be presented to the Court at the time of hearing.

This Motion is made following a conference of counsel with Plaintiff pursuant to Local Rule 7-3, which took place on October 2, 2017.

Dated: October 3, 2017          Respectfully submitted,


　　　　　　　　　　　　　　　　　  /s/
　　　　　　　　　　　　　　　　RUTH M. KWON
　　　　　　　　　　　　　　　　Deputy City Attorney

　　　　　　　　　　　　　　　　Attorneys for Defendants

## I. INTRODUCTION

Plaintiff, a licensed attorney proceeding pro se, filed suit more than a year ago, accusing the City of Los Angeles ("City") and five City officials, of violating his Constitutional rights. One could not discern from Plaintiff's rambling and haranguing 63-page Complaint (including 40 pages of exhibits), the misconduct at issue, the context and timing of the purported misconduct, or even the particular Defendants implicated by Plaintiff's claims. On August 4, 2017, the Court dismissed the Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. Dkt. No. 27. In its Order granting Plaintiff leave to amend, the Court provided a detailed analysis of the deficiencies Plaintiff should address in any amended pleading. Dkt. No. 27, 13-19. On September 1, 2017, Plaintiff filed the FAC. Dkt. No. 25.

As explained further herein, rather than remedying the Complaint's deficiencies, the FAC compounds them.[1] The FAC retains and adds impermissible legal argument and conclusory allegations. The FAC does not clarify which City policies or practices, at which time, and on what legal grounds are at issue. The FAC fails to explain the relevance and significance of events, events Plaintiff concedes the Defendants were not present to witness, participate in, or direct. Furthermore, the FAC adds six new causes of action —including a "fabrications" claim, an omnibus state law claim, and other incoherent constitutional and common law tort claims – untethered to any relevant factual allegations and legally-unfounded.

The result of the FAC is that the City and the individual Defendants are unable to discern how to respond to the factual allegations or legal claims. As such, the FAC falls short of the required pleading standards set forth in Rule 8(a). Furthermore, even assuming that the discernible (and conclusory) allegations are true, they do not, and cannot, state the basis for liability against any Defendant. The FAC should be dismissed

---

[1] Accordingly, this Court may dismiss this action for Plaintiff's failure to comply with the Court's Order. Fed. R. Civ. P. 41(b).

for failure to state a plausible claim pursuant to Rule 12(b)(6).

## II. THE FAC SHOULD BE DISMISSED PURSUANT TO RULE 8(A)

First and foremost, the FAC fails to comply with Rule 8(a), which states that a pleading setting forth a claim for a relief "must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Fed. R. Civ. P. 8(d)(1) (each allegation of a complaint "must be simple, concise and direct."). That statement must provide fair notice to defendants of the claims against them and the grounds on which those claims rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," and the statement required by Rule 8(a) must "possess enough heft" to show the plaintiff's entitlement to relief. *Id.* at 556-57. A complaint that fails to meet the dictates of Rule 8(a) is subject to dismissal under Rule 12(b)(6). *See id.* at 555. Furthermore, although *pro se* litigants are entitled to greater leeway in the interpretation of their pleadings, "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

The Ninth Circuit has repeatedly held that complaints such as Plaintiff's, which fail to comply with the requirements of Rule 8, are subject to dismissal. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of a complaint that did not allow a determination of "who [was] being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of complaints that "were confusing and conclusory and not in compliance with Rule 8"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of a complaint that was "verbose, confusing and conclusory"). Thus, in order to state a claim against any individual Defendant, there must be factual allegations showing participation, direction of the alleged violation, or an affirmative failure to act. *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions,

2

1  that show an individual was personally involved in the deprivation of his civil rights.")
2  Notably, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend
3  on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179. Thus,
4  even where some possible claims appear in a complaint, dismissal pursuant to Rule 8
5  may still be warranted.

6  Here, dismissal under Rule 8 is necessary. The FAC does not provide a coherent,
7  much less a "short and plain," statement of Plaintiff's claims against any of the
8  Defendants. For instance, although the Plaintiff's primary theory of liability appears to
9  arise from purported restrictions on his ability to speak at specified City meetings, the
10 facts of those meetings are buried within a confusing narrative that contains irrelevant
11 content about seemingly significant events and "other meetings." *See, e.g.*, FAC ¶ 3
12 (Plaintiff claims that he was "surrounded" by Defendants and law enforcement and was
13 "nearly shot"); ¶ 11 (referencing criminal prosecutions, restraining orders, perjury, press
14 conferences, and use of lobbyists); ¶ 30A ("several other meetings that Plaintiff has been
15 tossed out of").

16 Additionally, the enumerated causes of action are themselves confounding and
17 untethered to the factual allegations. Some causes of action conflate multiple
18 Constitutional provisions or several common law theories of liability. *See, e.g.*, FAC ¶¶
19 X.A, X.B., and X.E. (each claim relying upon several amendments to the Constitution);
20 FAC ¶ X.F (listing six torts and "negligence"). Other causes of action are cryptic and
21 not found in the law. *See, e.g.,* FAC ¶ X.C ("fabrications" claim); ¶¶ X.G and X.H
22 (citing inapplicable state law to a theory of "municipal liability for failure to supervise
23 employees").

24 Where the FAC bothers to reference a particular Defendant by name, it is by way
25 of legal argument or conclusory allegation. *See, e.g.*, FAC ¶¶ 5-9 (alleging that each
26 Defendant is "not entitled" to qualified immunity). Plaintiff speculates, rather than
27 demonstrates, that Defendants had basic knowledge of purported misconduct. *See, e.g.*,
28 FAC ¶ 24 (Defendant Johnson "must know" about misconduct at meeting Plaintiff did

3

not attend); ¶ 27 (Plaintiff speculates that Defendants Beck, Johnson, Soboroff must have "engineered the arrest" because they were "present" and because they were "laughing"). The FAC does not clarify which City policies or practices, at which time, are at issue. It is impossible for any of the Defendants to frame a meaningful response to the "allegations" and claims contained in the FAC, or to determine which defenses and immunities need be asserted. *See McHenry*, 84 F.3d at 1175. The FAC fails to comply with Rule 8's mandatory pleading requirements, and should be dismissed.

### III.  EACH OF PLAINTIFF'S CLAIMS FOR RELIEF IS DEFECTIVE

*Even if* the Court were to disregard the mandatory pleading requirement embodied within Rule 8, the FAC fails under Rule 12(b)(6) for its failure to state any plausible claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id*. at 679. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678.

#### A.  The FAC Fails to State Any Constitutional Violations Arising from the November 10, 2016 Meeting (First Claim)

Plaintiff's first claim (and the majority of his suit) rests entirely on the theory that Defendants violated his right to free speech and assembly at a "Public Meeting of November 10, 2016." So as to be able to assert an actual injury and to recover monetary damages, Plaintiff wishes this Court to draw the unreasonable inference that his November 10, 2016 arrest for unlawful assembly is related to the restrictions on his speech at the public meeting. The Court need not, and should not, draw such an

unreasonable inference.  By his own admission, Plaintiff did not attend or participate at the meeting, a circumstance of his own making:  Plaintiff admits that by the time he arrived, the meeting was already in recess.  FAC ¶ 21.  Therefore, Defendants could not have violated any rights at a public forum, for which Plaintiff was not present.

Second, Plaintiff admits that at the time of the alleged unlawful arrest, he was present in the lobby, and *not* at a public forum.  Just prior to his arrest, Plaintiff heard law enforcement declare an unlawful assembly.  FAC ¶ 22.  Rather than dispersing, Plaintiff "demanded" to receive his speaker cards and "make a ruling," but "[n]othing happened."  FAC ¶ 22.  Thus, based upon Plaintiff's own allegations, his arrest was objectively justified and no cause of action arises therefrom.

Third, to the extent Plaintiff believes an individual Defendant can be held vicarious liable for an allegedly unlawful arrest, he fails to make any allegation demonstrating such liability.  According to the FAC, the individual Defendants Soboroff, Johnson, and Beck, were present in the meeting room, not the lobby.  The FAC does not, because it cannot, allege that *prior to or at the time* of the arrest, any individual Defendant knew that Plaintiff had arrived or was present in the lobby.  Nor does the FAC allege that any individual Defendant knew of the purported conditions of his police custody.  Although Plaintiff argues otherwise, the only reasonable inference from Plaintiff's non-conclusory allegations is that no Defendant had the opportunity to know or direct Plaintiff's arrest and temporary custody. The First Claim should be dismissed for failing to state a plausible claim.

**B.     The FAC Fails to State Constitutional Violations Arising from the City's Meeting Rules (Second Claim)**

Plaintiff's second claim argues, rather than alleges, that several sets of rules governing City meetings are unconstitutional, both facially and as-applied to him.[2]  In

---

[2] As explained in prior briefing, this claim is nearly verbatim, copied from a complaint in a separate action previously before this Court.  *Michael Hunt v. City of Los Angeles*, C.D. Cal. 12-7261 DSF (SHx).

5

his recitation, Plaintiff references only one individual by name ("Sanders") who is not a party to this suit. FAC ¶ 38. Nevertheless, Plaintiff asserts that the City's meeting rules violate no fewer than five Amendments to the Constitution and the California Constitution and that all Defendants are implicated.

At bottom, Plaintiff's only comprehensible claim is that the City's decorum rule prohibiting disruptive behavior violates the First Amendment. However, neither a facial or as-applied challenge has been sufficiently alleged in the instant Complaint.

According to governing Ninth Circuit law, the City's rules of decorum are not facially overbroad. It is well established that content-neutral rules of decorum at government meetings are reasonable time, place and manner restrictions of speech as long as they are narrowly constructed to remove speakers only upon actual disruption. *White v. City of Norwalk,* 900 F.2d 1421, 26 (9th Cir. 1990). In the context of the "highly structured nature of city council and city board meetings … limitations on speech at those meetings must be reasonable and viewpoint neutral, but that is all they need to be." *Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 270-71 (9th Cir. 1995); *see also City of Norwalk,* 900 F.2d 1421, at 1426. The decorum rules of the Los Angeles City Council, are similarly narrowly constructed and comport with the First Amendment. Indeed, this Court has already held that the City's Recreation and Park Commission's Rules of Decorum, which are substantively the same as the rules at issue here are facially constitutional. *See Michael Hunt v. City of Los Angeles*, ("*Hunt*") 2012 U.S. Dist. LEXIS 191441 *15-16 (December 6, 2012). As such, Plaintiff's facial challenge fails as a matter of law.

Plaintiff's as-applied challenge also fails. Plaintiff speculates, rather than demonstrates by fact, that any Defendant misapplied any particular rule of decorum in contravention of the First Amendment. Moreover, Plaintiff fails to allege any facts sufficient to support a reasonable inference that Defendants' actions were substantially motivated by the content of Plaintiff's protected speech. Indeed, the only reasonable inference to draw from Plaintiff's allegations of his own conduct is that Plaintiff was in

fact disruptive and that application of the decorum rules was objectively reasonable. Accordingly, the second claim for relief should be dismissed.

### C. The "Fabrications" Claim is Defective (Third Claim)

Plaintiff's third claim is incoherent. While labeled a claim for "fabrication," the third claim cites 28 U.S.C. § 1331, the federal question jurisdiction statute, as well as an irrelevant case involving the appeal of a criminal sentence. To the extent discernible, Plaintiff asserts liability for the November 10, 2016 meeting. As such, it is duplicative of the first claim or other claims, and should be dismissed for the reasons stated above.

### D. The FAC Does Not State a Bane Act Claim (Fourth Claim)

Plaintiff fails to allege the requisite factual elements of a claim under the Bane Act, Cal. Civ. Code § 52.1. In order to state a Bane Act claim, a plaintiff must plead: (1) an act of interference with a legal right by (2) intimidation, threats or coercion. Cal. Civ. Code § 52.1. As explained above, Plaintiff here fails to assert any non-conclusory allegations amounting to a violation of any legal right, such as a Constitutional right,

Furthermore, although the FAC often characterizes Defendants' behavior as threatening, Plaintiff fails to allege any actual threatening statements by Defendants. Additionally, Plaintiff fails to allege facts showing any threats, intimidation or coercion *independent* from Defendant's application of the City's rules of decorum or *independent* from his arrest from unlawful assembly. *See Lyall v. City of Los Angeles*, 807 F.3d 1178, 1195 (9th Cir. 2015) (holding that one of the elements a plaintiff in a Bane Act claim must prove that "the [police] threats, intimidation or coercion were independent from the acts inherent in the detention and search."); *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947, 961-62 (holding no Bane Act claim for an improperly long detention, where the purported "coercion" was not independent from the coercion inherent in the plaintiff's wrongful detention and the defendant had not acted deliberately to cause the plaintiff's extra days of detention). Accordingly, Plaintiff has not stated a Bane Act claim, and Plaintiff's fourth claims should be dismissed.

7

### E. Plaintiff Has Alleged Neither a *42 U.S.C. Section 1983* Nor A *Monell* Claim (Fifth Claim)

As discussed above, the FAC fails to allege any Constitutional violation, upon which which Section 1983 relief may be granted. *Albright v. Oliver,* 510 U.S. 266, 271 (1994) ("*Section 1983* 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'") As such, the fifth claim, which is supported only by irrelevant allegations of past City misconduct and conclusory allegations regarding LAPD complicity, should be dismissed.

Similarly, the City cannot be held liable under *Monell v. Dep't of Soc. Servs* where no injury or constitutional violation has occurred. 436 U.S. 658, 691 (1978); *see City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) (holding if a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the regulations might have authorized the use of constitutionally excessive force is "quite beside the point."). A municipality "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691; 98 S. Ct. 2018 (1978). Accordingly, Plaintiff's fifth claim for relief should be dismissed.

### F. The Catch-All "State Law Claims" Are Defective (Sixth Claim)

Plaintiff's sixth claim for relief is a catch-all claim, embracing seven starkly distinct state law tort claims—false imprisonment, malicious interference with business relations, harassment, retaliation, assault, battery—and "negligence." Plaintiff's tort claims are defective as to the Defendant City as well the individual Defendants.

Plaintiff fails to state a claim against the City, because the City is immune from common law tort liability under the California Government Claims Act, (Cal. Gov, Code § 810 *et seq*.), which provides that, "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." The Government Claims Act's purpose was "not to expand the rights of plaintiffs in suits against government

entities, but to confine potential governmental liability to rigidly delineated circumstances." *Zelig v. County of Los Angeles*, 27 Cal. 4th 1112, 1127 (2002).

As such, it is well-settled that all tort liability against a government entity must be based on a statute. *Ellerbee v. County of Los Angeles*, 187 Cal.App.4th 1206, 1214 (2010); *Hoff v. Vacaville Unified School Dist.*, 19 Cal. 4th 925, 932 (1998); *Zuniga v. Housing Authority*, 41 Cal.App.4th 82, 92 (1995) ("In short, sovereign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute." Here, Plaintiff is required to identify a specific statute imposing direct liability on a governmental entity. *deVillers v. County of San Diego*, 156 Cal.App.4th 238, 247 (2007). Having failed to do so, Plaintiff's tort claims against the City are defective.

As to the individual Defendants, a public employee is not ordinarily liable for injury caused by another person's act or omissions. *See* Cal. Gov. Code § 820.8. Nor are members of City councils or locally appointed commissions vicariously liable for injuries caused by the act or omission of the public entity or advisory body. *See* Cal. Gov. Code § 820.9. Here, an individual Defendant may only be liable if, like a private person, he had a duty to the Plaintiff, which was breached. *See* Cal. Gov. Code § 820. Plaintiff must also allege misconduct, which is not subject to several statutory immunities afforded to public employees. *See, e.g.,* Cal. Gov. Code § 820.2 (discretionary acts and omissions); § 818.8 (misrepresentation); § 818.5 (malicious prosecution); § 821 (enactment or failure to enact law); § 818.2 (enforcement of law); § 820.6 (good faith); Cal. Pen. Code § 847 (false arrest and imprisonment).

In the instant case, Plaintiff fails to even provide a "mere recitation" of the elements of each tort claim. The FAC fails to assert factual allegations demonstrating that any Defendant had a duty with respect to Plaintiff, fails to allege facts showing that any Defendant breached a duty to Plaintiff, and fails to allege facts showing that Defendants caused Plaintiff injuries. Furthermore, based upon the FAC's own allegations, Defendants are statutorily immune from the asserted tort claims. Accordingly, Plaintiff's sixth claim for relief should be dismissed.

9

### G.   The Failure to Supervise Claims Are Not Stand-alone Claims (Seventh and Eighth Claims)

Plaintiff's Seventh and Eighth Claims for Relief are incoherent and do not appear to be stand-alone claims.  As entitled, both the Seventh and Eighth claims are asserted solely against the City for negligent supervision of the individual Defendants.  *See* FAC ¶¶ X.G and X.H ("municipal liability [sic] failure to supervise employees under color of law.")   However, both claims cite statutes having to do with theories of liability unrelated to negligent supervision.  *See* FAC ¶¶ X.G and X.H, citing Cal. Gov. Code § 815.2 (vicarious liability for acts of employees); § 820 (direct liability against public employee); 820.5 (indemnification of public employee); § 54950 *et seq* (Brown Act). Compounding the confusion, Plaintiff's recitation of facts reads like a prayer for relief: Plaintiff seeks the institution of an administrative "mediation" process, "a third party insurance carrier" or "arbitrator" to "regulate" individual Defendants, none of which may be obtained by judicial relief.  As explained above, in order to state a cognizable tort claim against the City, Plaintiff must cite a statutory basis for liability against a public entity.  Cal. Gov Code § 810 *et seq*.   At best, Plaintiff's Seventh and Eighth Claims are mere duplicates of Plaintiff's *Monell* claim.   Plaintiff's Seventh and Eighth claims should be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss and dismiss the instant case with prejudice.

Dated: October 3, 2017

Respectfully submitted,

/s/
RUTH M. KWON
Deputy City Attorney

Attorneys for Defendants