**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYNE SPINDLER,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES,<br>et al.,<br><br>   Defendants.<br>_____ | ) NO. CV 16-5655-JLS(E)<br>)<br>)<br>) ORDER DISMISSING FIRST AMENDED<br>)<br>) COMPLAINT WITH LEAVE TO AMEND<br>)<br>)<br>)<br>)<br>) |

**BACKGROUND**

  Plaintiff, a licensed attorney proceeding <u>pro se</u>, filed this civil rights action on July 29, 2016.  The original Complaint named as Defendants: (1) the City of Los Angeles ("City"); (2) Matthew M. Johnson, President of the City Board of Police Commissioners;[1] (3) Steve Soboroff, Vice-Chair of the City Board of Police Commissioners; (4) Mitchell Englander, Chair of the City Public Safety Committee; (5) Marqueece Harris-Dawson, Chair of a City "Housing/

---

   [1]  Plaintiff appears to use the terms "L.A.P.D. Commission" and "Police Commission" interchangeably.  For simplicity, the Court will use the term "Police Commission."

homeless and/or Poverty related Committee"; and (6) Los Angeles Police Chief Charlie Beck.  Plaintiff sued the individual Defendants in their individual and official capacities.

On March 9, 2017, Defendants filed: (1) a "Motion to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and Motion to Strike Pursuant to Federal Rules of Civil Procedure 12(f)" and (2) "Defendants' Request for Judicial Notice, etc."  On April 10, 2017, Plaintiff filed: (1) "Plaintiff's Memorandum of Points and Authorities in Opposition, etc."; (2) "Plaintiff's Statement of Genuine Disputes"; (3) "Plaintiff's Request for Judicial Notice, etc."; (4) a "Filing of Original Declaration of Wayne Spindler" to which was attached Plaintiff's declaration; and (5) a "Lodged Meeting Audio Recording [sic] of 11/10/2015 L.A.P.D. Police Commission Meeting."

On August 4, 2017, the Court issued an "Order: (1) Dismissing Complaint With Leave to Amend; and (2) Denying Motion to Strike."[2] On September 1, 2017, Plaintiff filed a First Amended Complaint, naming the same Defendants named in the original Complaint.

On October 3, 2017, Defendants filed a "Motion to Dismiss the First Amended Complaint, etc." ("Motion to Dismiss").  On November 3, 2017, Plaintiff filed an "Opposition to Defendants' Motion to Dismiss First Amended Complaint" ("Opposition").

///

---

[2]   In the Order, the Court declined to convert the motion to dismiss into a motion for summary judgment.

**SUMMARY OF ALLEGATIONS IN FIRST AMENDED COMPLAINT**[3]

The First Amended Complaint resembles the original Complaint, and some allegations appear to be identical.  Like its predecessor, the First Amended Complaint is rambling, disorganized and unclear as to what Plaintiff is alleging as to each Defendant.  Plaintiff's claims appear to concern Plaintiff's alleged efforts to speak at meetings of the City Council and meetings of various City committees.  Plaintiff's claims appear to be based primarily on four incidents occurring between November 10, 2015, and March 1, 2016.  Plaintiff alleges violations of the First, Second, Fourth, Fifth, Eighth and Fourteenth Amendments, as well as state law constitutional claims and state law tort claims.

Plaintiff alleges:

Defendant City "and its associates" "retaliate, shut down, arrest, menace, harass, and victimize people who go publicly against their will" (First Amended Complaint, ¶ 3).  The City has a "long history and a continued pattern and practice" of suppressing and retaliating against people like Plaintiff who "stand up to them and oppose their agenda of raising taxes, fees, and costs while using the L.A.P.D. to abuse, track, and menace anyone who gets in the way of "City

---

[3]    In summarizing Plaintiff's allegations, the Court makes no determination concerning the credibility of the allegations.  To avoid repetition, the Court will not summarize herein the allegations in the original Complaint.  A summary of the original Complaint's allegations can be found in the Court's August 4, 2017 Order.

Business" (id.).  Defendants have labeled Plaintiff a
"gadfly" (id.).

The City has adopted a policy of censoring the speech
of certain persons, including Plaintiff, who express views
critical of the City or City officials (id., ¶ 11).  The
City allegedly effectuates this policy through the
unconstitutional enforcement of the "Rules of the City
Council" and related policies and practices, including the
"Rules of the L.A.P.D." and by means of false arrests and
imprisonments, criminal prosecutions, use of restraining
orders, perjured statements, press conferences and the use
of "high powered lobbyist contacts" (id.).  The policy is
enforced by removing people from public meetings and
otherwise interfering with their right to assemble and speak
at public meetings (id.).  Defendants have "trampled on"
California's Brown Act [California Government Code section
54950 et seq.] by limiting speaker time, cutting speakers
off, expelling speakers from meetings with false claims of
"disruption" and misplacing, losing or overlooking "speaker
cards" (id.,¶ 17).

Since November 10, 2015, Defendants have caused
Plaintiff to be arrested "each year," resulting in three
criminal arraignments and a trial (id., ¶ 3).  In 2017,
Plaintiff was convicted of an infraction count of
"disturbing the peace" (id.).  On March 30, 2017,
"Defendants on a hoax 911 call surrounded the Plaintiff with

4

20 police, Sheriff and C.H.P. officers and nearly shot the
Plaintiff" (id.).

**Events of November 10, 2015**

On November 10, 2015, Defendant Johnson chaired a
Police Commission meeting (id., ¶ 21).  Plaintiff filled out
three speaker cards using a pseudonym (id.).  Some thirty
minutes earlier, the public was cleared from the meeting
room and sent to the lobby (id.).  Defendant Johnson's act
of clearing the room without a vote violated the Brown Act
(id., ¶ 24).  "Plaintiff had just arrived and in no way
disrupted the meeting" (id., ¶ 21).  The sergeant-at-arms,
the City Attorney and the Executive Director (apparently of
the Police Commission) were in the hallway behind a security
gate and would not take Plaintiff's speaker cards (id.).
The police declared an unlawful assembly in the lobby (id.,
¶ 22).  Plaintiff had not been present prior to the order
clearing the meeting room and demanded that the City
Attorney or staff "come out and take the speaker cards and
make a ruling" (id.).  Plaintiff and another person, Michael
Hunt, were handcuffed and arrested for violating California

///
///
///
///
///

5

1  Penal Code section 409 (id.).[4]  The Executive Director
2  "advised in an open mic" that Plaintiff had been arrested
3  and the lobby cleared (id., ¶ 25).  Only Plaintiff and Hunt,
4  another "well known gadfly," were arrested (id., ¶ 27).
5  Defendants City, Soboroff, Beck and Johnson singled out
6  Plaintiff, whom they know and dislike for Plaintiff's use of
7  "intensifiers," his criticism of their policies, and his
8  occasional wearing of "KKK-style garb which is used to symbolize
9  that the Commission and the Chief are acting Nazi-Like in their
10  treatment of Blacks, Hispanics, and the Poor in redevelopment
11  zones around the City" (id., ¶ 27).

12

13  The meeting thereafter was reconvened, but Plaintiff was
14  denied the ability to attend and speak at the meeting (id.).
15  Plaintiff was detained for over thirteen hours and had to post a
16  $5000 bond to secure his release (id., p. 23).

17

18  **Events of December 8, 2015**

19

20  On December 8, 2015, after a Police Commission meeting
21  had ended, Defendant Soboroff and plainclothed L.A.P.D.
22  personnel blocked the lobby doorway (id., p. 17).  Soboroff
23  made "incendiary and frightening statements in the face of
24  Plaintiff, in violation of State law (id.).  Soboroff

25

26  _____

      [4]    Penal Code section 409 provides: "Every person
27  remaining present at the place of any riot, rout, or unlawful
     assembly, after the same has been lawfully warned to disperse,
28  except public officers and persons assisting them in attempting
     to disperse the same, is guilty of a misdemeanor."

threatened Plaintiff in retaliation for Plaintiff's
statements at the meeting and earlier (id.) "Defendant Beck
allowed this to occur while on duty in the police
headquarters building in clear violation of his duty as a
police officer (id., pp. 17-18).

**Events of January 13, 2016**

On January 13, 2016, Plaintiff filled out a speaker
card to speak at a City Council Homelessness and Poverty
Committee meeting, but the Committee Chair, Defendant
Harris-Dawson, would not allow Plaintiff to speak (id., p.
18). Everyone else who handed in a speaker card was allowed
to speak (id.). Harris-Dawson thereby violated the Brown
Act, retaliated against Plaintiff and suppressed Plaintiff's
speech based on its content (id.). Harris-Dawson only
called Plaintiff for one minute of "general comments" (id.).
The measure that passed was "a lie" (id., pp. 18-19).
Plaintiff has been tossed out of several other meetings
based on fabricated allegations of "disruptions" (id.). The
City Council's Rules of Decorum, as applied, are used to
"intimidate, harass and interfere with Plaintiff's rights to
participate at the meetings" (id., p. 19). Harris-Dawson
uses the Rules of Decorum's Rule 11, allowing limitation of
the number of speakers on an agenda item and rejection of an
illegible speaker card, to deprive Plaintiff of Plaintiff's
right to speak (id.).

///

**Events of March 1, 2016**

On March 1, 2016, Defendant Englander attempted to eject Plaintiff from a meeting of the City Council Planning and Land Use Management ("PLUM") Committee (id., pp. 19-20). Plaintiff had been berating public officials "for the lousy job they do in land use issues. . . ." (id.). The meeting "got hostile" (id., pp. 20-21). Englander lowered the audio and caused the sergeant-at-arms to grab the microphone out of Plaintiff's hand while Plaintiff was giving public testimony (id., pp. 20-21). Englander yelled to throw Plaintiff out of the meeting without a vote, in violation of the Brown Act, the City's Rules and the First Amendment (id., p. 21). At the time, Plaintiff was discussing the issue of community opposition to a proposed building expansion, "using intensifiers" (id.). Angry that Plaintiff opposed Englander's reelection bid, Englander retaliated against Plaintiff by faking a "disruption" to justify throwing Plaintiff out of the meeting (id.). Englander repeatedly has tossed Plaintiff out of meetings and has prevented Plaintiff from speaking, for no reason, in violation of the Brown Act and the City's Rules (id., p. 22).

The First Amended Complaint contains eight claims for relief which incorporate the above allegations:

///

///

**Claim One** - **False Arrest and Detention in Violation of First, Fourth, Fifth, Eighth and Fourteenth Amendments and Article I, section 2 of the California Constitution**

Defendants Soboroff, Johnson and Beck misapplied California Penal Codes section 409 so as to subject Plaintiff to an assertedly unlawful arrest on November 10, 2015 (id., p. 23). Plaintiff was "handcuffed, detained, physically harmed and emotionally left distraught and deprived of his civil rights for no legally justifiable reason" (id., p. 24). L.A.P.D. "Meeting Rule VI(d)," which allowed the Chair sua sponte to recess and clear the room without a vote, violates the Brown Act on its face (id., pp. 25-26). The Rule as applied violates Due Process, the First Amendment, the Brown Act and the California Constitution because it allows the Chair alone to remove a speaker arbitrarily and discriminatorily (id., p. 26). Defendants Soboroff, Johnson and Beck also violate the Brown Act for disallowing criticism of the Police Commission and retaliating against those who criticize, such as Plaintiff (id.).

While in custody, Plaintiff was denied bail and access to a working telephone, a "proper bed and toiletries" (id.). Plaintiff was detained in a "urine-filled cell" with other prisoners, one of whom threatened to "kill someone as soon as possible" (id.). "This excessive and illegal detention was done to retaliate against Plaintiff and give Plaintiff

the 'grand tour' of the Skid Row jails, as Plaintiff had
spoke [sic] in defense of Skid Row residents being harassed
by the L.A.P.D. several times" (<u>id.</u>).  Defendants will
continue to threaten Plaintiff with criminal prosecution
(<u>id.</u>, pp. 24-25).

**Claim Two - Facial and As Applied Challenges to City's Rules,**
**Rules of Decorum and Rules of the Police Commission as Violative**
**of the First, Second, Fourth, Fifth and Fourteenth Amendments and**
**Article I, Section 2 of the California Constitution**

     The City's Rules, the City's Rules of Decorum and the
Police Commission Rules of Decorum are invalid facially and
as applied under the state and federal constitutions because
they are impermissible prior restraints and because they are
vague and confer unbridled discretion on City officials
(<u>id.</u>, pp. 26-27).  Defendants acted in concert to silence
Plaintiff repeatedly and to retaliate against Plaintiff
(<u>id.</u>, p. 27).  Defendant Englander and the City use Rule 8
to deem Plaintiff "off topic" (<u>id.</u>).  Rule 9 is vague and
overbroad because it does not prevent Councilmembers or the
Clerk from interrupting Plaintiff while Plaintiff is
speaking at public meetings (<u>id.</u>).  Rule 12(a) as applied is
unconstitutional because the City uses it to prevent
criticism of a particular Councilmember (<u>id.</u>, p. 28).  Rule
12(b) is facially overbroad because it bars "abusive
language" and "other disruptive acts" and has been applied
to Plaintiff to quash Plaintiff's speech (<u>id.</u>).  Rule 12(d)

is overbroad as it limits the size of "signs, banners, props, or similar items" but does not so limit hats or costumes, and does not define the term "obstruct" (id., pp. 28-29). Rule 12(d) has been used to suppress Plaintiff's rights (id., p. 29).

**Claim Three - "Fabrications, 28 U.S.C. 1331"**

Defendants Beck, Soboroff and Johnson allegedly failed to intervene in the unlawful arrest and imprisonment of Plaintiff, "per U.S. v. Koon, 24 F.3d 1416 (9th Cir. 1994)" (id., p. 31). These Defendants and the City fabricated an "unlawful assembly," and Johnson unlawfully called a recess without a vote as a ruse to clear the room (id.).

**Claim Four - Violation of Bane Act, California Civil Code section 52.1**

The City is vicariously liable for the acts of Defendants Soboroff, Johnson, Beck, Harris-Dawson and Englander, who illegally deprived Plaintiff of his right to speak and assemble in violation of the California Constitution and the Brown Act (id.). The misuse of Penal Code section 409, the illegal arrest and detention of Plaintiff, the use of excessive force against Plaintiff and the misuse of the Rules of Decorum to prevent Plaintiff from speaking violated "State Law Civil rights" (id, pp. 31-32).

///

**Claim Five - Monell[5] Claim**

The City and Defendants acting under color of law have a longstanding policy of violating public speakers' rights to participate in public meetings (id., p. 32).  The Judge in <u>Dowd v. City of Los Angeles</u>, CV 09-6731-SS, recently put the City on notice of the violations and ordered the City to pay attorney's fees to discourage the City from violating the "Open Meeting laws" (id.).  The City has a "long standing proven track record of violations of the freedom of speech and assembly in its public meetings" (id., p. 33). Council Rules 8, 9 and 12 and the L.A.P.D. Rules are unconstitutional (id.).  Defendant Beck enforces a "code of silence" policy in the police department that encourages perjury and the cover-up of police misconduct (id., pp. 33-34).  Defendant Beck personally selects police officers to provide security for all public meetings (id., p. 33). These police officers witnessed the violations alleged in the First Amendment Complaint but were under orders to take no action (id.).

///
///
///
///
///
///

_____

[5]   See <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978)

1    **Claim Six - False Imprisonment, Malicious Interference with**
2    **Business Relations, Harassment, Retaliation, Assault, Battery and**
3    **Negligence**
4
5         Defendants "detained, harassed, retaliated and
6    discriminated against Plaintiff," and assaulted and falsely
7    imprisoned Plaintiff on November 10, 2015 and December 8,
8    2015 in the L.A.P.D. lobby (id., p. 34).  Plaintiff was
9    "[h]arassed, battered, and maliciously interfered with in
10   his business of law practice on November 10, 2015,
11   November 17, 2015, December 8, 2015[,] January 13, 2016, and
12   March 1, 2016 by being emotionally placed in harm by the
13   vicious and hateful and intentional violations of the
14   Defendants" (id.).
15
16   **Claim Seven - Municipal Liability Under California Government**
17   **Code Sections 815.2, 820 and 825**
18
19        The City does not stop or supervise Councilmembers' and
20   Commissioners' violations of open meeting laws (id., p. 35).
21   The City has no policy or procedure to supervise these
22   individuals or the police chief (id.).  On May 1, 2017,
23   Defendant Beck sent Plaintiff a letter stating that Beck and
24   the L.A.P.D. had found Plaintiff's complaints about his
25   arrest to be "protected by law or . . . consistent with
26   Department police or procedure" (id.).  Beck did not recuse
27   himself, and the City has no policies to deal with such a
28   blatant conflict of interest (id.).

**Claim Eight - Violation of Brown Act**

The City has no policy or procedure to cure the individual Defendants' violation of the Brown Act (id., p." 36).  The City has no mediation or third party insurance carrier or arbitrator who is not conflicted who can intervene, supervise, and regulate these Defendants" (id.). The City is strictly liable for these violations and its officials' lawlessness (id.).

**Prayer for Relief**

Plaintiff seeks injunctive relief restraining Defendants from enforcing the Rules of Decorum of City Committees and Commissions "solely on the basis of constitutionally protected speech, except where the subject engages in actual disruption of a meeting of the Commission or Council" (id., p. 37).  Plaintiff also seeks declaratory relief that the City's Rules allegedly are unconstitutional under the state and federal Constitutions and allegedly violate the Brown Act (id.).  Plaintiff seeks an order directing the expungement of the alleged November 10, 2015 citation (id.).  Plaintiff also seeks compensatory and punitive damages (id.).

**Exhibits to the First Amended Complaint**

Plaintiff attaches exhibits to the First Amended Complaint, including a letter to Plaintiff from the executive director of the Police Commission apparently responding to Plaintiff's complaint,

several meeting agendas, the Police Commission Rules, a photograph, and several speaker cards bearing the name "Wayne Houseman." Plaintiff does not attach the City's Rules of Decorum.  However, the Court takes judicial notice of the "Rules of the Los Angeles City Council, etc.," available on the City's website.[6]  See Tollis, Inc. v. County of San Diego, 505 F.3d 935, 938 n.1 (9th Cir. 2007), cert. denied, 553 U.S. 1066 (2008) (court may take judicial notice of municipal ordinances).

### Rules Which Appear to Be the Subject of Plaintiff's Claims

Plaintiff appears to mount facial and as-applied challenges to City Council Rules 8, 9, 12(a), (b) and (d) and Police Commission Rule V.

Rule 8 of the City's Rules provides, among other things, that no person may present evidence not relevant to the matter which is the subject of the hearing.  Rule 9 forbids interrupting Councilmembers during a Council meeting.  Rule 12 contains the City's Rules of Decorum.  Rule 12(a) provides that a member of the public addressing the Council or a Committee "shall not engage in any conduct which disrupts the orderly conduct of any Council or Committee meeting." Rule 12(b) provides that no one in the audience "shall engage in conduct that disrupts the orderly conduct of any Council or Committee

---

[6]    See https://www.lacity.org/your-government/government-information/council-rules.  A copy of the 2016 City Council Rules is attached hereto.  Plaintiff does not appear to contend that any amendments to these Rules in 2015 or 2016 have affected the issues presented in this case.

meeting, including, but not limited to, the utterance of loud, threatening or abusive language, whistling, clapping, stamping of feet, repeated waiving [sic] of arms or other disruptive acts." Rule 12(d) forbids members of the audience and speakers from wearing or displaying "signs, placards, banners, hats, costumes or similar items at any time in the Council Chamber or Committee room that obstruct the view of other audience members." The Rule limits the size of signs, placards, banners, props or similar items to 8 1/2 by 10 inches and provides that such items may not be illuminated or attached to any pole, stick or other device.

Rule V of the Police Commission Rules attached to the First Amended Complaint contains the Rules of Decorum for that body. Rule V(A) provides that speakers "shall refrain from speaking beyond the allotted time or making remarks which are not relevant to the specific agenda item for which public comment is being given" (see First Amended Complaint, Ex. E, p. 56). Rule V(B) provides: "No member of the audience at a Board meeting shall engage in any acts which cause an actual disruption of the meeting by preventing or impeding the Board's ability to accomplish its business in a reasonably efficient manner."

### STANDARDS GOVERNING MOTIONS TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court must accept as true all non-conclusory factual allegations in the complaint and must construe the complaint in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009).

"Generally a court may not consider material beyond the complaint in ruling on a Fed.R.Civ.P. 12(b)(6) motion." Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (citation and footnote omitted); see also Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (on a motion to dismiss, the court may consider "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice") (citation omitted); Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1988) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).  However, the Court may consider facts raised for the first time in an opposition in determining whether to grant leave to amend. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

The Court may not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the

complaint could not be cured by amendment." <u>Ahktar v. Mesa</u>, 698 F.3d
at 1212 (citations and internal quotations omitted); <u>see also</u> <u>Lopez v.
Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (district court
should grant leave to amend "unless it determines that the pleading
could not possibly be cured by the allegation of other facts")
(citation and internal quotations omitted).

**DEFENDANTS' CONTENTIONS**

Defendants contend:

1.  The First Amended Complaint allegedly violates Rule 8 of the
Federal Rules of Civil Procedure;

2.  The First Amended Complaint allegedly fails to state a claim
arising out of the purported November 10, 2015 incident;

3.  The City's Rules allegedly do not violate the First
Amendment;

4.  Plaintiff's "fabrications" claim allegedly is incoherent
and/or duplicative;

5.  The First Amended Complaint allegedly does not state a Bane
Act claim;

6.  Plaintiff allegedly has failed to allege a section 1983 claim
or a <u>Monell</u> claim;

7.  Plaintiff's "catch-all" Sixth Claim for Relief allegedly is defective; and

8.  Plaintiff's failure to supervise claims contained in the Seventh and Eighth Claims for Relief are not "stand-alone" claims.

**DISCUSSION**

I.  <u>**The First Amended Complaint Violates Rule 8 of the Federal Rules of Civil Procedure.**</u>

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. Proc. 8(d)(1). Conclusory allegations are insufficient. <u>See Ashcroft v. Iqbal</u>, 556 U.S. at 678, 686. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotations omitted). <u>Id.</u>; <u>see</u> Fed. R. Civ. P. 8(a) (a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 8(d)(1) (each allegation of a complaint "must be simple, concise, and direct"). A complaint is subject to dismissal for failure to state a claim if "one cannot determine from the complaint who is being sued, for what relief, and on what theory. . . ."

1   <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996).

2

3        Although the Court previously advised Plaintiff of the

4   requirements of Rule 8, the First Amended Complaint, like the original

5   Complaint, is confused, conclusory, rambling and unclear.  Plaintiff

6   uses the term "Defendants" without specifying to which Defendant(s) he

7   refers, uses the passive voice without identifying the alleged actor,

8   and makes general and conclusory allegations of alleged wrongdoing

9   unsupported by specific factual allegations.  At a number of places in

10  the pleading Plaintiff complains generally about the "Rules" without

11  identifying the set of "Rules" much less the specific "Rule" to which

12  he refers and without stating whether or how a particular Rule was

13  applied to Plaintiff.  Plaintiff also refers to matters appearing to

14  have little or nothing to do with Plaintiff's claims, including but

15  not limited to an alleged "hoax call" purportedly resulting in the

16  near-shooting of Plaintiff by police, alleged lobbyist contracts,

17  alleged mishandling of "Measure HHH" funds and the details of

18  Defendant Englander's alleged failed election bid.  Plaintiff appears

19  to challenge a rule prohibiting oversized signs and similar displays,

20  but does not allege that he himself ever ran afoul of this rule.

21

22       Plaintiff also appears to allege a violation of the Second

23  Amendment, although the pleading is devoid of any allegation

24  concerning any supposed infringement of Plaintiff's right to bear

25  arms.  Additionally, Plaintiff bundles multiple alleged constitutional

26  violations or state torts into a single claim for relief without

27  attempting clearly to set forth facts supporting the elements of each

28  alleged violation or tort.  Such bundling would make it nearly

impossible for any responding party to craft a response to the pleading.  This sort of vague, disjointed, conclusory and unclear pleading does not satisfy the requirements of Rule 8.  See McHenry v. Renne, 84 F.3d at 1177-78; see also Gallipeau v. Microsoft Corp., 2011 WL 13193365, at *1 (W.D. Wash. June 27, 2011), aff'd, 485 Fed. App'x 243 (9th Cir. 2012) (complaint which lumped together multiple torts claims in one paragraph titled "CLAIMS" insufficient); James v. Evans, 2010 WL 4690329, at *2 (N.D. Cal. Nov. 8, 2010) (complaint which combined "many disparate claims and arguments" violated Rule 8).

Claims 7 and 8, both nominally claims of failure to supervise, are unclear.  In both claims, Plaintiff appears to complain about Defendant Beck's refusal to "recuse" himself from a purported conflict of interest.  Plaintiff alleges in conclusory fashion that the City fails to supervise or manage the individual Defendants.  It is unclear what the alleged failure to recuse has to do with the City's alleged lack of supervision of the other Defendants.  Claim 8 also appears to allege that the City has no policy or procedure to correct violations of the Brown Act, but the nature of those alleged violations is unclear.[7]  Claims 7 and 8 do not satisfy the requirements of Rule 8.

---

[7]     Among other things, the Brown Act generally provides that "all persons" shall be permitted to attend public meetings of legislative bodies, that every agenda for regular meetings shall provide members of the public the opportunity to address the legislative body on any item within the subject matter jurisdiction of the body, that the body may adopt reasonable regulations limiting the time allocated for public testimony on particular issues and for each speaker, and that the body may clear the room in the event of disorderly conduct during a meeting.  See Cal. Gov't Code §§ 54953, 54954.3, 54957.9. Damages are unavailable for Brown Act violations.  See Holbrook v. City of Santa Monica, 144 Cal. App. 4th 1242, 1254 n.5, 51 Cal. Rptr. 3d 181 (2006).

## II.  The First Amended Complaint Fails to State a Plausible Constitutional Claim for False Arrest or False Imprisonment.

The Fourth Amendment, not the Due Process Clause or the Eighth Amendment, governs a claim of unlawful arrest and detention.  See Manuel v. City of Joliett, Ill., 137 S. Ct. 911, 918-19 (2017); see also Sanchez v. City of Los Angeles, 2011 WL 6951822, at *7 (C.D. Cal. Oct. 31, 2011), adopted, 2012 WL 27722 (C.D. Cal. Jan. 5 2012) (citizen removed from City Council meeting and arrested for alleged violation of City's Rules of Decorum could not assert Eighth Amendment claim).  "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."  Devenpeck v. Alford, 543 U.S. 146, 152 (2004) (citations omitted).  Probable cause "exists where, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime."  Peng v. Mei Chin Penghu, 335 F.3d 970, 976 (9th Cir. 2003), cert. denied, 540 U.S. 1218 (2004) (citation, internal quotations and brackets omitted).  Under the Fourth Amendment, if the arresting officers had probable cause to arrest, the officers' other subjective motivations for the arrest are immaterial.  Whren v. United States, 517 U.S. 806, 813-15 (1996).  To plead a claim for false arrest and imprisonment in violation of the Fourth Amendment, Plaintiff must allege facts demonstrating an absence of probable cause.  See Beck v. City of Upland, 527 F.3d 853, 864-66 (9th Cir. 2008).

Plaintiff alleges that he was arrested wrongfully for an alleged

22

violation of California Penal Code section 409 on November 10, 2015.
As indicated above, section 409 makes it unlawful to remain at "the
place of any riot, rout, or unlawful assembly, after the same has been
lawfully warned to disperse. . . ." Plaintiff alleges that, after the
public was cleared from the meeting room, the police declared an
unlawful assembly in the lobby area and told everyone to leave (First
Amended Complaint, p. 12). Allegedly believing that he nevertheless
had the right to remain in the lobby area, Plaintiff assertedly
demanded that the City attorney or Commission staff "come out and take
[Plaintiff's] speaker cards and make a ruling" (id.). Plaintiff then
was arrested (id.). Thus, the face of the First Amended Complaint
shows that Plaintiff remained in the lobby area after having been
warned to disperse. The First Amended Complaint fails to allege facts
plausibly demonstrating an absence of probable cause for this arrest.
See Acosta v. City of Costa Mesa, 718 F.3d 800, 825-26 (9th Cir. 2013)
(officer had probable cause to arrest plaintiff for "disorderly,
insolent or disruptive behavior" at city council meeting, where
plaintiff defied the mayor's directive to plaintiff not to ask
supporters to stand and then refused to leave and continued to speak
after mayor declared a recess); Norse v. City of Santa Cruz, 629 F.3d
966, 978 (9th Cir. 2010) (en banc), cert. denied, 565 U.S. 823 (2011)
(where plaintiff alleged that he verbally resisted city council
members' attempts to eject plaintiff, false arrest claim insufficient,
because a reasonable officer could have believed that probable cause
existed to arrest plaintiff for disturbance of a public assembly or
meeting in violation of California Penal Code section 403).

     Furthermore, "[l]iability under § 1983 must be based on the

personal involvement of the defendant." Barren v. Harrington, 152
F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999)
(citation omitted).  "A plaintiff must allege facts, not simply
conclusions, that show that an individual was personally involved in
the deprivation of his civil rights." Id.  Plaintiff does not allege
facts plausibly showing that any Defendant was involved in the arrest
and detention of Plaintiff.  Indeed, Plaintiff does not allege facts
plausibly showing that any Defendant even knew that Plaintiff had
remained in the lobby after the police declared an unlawful assembly
in the lobby.  Plaintiff also does not allege how any Defendant is
responsible for any delay in making bail or for the alleged conditions
of Plaintiff's confinement in the jail prior to his release.

**III.  The First Amended Complaint Fails to State a Claim for Excessive
Force.**

Plaintiff mentions, in conclusory fashion, that he allegedly was
the victim of excessive force in violation of the Eighth Amendment
(see First Amended Complaint, ¶ 40).  The Court previously advised
Plaintiff that any Eighth Amendment claim is insufficient as a matter
of law.  The Eighth Amendment's prohibition against cruel and unusual
punishment applies only after conviction.  See Pierce v. Multnomah
County, Oregon, 76 F.3d 1032, 1042 (9th Cir.), cert. denied, 519 U.S.
1006 (1996); see also Kingsley v. Hendrickson, 135 S. Ct. 2466, 2475
(2015).

Claims of excessive force in the context of an arrest are
analyzed under the Fourth Amendment "reasonableness" standard.  Graham
v. Connor, 490 U.S. 386, 394-95 (1989); Lowry v. City of San Diego,

858 F.3d 1248, 1254-55 (9th Cir. 2017) (en banc), <u>pet for cert. filed</u>
(No. 17-706) (Sept. 5, 2017).  In assessing the objective
reasonableness of a particular use of force, a court considers:
(1) the severity of the intrusion on the individual's Fourth Amendment
rights by evaluating the type and amount of force inflicted; (2) the
government's interest in the use of force; and (3) the balance between
the gravity of the intrusion on the individual and the government's
need for that intrusion.  <u>Lowry v. City of San Diego</u>, 858 F.3d at 1256
(citation omitted).  Plaintiff's conclusory excessive force
allegations are insufficient.  <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662,
678, 686 (2009) (plaintiff must allege more than an "unadorned, the-
defendant-unlawfully-harmed me accusation"; a pleading that "offers
labels and conclusions or a formulaic recitation of the elements of a
cause of action will not do") (citations and quotations omitted); <u>Bell</u>
<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) ("Threadbare
recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice."); <u>Smith v. Napa State Hosp.</u>,
2016 WL 6892137, at *6 (C.D. Cal. Nov. 22, 2016) (conclusory excessive
force allegations insufficient).

**IV.  <u>Most, if Not All, of Plaintiff's First Amendment Challenges to</u>**
    **<u>the Rules of Decorum Are Legally Insufficient.</u>**

"Citizens are not entitled to exercise their First Amendment
rights whenever and wherever they wish."  <u>Kindt v. Santa Monica Rent</u>
<u>Control Bd.</u>, 67 F.3d 266, 269 (9th Cir. 1995); <u>see Cornelius v. NAACP</u>
<u>Legal Defense and Educ. Fund, Inc.</u>, 473 U.S. 788, 799-800 (1985)
("Nothing in the Constitution requires the Government freely to grant

access to all who wish to exercise their right to free speech on every type of Government property without regard to the nature of the property or to the disruption that might be caused by the speaker's activities.").

City council and committee meetings are "limited public forums," Norse v. City of Santa Cruz, 629 F.3d at 975.  Although citizens "have an enormous first amendment interest in directing speech about public issues to those who govern their city. . . ," a meeting of a city council "is a governmental process with a governmental purpose." White v. City of Norwalk, 900 F.2d 1421, 1425 (9th Cir. 1990).  "The Council has an agenda to be addressed and dealt with."  Id. Accordingly, "the usual first amendment antipathy to content-oriented control of speech cannot be imported into the Council chambers intact."  Id. (footnote omitted).  "A council can regulate not only the time, place, and manner of speech in a limited public forum, but also the content of speech - as long as content-based regulations are viewpoint neutral and enforced that way."  Norse v. City of Santa Cruz, 629 F.3d at 975.  "[I]n dealing with agenda items, the Council does not violate the first amendment when it restricts public speakers to the subject at hand."  Id. (footnote omitted).  "Plainly, public bodies may confine their meetings to specified subject matter. . . ." City of Madison, Joint Sch. Dist. No. 8 v. Wisconsin Employment Relations Comm'n, 429 U.S. 167, 175 n.8 (1976).  "While a speaker may not be stopped from speaking because the moderator disagrees with the viewpoint he is expressing . . . , [the moderator] certainly may stop him if his speech becomes irrelevant or repetitious."  White v. City of Norwalk, 900 F.2d at 1425 (citation and footnote omitted).

"[L]imitations on speech [in limited public forums] must be reasonable and viewpoint neutral, but that is all they need to be." <u>Kindt v. Santa Monica Rent Control Bd.</u>, 67 F.3d at 271; <u>see also</u> <u>Seattle Mideast Awareness Campaign v. King County</u>, 781 F.3d 489, 496 (9th Cir. 2015) ("In limited public forums, content-based restrictions are permissible, as long as they are reasonable and viewpoint neutral.") (citation omitted).

Furthermore, "the nature of a Council meeting means that a speaker can become 'disruptive' in ways that would not meet the test of actual breach of the peace . . . or 'fighting words' likely to provoke immediate combat." <u>White v. City of Norwalk</u>, 900 F.2d at 1246-47 (citations omitted).

> A speaker may disrupt a Council meeting by speaking too
> long, by being unduly repetitious, or by extended discussion
> of irrelevancies. The meeting is disrupted because the
> Council is prevented from accomplishing its business in a
> reasonably efficient manner. Indeed, such conduct may
> interfere with the rights of other speakers.

<u>Id.</u> Accordingly, the Ninth Circuit has held that an ordinance restricting speakers "only when their speech 'disrupts, disturbs or otherwise impedes the orderly conduct of the Council meeting'" is not fatally overbroad. <u>White v. City of Norwalk</u>, 900 F.2d at 1425-26. "An ordinance that governs the decorum of a city council meeting is not facially overbroad if it only permits a presiding officer to eject an attendee for *actually* disturbing or impeding a meeting." <u>Acosta v.</u>

City of Costa Mesa, 718 F.3d at 811 (quoting Norse v. City of Santa Cruz, 629 F.3d at 976) (quotations and brackets omitted; original emphasis).

###### A.  **Facial Challenges**

Under the above authorities, the challenged Rules limiting speakers to the subject matter at hand and limiting irrelevant and repetitious speech are not facially unconstitutional.  See Norse v. City of Santa Cruz, 629 F.3d at 975; White v. City of Norwalk, 900 F.2d at 1246-47.  The Rules prohibiting disruptive conduct at meetings mirror the language the Ninth Circuit has deemed constitutional as against a facial overbreadth attack.  See Acosta v. City of Costa Mesa, 718 F.3d at 811, 815 (qualifiers "disorderly and "disruptive" refer to "actual disruptions of the city proceedings"; Norse v. City of Santa Cruz, 629 F.3d at 976; White v. City of Norwalk, 900 F.2d at 1426 (restriction of speech that "disrupts, disturbs or otherwise impedes the orderly conduct of the Council meeting" not facially overbroad); Hunt v. City of Los Angeles, 2013 WL 12164626, at *4-5 (C.D. Cal. Aug. 18, 2013).  The Rules do not "unnecessarily sweep[] a substantial amount of non-disruptive, protective speech within [their] prohibiting language."  Compare Acosta v. City of Costa Mesa, 718 F.3d at 816 (holding unconstitutional a rule prohibiting "personal, impertinent, profane, insolent or slanderous remarks" at city meetings).

With respect to Plaintiff's facial vagueness attack, "[a]n ordinance is unconstitutionally vague if it fails to provide people of

ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, or if it authorizes or even encourages arbitrary and discriminatory enforcement." Gospel Missions of Am. v. City of Los Angeles, 419 F.3d 1042, 1047 (9th Cir. 2005) (internal quotation marks and citation omitted).  "However, perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." Id. (internal quotation marks and citations omitted).  Under applicable Ninth Circuit authority, the Rules of Decorum challenged here are not unconstitutionally vague.  See White v. City of Norwalk, 900 F.2d at 1426 & n.6 (ordinance restricting speech which "disrupts, disturbs or otherwise impedes the orderly conduct of the Council meeting" not unconstitutionally vague); see also Dowd v. City of Los Angeles, 2013 WL 4039043, at *15 (C.D. Cal. Aug. 7, 2013) (following White v. City of Norwalk; upholding City's Rules of Decorum which City Council had construed to forbid "actual disruption" of meetings).

Finally, Plaintiff has not alleged facts showing how the viewpoint-neutral restriction on the size of signs or similar items constitutes a facial violation of the First Amendment, either on grounds of overbreadth or vagueness.  See Hill v. Colorado, 530 U.S. 703, 733 (2000) ("speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications") (citation and internal quotations omitted); Hunt v. City of Los Angeles, 2013 WL 12164626, at *7-8 (City Council's prohibition on signs in meeting room not unconstitutionally overbroad or vague).

1        **B.   <u>As-Applied Challenges</u>**

2

3        To the extent Plaintiff contends Defendants allegedly violated

4   the First Amendment by refusing to allow Plaintiff to speak on topics

5   not relevant to the subject matter at hand and/or by expelling

6   Plaintiff for actions constituting an actual disruption of the

7   meeting, any such as-applied challenge is insufficient.  <u>See</u> <u>Norse v.</u>

8   <u>City of Santa Cruz</u>, 629 F.3d at 975; <u>White v. City of Norwalk</u>, 900

9   F.2d at 1425.  Furthermore, Plaintiff's allegations that Defendants

10  purportedly violated City Rules do not make out a First Amendment

11  violation.  <u>See e.g.</u>, <u>Kindt v. Santa Monica Rent Control Bd.</u>, 67 F.3d

12  at 271.

13

14       Finally, to the extent Plaintiff asserts a free speech claim or a

15  right to petition claim for damages based on the California

16  Constitution, any such claim is insufficient as a matter of law.  <u>See</u>

17  <u>Acosta v. City of Costa Mesa</u>, 718 F.3d at 823 (citing <u>Degrassi v.</u>

18  <u>Cook</u>, 29 Cal. 4th 333, 336, 127 Cal. Rptr. 2d 508, 58 P.3d 360

19  (2002)).

20

21  **V.  <u>Plaintiff's "Fabrications" Claim Is Insufficient.</u>**

22

23       Plaintiff's "Fabrications" claim is confused.  Plaintiff alleges

24  that Defendants Beck, Soboroff and Johnson "fabricated an 'unlawful

25  assembly,'" but alleges no facts in support of this allegation, which

26  appears to be duplicative of other allegations in the pleading.  The

27  citation to <u>United States v. Koon</u> is unexplained.  The citation to the

28  federal jurisdictional statute is opaque.  Such confusing and

conclusory allegations are insufficient.  See Ashcroft v. Iqbal, 556
U.S. at 678; McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996);
Fed. R. Civ. P. 8(a).

**VI.   Plaintiff's Bane Act Claim Is Insufficient.**

California Civil Code section 52.1(a), part of California's Bane
Act, authorizes the California Attorney General or any district
attorney or city attorney to bring an action for injunctive and other
equitable relief against any person who "interferes by threat,
intimidation, or coercion, or attempts to interfere by threat,
intimidation, or coercion, with the exercise or enjoyment by any
individual or individuals of rights secured by the Constitution or
laws of the United States, or of the rights secured by the
Constitution or laws of this state. . . ."  The Bane Act also
authorizes an individual whose civil rights have been "interfered
with, or attempted to be interfered with, as described in subdivision
(a)," to institute or prosecute an action on his or her own behalf for
damages or injunctive relief.  Cal. Civ. Code § 52.1(b).  The Bane Act
also provides that "[s]peech alone is not sufficient to support an
action brought pursuant to subdivision (a) or (b), except upon a
showing that the speech itself threatens violence against a specific
person or group of persons; and the person or group of persons against
whom the threat is directed reasonably fears that, because of the
speech, violence will be committed against them or their property and
that the person threatening violence had the apparent ability to carry
out the threat."  Cal. Civ. Code § 52.1(j).  Accordingly, "in
evaluating the threatening or coercive conduct, a Court must consider

whether a reasonable person, standing in the shoes of the plaintiff, would have been intimidated by the actions of the defendants and [would] have perceived a threat of violence." Muhammad v. Garrett, 66 F. Supp. 3d 1287, 1296 (E.D. Cal. 2014), aff'd on other grounds, 671 Fed. App'x 982 (9th Cir. 2016), cert. denied, ___ U.S. ___, 2017 WL 1710499 (2017) (internal quotations omitted).

To state a Bane Act claim, a plaintiff must allege: (1) the defendant engaged in intentional interference or attempted interference with a state or federal constitutional or legal right; and (2) the interference or attempted interference was by threats, intimidation or coercion. Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67, 183 Cal. Rptr. 3d 654 (2015). Plaintiff alleges no facts showing that any Defendant assertedly threatened violence against Plaintiff or that Plaintiff supposedly reasonably feared Defendants would inflict violence upon Plaintiff. Furthermore, where coercion is inherent in the constitutional violation alleged, such as an alleged false arrest or unlawful detention, section 52.1 requires a showing of coercion independent from the inherent coercion in the alleged violation. Lyall v. City of Los Angeles, 807 F.3d 1178, 1196 (9th Cir. 2015) (unlawful detention and search); see also Allen v. City of Sacramento, 234 Cal. App. 4th at 69 (false arrest); Shoyoye v. City of Los Angeles, 203 Cal. App. 4th 947, 959-60, 137 Cal. Rptr. 3d 839

///

///

1  (2012) (unlawful detention).[8]  Plaintiff alleges no such independent

2  coercion with respect to the alleged false arrest and wrongful

3  detention.

4

5  **VII. <u>Claim Six Fails to State an Understandable, Cognizable Claim for</u>**

6        **<u>Relief.</u>**

7

8       Claim Six contains only conclusory allegations that Defendants

9  assertedly "detained, harassed, retaliated and discriminated against

10 Plaintiff," caused Plaintiff to be "assaulted and falsely imprisoned"

11 and "maliciously interfered" with Plaintiff's practice of law and

12 "emotionally placed [Plaintiff] in harm by the violent and hateful and

13 intentional violations of the Defendants" (First Amended Complaint, ¶¶

14 44-45).  As indicated above, these confusing and conclusory

15 ///

16 ///

17

18

———————————————

19      [8]    Recently, a California Court of Appeal issued a ruling
20 disagreeing with the interpretation of the Bane Act by the Ninth
   Circuit in <u>Lyall v. City of Los Angeles</u> and by other California
21 Courts of Appeal, including <u>Shoyoye v. City of Los Angeles</u>, with
   respect to the "independent coercion" requirement.  <u>See</u> <u>Cornell</u>
22 <u>v. City and County of San Francisco</u>, ___ Cal. App. 4th ___, 2017
   WL 5495096 (Cal. App. Nov. 17, 2017).  Thus, the California
23 Courts of Appeal are in disagreement on the issue and the
   California Supreme Court has not yet spoken.  In these
24 circumstances, the Ninth Circuit's interpretation of the Bane Act
   in <u>Lyall v. City of Los Angeles</u> remains binding on this Court.
25 <u>See</u> <u>Batts v. Tow-Motor Forklift Co.</u>, 66 F.3d 743, 747, <u>cert.</u>
   <u>denied</u>, 517 U.S. 1221 (1996) (5th Cir. 1995) (District Court is
26 "bound by" Circuit Court's interpretation of state law "absent a
   subsequent state court decision or statutory amendment that
27 rendered [the Circuit Court's] prior decision clearly wrong");
   <u>see also</u>  <u>Zuniga v. United Can Co.</u>, 812 F.2d 443, 450 (9th Cir.
28 1987) ("District courts are, of course, bound by the law of their
   own circuit.").

1  allegations are insufficient under Rule 8.[9]

2

3      Furthermore, any claim for alleged interference with Plaintiff's

4  law practice is insufficient.  The elements of intentional

5  interference with prospective economic advantage are: "(1) an economic

6  relationship between the plaintiff and some third party, with the

7  probability of future economic benefit to the plaintiff; (2) the

8  defendant's knowledge of the relationship; (3) intentional acts on the

9  part of the defendant designed to disrupt the relationship; (4) actual

10 disruption of the relationship; and (5) economic harm to the plaintiff

11 proximately caused by the acts of the defendant." Youst v. Longo, 43

12 Cal. 3d 64, 71, n.6, 233 Cal. Rptr. 294, 729 P.2d 728 (1987).  The

13 tort protects against interference with existing noncontractual

14 business relations, not "the more speculative expectation that a

15 potentially beneficial relationship will eventually arise." Westside

16

17     [9]    The Court rejects Defendants' argument that California
18 Government Code section 815 immunizes the City from suit because
   Plaintiff supposedly has not pleaded any statutory basis for the
19 City's liability on state law claims.  Section 815 provides that
   a public entity is "not liable for an injury, whether such injury
20 arises out of an act or omission of the public entity or a public
   employee or any other person," except as otherwise provided by
21 statute.  California Government Code section 815.2(a), a statute,
   makes a public entity liable "for injury proximately caused by an
22 act or omission of an employee of the public entity within the
   scope of his employment if the act or omission would, apart from
23 this section, have given rise to a cause of action against that
   employee or his personal representative."  Thus, section 815.2(a)
24 provides the requisite statutory authority upon which to base the
   liability of a public entity.  See Hoff v. Vacaville Sch. Dist.,
25 19 Cal. 4th 925, 932, 80 Cal. Rptr. 2d 811, 968 P. 2d 522 (1993);
   Garcia v. City of Merced, 637 F. Supp. 2d 731, 746-67 (E.D. Cal.
26 2008).  Plaintiff expressly cites section 815.2 in title of the
   Seventh Claim for Relief.  A public entity is not liable for an
27 injury resulting from an act or omission of an employee who is
   immune from liability, however.  Cal. Gov't Code § 815.2(b).
28 Because the parties do not address state immunities, the Court
   does not reach this potential issue.

<u>Center Assoc. v. Safeway Stores 23, Inc.</u>, 42 Cal. App. 4th 507, 49 Cal. Rptr. 2d 793 (1996) (footnote omitted).  To state a claim for interference with a prospective economic advantage, the plaintiff must allege facts showing that the defendant interfered with the plaintiff's relationship with a particular individual or entity.  <u>Tsai v. Wang</u>, 2017 WL 2587929, at *9 (N.D. Cal. June 14, 2017).  Vague allegations of alleged interference with Plaintiff's "business of law practice" plainly are insufficient.

**ORDER**

The Motion to Dismiss is granted in part.  Plaintiff's facial First Amendment challenges to the Rules of Decorum, his Second Amendment claim, his Eighth Amendment claims and his state constitutional and Brown Act claims for damages are dismissed without leave to amend and with prejudice.  The First Amended Complaint otherwise is dismissed with leave to amend.

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a Second Amended Complaint.  Any Second Amended Complaint shall be complete in itself and shall not refer in any manner to any prior complaint.  Plaintiff may not assert in the Second Amended Complaint claims dismissed without leave to amend in this Order.  Plaintiff may not add Defendants without leave of court.  <u>See</u> Fed. R. Civ. P. 21.  Failure to file a timely Second Amended Complaint may result in the dismissal of this action.  <u>See</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir. 2002), <u>cert. denied</u>, 538 U.S. 909 (2003) (court may

dismiss action for failure to follow court order); Simon v. Value
Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234
F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001),
overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th
Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without
leave to amend where plaintiff failed to correct deficiencies in
complaint, where court had afforded plaintiff opportunities to do so,
and where court had given plaintiff notice of the substantive problems
with his claims); Plumeau v. School District #40, County of Yamhill,
130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend
appropriate where further amendment would be futile).

        DATED: March 12, 2018.

                              _____
                                     JOSEPHINE L. STATON
                              UNITED STATES DISTRICT JUDGE


PRESENTED this 7th day
of December, 2017, by:


_____
          /s/
      CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE